IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

| | |
|---|---|
| D'MONTERRIO GIBSON | PLAINTIFF |
| | Civil Action No.: 3:23-cv-54 DPJ-FKB |
| V. | |
| FEDERAL EXPRESS CORPORATION, CITY OF BROOKHAVEN, MISSISSIPPI, CHIEF KENNY COLLINS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, BRANDON CASE, and GREGORY CASE | DEFENDANTS |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**COME NOW** Defendants, the City of Brookhaven, Mississippi and Chief Kenny Collins, in his Official and Individual Capacity ("the Brookhaven Defendants"), by and through their attorneys at law, and pursuant to Fed. R. Civ. P. 12(b)(6) and files this, their Memorandum in Support of Motion to Dismiss, and would state unto the Court, as follows:

I.   INTRODUCTION

Plaintiff's Complaint is nothing more than a publicity suit, and it is not intended to, nor does it state a plausible federal claim against either of the Brookhaven Defendants.[1]  It should be

---

[1] *See e.g.* https://www.wjtv.com/news/local-news/former-fedex-driver-files-lawsuit-against-brookhaven-police-chief-others/ (last visited March 18, 2023); https://www.mississippifreepress.org/30495/black-driver-sues-fedex-brookhaven-police-chief-men-accused-of-shooting-at-him (last visited March 18, 2023); https://hattiesburgpatriot.com/area-news/black-driver-sues-fedex-brookhaven-police-chief-men-accused-of-shooting-at-him/(last visited March 18, 2023); https://www.dailyleader.com/2023/01/23/ex-fedex-driver-sues-city-others-for-5m/ (last visited March 18, 2023); https://www.miamiherald.com/news/nation-world/national/article271636072.html (last visited March 18,

1

immediately dismissed. Additionally, because all the Plaintiff's claims against the Defendants are frivolous, the Defendants should be awarded their attorneys' fees and expenses.[2]

Plaintiff alleges that he was assaulted by two men while driving a FedEx truck. He has filed a Section 1981 racial discrimination claim against his employer FedEx for the way it allegedly handled his employment in the wake of this assault. He also alleges various claims against the Brookhaven Defendants- including a claim against Chief Collin's for his alleged failure to prosecute the assailants fast enough. But "[i]t is well established . . . that a victim has no standing under Article III of the Constitution to bring suit to demand the prosecution of his perpetrator."[3] He alleges no federal law claim against the City of Brookhaven at all. Accordingly, he has no standing to bring claims against these defendants in federal court.

Moreover, this Court cannot, and should not, exercise supplemental jurisdiction over the remaining state law claims pled as they do not arise from a common nucleus fact with the Section 1981 racial discrimination claim against FedEx.[4] Regardless, Plaintiff's state law claims are meritless. For all these reasons, the Brookhaven Defendants should be dismissed, and attorney's fees assessed.

## II.    FACTS AS PLED IN THE COMPLAINT

Accepting as true for the sake of this motion, the relevant facts as pled by the Plaintiff are that he, D'Monterrio Gibson, was employed as a FedEx driver, when he was assaulted by

---

2023); https://www.bet.com/article/3ka89x/black-driver-sues-fedex-brookhaven-police-chief-and-men-accused-of-shooting-at-him (last visited March 18, 2023).

[2] The Fifth Circuit recently made clear that groundless Section 1983 claims warrant substantial attorneys' fees in favor of defendants. *See Loftin v. City of Prentiss*, 33 F.4th 774, 783 (5th Cir. May 12, 2022).

[3] *Lefebure v. D'Aquilla*, 987 F.3d 446, 448-49 (5th Cir. 2021) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)) ("Whether framed as a lack of standing or a lack of any right to sue as a matter of substantive law, courts consistently reach the same judgment as in *Linda R.S.*—that plaintiffs may not file suit to secure the prosecution of another person.")(emphasis added).

[4] Notably, the Plaintiff does not even invoke 28 U.S.C. §1367 as a basis for the Court's jurisdiction. *See* **[Doc. 1 at ¶7]**.

Defendants Brandon and Gregory Case on January 24, 2022.[5] This occurred in the City of Brookhaven in Lincoln County, Mississippi.[6]

Mr. Gipson was delivering packages for FedEx in a Brookhaven neighborhood, when he noticed a white truck speeding towards him from behind.[7] The truck was driven by Gregory Case.[8] Gregory Case sped past Mr. Gipson to cut him off, but Mr. Gipson was able to maneuver his work truck around Gregory Case and his passenger, Brandon Case, and continue driving.[9] At this point, Brandon Case began waiving a firearm at Mr. Gipson motioning for Mr. Gipson to stop.[10] Mr. Gipson refused.[11] Brandon Case then fired shots at him while he was trying to get to safety and the Cases chased Mr. Gipson throughout the neighborhood and to a nearby interstate.[12]

Mr. Gipson traveled to an area where he felt safe, called his supervisor, and then called the police.[13] Because his FedEx supervisor did not want to call the police until the next day, Mr. Gipson traveled to the Brookhaven Police Department (BPD) on his own to make a report.[14] A BPD officer took down notes, told Mr. Gipson that he would give them to his supervisor, Chief Collins, in the morning, and asked that Mr. Gipson return with his supervisor the next day.[15]

Mr. Gipson then returned to FedEx.[16] A FedEx employee inspected the van and took photos.[17] She saw bullet holes inside the back of the van and in the packages and found a bullet

---

[5] **[Doc. 1 at ¶9]**.
[6] *Id.* at ¶9, ¶12.
[7] *Id.* at ¶¶12-13.
[8] *Id.* at ¶12.
[9] *Id.* at ¶14.
[10] *Id.* at ¶15.
[11] *Id.* at ¶15.
[12] *Id.* at ¶¶16-17.
[13] *Id.* at ¶¶18-19.
[14] *Id.* at ¶20.
[15] *Id.*
[16] *Id.* at ¶21.
[17] *Id.* at ¶22.

fragment.[18] When Mr. Gipson returned to work the next day, he was given an official FedEx vehicle and was asked to not speak with any news outlets.[19] He was also assigned the same route as the day before, which included the Cases' neighborhood.[20] He tried to complete his route but experienced severe panic and anxiety and was uncomfortable working.[21]

That same day, Mr. Gipson and a supervisor returned to BPD to give a statement.[22] BPD then took Mr. Gipson to the scene of the incident where he waited in the police vehicle "as police officials (sic) with individuals in the area about the incident."[23]

After Mr. Gipson was done at the BPD, he returned to FedEx where he was asked to start his route.[24] He again told his supervisor he was uncomfortable.[25] The next day he began medical leave for severe anxiety.[26]

"Despite Mr. Gipson filing claims against Defendants Case, Defendant City and Chief Collins did not make an arrest until much later."[27] "In fact, Defendants City and Chief Collins gave Defendants Case time to turn themselves in, which was eight (8) days later."[28] "Defendants Cases were only in custody for approximately one (1) hour."[29] Mr. Gipson alleges that Defendant Brandon Case was charged with aggravated assault, and Defendant Gregory Case was charged with conspiracy but complains that both Defendants were released on bond the same day.[30]

---

[18] *Id.*
[19] *Id.* at ¶23.
[20] *Id.*
[21] *Id.* at ¶24.
[22] *Id.* at ¶25.
[23] *Id.*
[24] *Id.* at ¶26.
[25] *Id.*
[26] *Id.* at ¶27.
[27] *Id.* at ¶28.
[28] *Id.*
[29] *Id.*
[30] *Id.*

Mr. Gipson also states that since the Cases' release on bond, Defendants City and Chief Collins have delayed the process of securing justice for him.[31] He alleges that Chief Collins intentionally delayed justice for Plaintiff by delaying the presentation of critical evidence and documentation pertinent to the instant matter on January 24, 2022, for nearly ten months and that he failed to properly investigate the crimes allegedly committed by the Defendants Brandon and Gregory Case.[32] Mr. Gipson also makes the lone allegation that "Chief Collins assaulted Plaintiff at a peaceful rally after the shooting"[33] but provides no additional information.

### III.  STANDARD FOR MOTION TO DISMISS

Standing to sue is a jurisdictional matter that is a threshold requirement in every federal action.[34] Standing must be present at the time the suit is brought.[35] The party invoking federal jurisdiction has the burden of establishing that it has standing in order for the court to exercise jurisdiction over the case.[36] Because standing is a jurisdictional issue, it can be raised by the opposing party at any time or by the court *sua sponte*.[37] If the court finds that the plaintiff lacks standing, the court must dismiss the action for lack of jurisdiction.[38]

Federal courts are courts of limited jurisdiction which possess only that power authorized by Constitution and statute.[39] "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception."[40]

---

[31] *Id.* at ¶29.
[32] *Id.*
[33] *Id.* at ¶36.
[34] *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000).
[35] *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993).
[36] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).
[37] *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994).
[38] *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975).
[39] *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429, 435 (5th Cir. 2019).
[40] *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).

When a motion to dismiss for lack of subject-matter jurisdiction "is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[41]  Further, where a complaint could be dismissed under Rule 12(b)(1) or 12(b)(6), "the court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim . . . ."[42]

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.[43]  Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."[44]  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[45]  The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully."[46]

The standard is properly guided by "[t]wo working principles."[47]  First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by

---

[41] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[42] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).
[43] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[44] *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007).
[45] *Id.* at 570.
[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[47] *Id.*

mere conclusory statements, do not suffice."[48]  Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[49]  Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[50]

### V. CLAIMS AS PLED IN THE COMPLAINT

The Plaintiff pleads the following causes of action against the City of Brookhaven Defendants: (1) state law claims of civil assault and battery against Chief Kenny Collins; (2) state law claims of Negligent/ Intentional Infliction of Emotional Distress against both Defendants; (3) "Civil" Obstruction against Chief Kenny Collins.

Mr. Gipson also filed a §1981 Racial Discrimination claim against his employer, Fed Ex.

### VI.  ARGUMENT

Here, there can be no doubt that this Court should dismiss the City of Brookhaven Defendants.  Whether this Court analyzes the Complaint for a lack standing or a failure to plead a plausible claim, Plaintiff is doomed either way.[51]  First, this Court does not have federal

---

[48] *Id.* at 678.
[49] *Id.* at 679.
[50] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[51] Mr. Gipson chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). If he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

jurisdiction over either Defendant, because Mr. Gipson did not plead a federal claim against the City of Brookhaven and the federal claim he attempted to plead against Chief Collins does not exist. Next, this Court cannot exercise supplemental jurisdiction over the remaining state law claims as they do not derive from a "common nucleus of operative facts" as his §1981 racial discrimination claim against FedEx. Even if it could, it should decline to do so. Finally, his state law claims fail as a matter of law. For all these reason, dismissal with prejudice is appropriate.

### A. No Plausible Federal Claim Against Either Brookhaven Defendant.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"[52] They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[53] Here, there is no federal claim asserted against either City of Brookhaven Defendant, therefore, this limited jurisdiction cannot arise from 28 USC §1331.[54]

Mr. Gipson does not even attempt to plead a federal claim against the City of Brookhaven.[55] Instead, he alleges the state law claims of Negligent/ Intentional Infliction of Emotional Distress.[56] As to Chief Collins, Mr. Gipson makes a claim for "civil obstruction".[57] Nowhere, does Mr. Gipson specify whether this is a state law claim or a federal law claim.[58] But construing the Complaint liberally, if he purports to state a federal law claim, it fails. "It is well established . . . that a victim has no standing under Article III of the Constitution to bring suit to demand the

---

[52] *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))
[53] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[54] The only basis for jurisdiction asserted in the plaintiff's complaint is federal jurisdiction, 28 USC 1334 (bankruptcy) and 28 USC 2202 (declaratory judgment). **[Doc. 1 at ¶7].**
[55] *See* **[Doc. 1]** *generally*.
[56] **[Doc. 1 at ¶¶38-40].**
[57] *Id.* at ¶¶44-46.
[58] *See* **[Doc. 1]** *generally*.

prosecution of his perpetrator."[59] The same result is true whether the Plaintiff's case is framed as a failure to investigate or a failure to prosecute.[60] "There is no legal basis for such a claim in the Fifth Circuit."[61] This is because "a private citizen does "not have a constitutional right to compel a criminal prosecution."[62]  As this Court stated in *Madden v. Harrison County*, 2010 U.S. Dist. LEXIS 29747, 2010 WL 1238972, at *4 (S.D. Miss. Feb. 25, 2010), "Criminal statutes can neither be enforced by civil action nor by private parties."[63] Because this Court has no basis for asserting federal jurisdiction over either Brookhaven Defendant, it should dismiss them from this action.

### B.  No Supplemental Jurisdiction based on the §1981 Claim.

Here, the only federal claim that Mr. Gipson explicitly referenced is his Section 1981 racial discrimination claim against FedEx.  This is not enough for the Court to exercise supplemental jurisdiction over his state law claims against the Brookhaven Defendants. Supplemental jurisdiction is codified at 28 U.S.C. § 1367. Section 1367 gives courts discretion to exercise jurisdiction over pendant state law claims when: "(1) federal question jurisdiction is proper, and (2) the state law claims derive from a common nucleus of operative facts."[64] While it

---

[59] *Lefebure v. D'Aquilla,* 987 F.3d 446, 448-49 (5th Cir. 2021) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619(1973)) ("Whether framed as a lack of standing or a lack of any right to sue as a matter of substantive law, courts consistently reach the same judgment as in *Linda R.S.*—that plaintiffs may not file suit to secure the prosecution of another person.").
[60] *Cano v. Garcia*, 2021 U.S. Dist. LEXIS 116904, 2021 WL 2582581, *14-15 (W.D. Tex. June 22, 2021).
[61] *Id.*(citing *Shields v. Twiss,* 389 F.3d 142, 150-51 (5th Cir. 2004)("Regarding Shields's 'unreasonable investigation' claim, Shields has pointed to no legal basis for a *§ 1983* action of this sort, and the court knows of none.").
[62] *Warner v. Ledbetter*, 2018 U.S. Dist. LEXIS 218892, *8 (S.D. Miss. 2018)*(*citing *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citations omitted); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990)).
[63] Id. (citation omitted). See also, *Payne v. Jefferson Parish Sheriff's Dep't*, No. 14-225, 2014 U.S. Dist. LEXIS 34339, 2014 WL 1154482, *2 (E.D. La. 2014) (citations omitted) ("victim of a crime has no constitutionally protected interest in the prosecution or pursuit of a perpetrator," nor any constitutional right "to have criminal charges investigated or brought against another individual;" *Oliver*, 904 F.2d at 28 ("decision to file or not file criminal charges ... will not give rise to section 1983 liability").
[64] *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012).

may be questionable if Mr. Gipson has even properly pled a Section 1981 racial discrimination claim such that federal jurisdiction is even proper, [65] assuming for the moment that he has, it is certainly clear that his alleged state law claims against the Brookhaven Defendants do not arise from a common nucleus of operative facts with that claim.

### a. No Common Nucleus of Operative Facts

Here, the state law claims against the Brookhaven Defendants are (1) assault and battery against Chief Kenny Collins; (2) Negligent/ Intentional Infliction of Emotional Distress against both Defendants; (3) possibly "Civil" Obstruction against Chief Kenny Collins. Federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"[66] It is clear that is not the case here.

Mr. Gipson's race discrimination case against his employer requires him to prove: (1) he belongs to a racial minority; (2) Defendants intentionally discriminated against him on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.[67] While these issues may, tangentially, relate to the issues surrounding January 24, 2022- they do not involve questions of whether Chief Kenny Collins allegedly assaulted him at a

---

[65] To state claim for discrimination under Section 1981, Plaintiff must show (1) he belongs to a racial minority; (2) Defendants intentionally discriminated against him on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *See Body by Cook, Inc. v. State Farm Mutual Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). In addition, Plaintiff must allege "but-for" causation, i.e., that but for his race, he would not have suffered the complained-of loss. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Here, it is unclear what Plaintiff's "complained of loss is" or how FedEx discrimination concerned one or more of the activities enumerated in the statute him. Additionally, while an allegation that similarly situated non-minorities received better treatment could create the necessary inference and set the predicate for establishing the section 1981 claim," Plaintiff does not even make such an allegation. *Body by Cook*, 869 F.3d at 386.
[66] *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 164-165 (1997).
[67] *See Body by Cook, Inc. v. State Farm Mutual Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

"peaceful rally after the shooting", whether the Brookhaven Defendants allegedly intentionally or negligently emotionally distressed him by not prosecuting/ investigating/ arresting the Cases quickly enough, or whether Chief Collins allegedly "civilly obstructed" the criminal prosecution/ investigation of the Cases. None of these state law claims have anything to do with Mr. Gipson and FedEx's employee/employer relationship.  As such, there is no basis for this Court to exercise supplemental jurisdiction over those state law claims.

### b.  Should Not Exercise Supplemental Jurisdiction

Even if there was a basis, this Court should decline to do so.  The Fifth Circuit holds that district courts have "wide discretion" to decline to exercise supplemental jurisdiction over state law claims.[68]  Moreover pursuant to Section 1367 (c) "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [and] (3) the district court has dismissed all claims over which it has original jurisdiction." As to the Brookhaven Defendants, all these factors apply.

### C.  State Law Claims Fail Regardless.

Plaintiff's state law claims fail regardless.  As to the claims against Chief Collins, Plaintiff's claim for assault and battery must fail as it does not state a plausible claim for relief. The sum of the allegation against Chief Collins is that "Chief Collins assaulted Plaintiff at a peaceful rally after the shooting."[69]  That does not state a claim under *Twombly*.  Although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by

---

[68] *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999).
[69] **[Doc. 1 at ¶36].**

mere conclusory statements."[70]  This is no more than a legal conclusions and is not entitled to the assumption of truth. Therefore, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[71] And it must be dismissed.

The Plaintiff's state law claim of "civil obstruction" fairs no better than his federal one. The Mississippi obstruction of justice criminal statute does nor afford a private right of action, to anyone.[72]  But especially in this scenario, where Chief Collins would be acting within his role as a governmental employee and would be afforded the protections of the Mississippi Tort Claims Act.[73] Plaintiff's bars to suit under the MTCA are innumerable:  including failure to give notice of this claim,[74] deficiencies in the notice he did give,[75] failure to wait the statutorily required time period between giving notice and filing suit,[76] and failure to allege that Chief Collins was acting in *any* way which would waive MTCA protection.[77] All of these are bars to the Plaintiff's claim.[78]

Plaintiff's state law claims against the City of Brookhaven for negligent infliction of emotional distress are also precluded by the MTCA.[79]  In addition to the procedural bars addressed *supra*, namely the deficiencies in his notice and his failure to wait the required period before filing suit, Plaintiff's pleadings also fail to allege a claim. For his negligent-infliction-of-emotional-distress claim, the Plaintiff was required "to plead [] some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the

---

[70] *Guzzino*, 191 F.3d at 595.
[71] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[72] *Crosby v. Hariel*, 673 Fed. Appx. 397, 400 (5th Cir. 2016).
[73] *Miss. Code Ann*. §11-46-7.
[74] *See* Ex. 1- Notice of Claim- no mention of "civil obstruction."
[75] *Miss. Code Ann*. §11-46-11.
[76] *See* Ex. 1, dated 1/17/23 and suit filed on 1/20/23.
[77] *Miss. Code Ann*. §11-46-9(1).
[78] Plaintiff's claims against the hospital were dismissed for failure to comply with the MTCA's strictly-construed pre-suit notice requirement. *Glaskox v. George Cnty. Hosp.*, 2016 U.S. Dist. LEXIS 100223 (S.D. Miss. Aug. 1, 2016).
[79] *See Mark v. City of Hattiesburg*, 2019 Miss. App. LEXIS 2, *9 (Miss. Ct. App. 2019)(negligent infliction of emotional distress covered under  MTCA).

defendant."[80] Here, the only "harm" pled by the Plaintiff was "severe pain and anxiety from the subject incident."[81] He does not plead any *facts* which would show that there was an injury, that the City of Brookhaven was the cause of it, or that this injury would have been reasonably foreseeable to the City.

Finally, Plaintiff's claim for intentional infliction of emotional distress also fails. While not governed by the MTCA, a claim for intentional infliction of emotional distress requires:(1) The defendant acted willfully or wantonly toward the plaintiff by committing certain described actions; (2) [t]he defendant's acts are ones 'which evoke outrage or revulsion in civilized society'; (3)[t]he acts were directed at, or intended to cause harm to, the plaintiff; (4) [t]he plaintiff 'suffered severe emotional distress as a direct result of the acts of the defendant'; and (5) '[s]uch resulting emotional distress was foreseeable from the intentional acts of the defendant.'"[82]

Here, the Plaintiff has pled no such facts. Plaintiff pled that he was assaulted.[83] He made a complaint to a City of Brookhaven police officer who within one day passed it up to the Chief of Police.[84] The very next day, Plaintiff and officers were on scene investigating the alleged assault.[85] A mere one week later, the Defendants turned themselves in, were charged with serious felonies, and their bond was set.[86] Plaintiff further complains that "justice" and "investigation" was delayed by ten months.[87] As demonstrated above, neither of those complaints are actionable

---

[80] *Orr v. Morgan*, 230 So. 3d 368, 377 (Miss. Ct. App. 2017) (internal quotation marks omitted).
[81] **[Doc. 1 at ¶24].**
[82] *Orr*, 230 So. 3d at 375-76 (quoting *Rainer v. Wal-Mart Assocs. Inc.*, 119 So. 3d 398, 403-04 (Miss. Ct. App. 2013)).
[83] **[Doc. 1 at ¶16].**
[84] *Id.* at ¶20.
[85] *Id.* at ¶25.
[86] *Id.* at ¶28.
[87] *Id.* at ¶29.

under the law. None of these acts are ones which would evoke outrage in civilized society. Nor were they directed at or intended to cause harm to the Plaintiff.

## VI.  CONCLUSION

This Court should dismiss the Complaint against the City of Brookhaven Defendants and, because it was frivolous, award the Defendants their attorney fees and expenses.

**RESPECTFULLY SUBMITTED,** this the 20th day of March, 2023.

**JACKS | GRIFFITH | LUCIANO, P.A.**

By:    /s/ ***Bethany A. Tarpley***
Bethany A. Tarpley, MS Bar No. 104134
*Attorney for the Brookhaven Defendants*

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: btarpley@jlpalaw.com
          dgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

      I, Bethany A. Tarpley, attorney of record for Defendants City and Collins, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum in Support of Motion to Dismiss* to be delivered by the ECF Filing System which gave notice to the following:

Carlos E. Moore, Esq.
The Cochran Firm
Email: carlos@tuckermoorelaw.com
**Attorney for Plaintiff**

John Scarborough, Esq.
Kannan Stubbs, Esq.
Stubbs Law Firm
Email: kannan@stubbsms.com
**Attorneys for Gregory Case**

      **DATED** this 20th day of March, 2023.

                                       /s/ ***Bethany A. Tarpley***
                                       Bethany A. Tarpley