# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

D'Monterrio Gibson,

    Plaintiff

vs.                                                Cause No. 3:23-cv-54-DPJ-FKB

Federal Express Corporation, City of
Brookhaven, Mississippi, Chief Kenny
Collins, in his Individual and Official
Capacity, Brandon Case, and Gregory Case,

    Defendants.

## DEFENDANT GREGORY CASE'S ANSWER TO COMPLAINT

COMES NOW, Defendant, Gregory Case by and through counsel and files his answer and affirmative defenses to Plaintiff, D'Monterrio Gibson's Complaint, as follows:

## FIRST DEFENSE

The Complaint fails to state a claim or cause of action for damages against this Defendant upon which relief may be granted and same should therefore be dismissed with prejudice.

## SECOND DEFENSE

Defendant invokes all rights and privileges under the provisions of the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution against self-incrimination.

## THIRD DEFENSE

## ANSWER TO SPECIFIC ALLEGATIONS IN THE COMPLAINT

COMES NOW, Defendant, Gregory Case and without waiving his right to first be heard on any of his defenses or affirmative defenses and expressly reserving and preserving all

jurisdictional and procedural defenses, which may be available to him or in his favor, pursuant to Fed. R. Civ. P. Rule 12, and responds to the allegations of the Complaint, paragraph by paragraph. All allegations not expressly admitted in this answer are denied. This Defendant's admissions are confined to the exact language in his answer and to the extent that any response varies from the wording of the allegations of the Complaint, those allegations are denied.

## PARTIES

1. Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint and, as such, denies the allegations for lack of information.

2. Defendant is without sufficient information to admit or deny the allegations in paragraph 2 of the Complaint and, as such, denies the allegations for lack of information.

3. Defendant is without sufficient information to admit or deny the allegations in paragraph 3 of the Complaint and, as such, denies the allegations for lack of information.

4. Defendant is without sufficient information to admit or deny the allegations in paragraph 4 of the Complaint and, as such, denies the allegations for lack of information.

5. Defendant denies the allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The allegations contained in paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the same.

8. The allegations contained in paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the same.

**STATEMENT**

9. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 9 of the Complaint.

**FACTS**

10. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 10 of the Complaint.

11. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 11 of the Complaint.

12. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 12 of the Complaint.

13. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 13 of the Complaint.

14. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3,

Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 14 of the Complaint.

15. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 15 of the Complaint.

16. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 16 of the Complaint.

17. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 17 of the Complaint.

18. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 18 of the Complaint.

19. Defendant is without sufficient information to admit or deny the allegations in paragraph 19 and, as such, denies the allegations for lack of information.

20. Defendant is without sufficient information to admit or deny the allegations in paragraph 20 and, as such, denies the allegations for lack of information.

21. Defendant is without sufficient information to admit or deny the allegations in paragraph 21 and, as such, denies the allegations for lack of information.

22. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 22 of the Complaint.

23. Defendant is without sufficient information to admit or deny the allegations in paragraph 23 and, as such, denies the allegations for lack of information.

24. Defendant is without sufficient information to admit or deny the allegations in paragraph 24 and, as such, denies the allegations for lack of information.

25. Defendant is without sufficient information to admit or deny the allegations in paragraph 25 and, as such, denies the allegations for lack of information.

26. Defendant is without sufficient information to admit or deny the allegations in paragraph 26 and, as such, denies the allegations for lack of information.

27. Defendant is without sufficient information to admit or deny the allegations in paragraph 27 and, as such, denies the allegations for lack of information.

28. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 28 of the Complaint.

29. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 29 of the Complaint.

30. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3,

Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 30 of the Complaint.

## FIRST CAUSE OF ACTION

### (42 U.S.C. §1981 Intentional Racial Discrimination)

Answering Defendant adopts, reaffirms and incorporates by reference as if fully set forth herein all prior answers and defenses to Plaintiff's Complaint.

31. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint are not directed to Defendant, Gregory Case and therefore no response is required. However, to the extent the allegations of paragraph 32 of the Complaint attempt to impose or imply liability on the part of Defendant, Gregory Case, same are denied.

33. The allegations contained in paragraph 33 of the Complaint are not directed to Defendant, Gregory Case and therefore no response is required. However, to the extent the allegations of paragraph 33 of the Complaint attempt to impose or imply liability on the part of Defendant, Gregory Case, same are denied.

34. The allegations contained in paragraph 34 of the Complaint are not directed to Defendant, Gregory Case and therefore no response is required. However, to the extent the allegations of paragraph 34 of the Complaint attempt to impose or imply liability on the part of Defendant, Gregory Case, same are denied.

## SECOND CAUSE OF ACTION
### (Civil Assault & Battery against Brandon & Gregory Case and Chief Kenny Collins)

Answering Defendant adopts, reaffirms and incorporates by reference as if fully set forth herein all prior answers and defenses to Plaintiff's Complaint.

35. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 35 of the Complaint.

36. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 36 of the Complaint.

37. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 37 of the Complaint.

## THIRD CAUSE OF ACTION
### (Negligent/Intentional Infliction of Emotional Distress against all Defendants)

Answering Defendant adopts, reaffirms and incorporates by reference as if fully set forth herein all prior answers and defenses to Plaintiff's Complaint.

38. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 38 of the Complaint.

39. To preserve Defendant, Gregory Case's rights and privileges against self-

incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 39 of the Complaint.

40. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 40 of the Complaint.

## FOURTH CAUSE OF ACTION
**(General/Gross Negligence against Brandon & Gregory Case)**

Answering Defendant adopts, reaffirms and incorporates by reference as if fully set forth herein all prior answers and defenses to Plaintiff's Complaint.

41. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 41 of the Complaint.

42. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 42 of the Complaint.

43. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 43 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Civil Obstruction of Justice against Kenny Collins)

Answering Defendant adopts, reaffirms and incorporates by reference as if fully set forth herein all prior answers and defenses to Plaintiff's Complaint.

44. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 44 of the Complaint.

45. The allegations contained in paragraph 45 of the Complaint are not directed to Defendant, Gregory Case and therefore no response is required. However, to the extent the allegations of paragraph 45 of the Complaint attempt to impose or imply liability on the part of Defendant, Gregory Case, same are denied.

46. To preserve Defendant, Gregory Case's rights and privileges against self-incrimination provided by the Fifth Amendment to the United States Constitution, and Article 3, Section 26 of the Mississippi Constitution, Defendant asserts, by and through counsel, a general denial of the allegations in paragraph 46 of the Complaint.

Defendant denies the last unnumbered paragraph of the Complaint, which begins, **"WHEREFORE"**. This Defendant specifically denies any and all other allegations of the Complaint not previously addressed.

**AND NOW,** having fully answered the individual allegations of Plaintiff's Complaint, paragraph by paragraph, including unnumbered paragraphs, and at this early stage in these proceedings, in order to fully preserve defenses available to this Defendant, and without waiving other defenses, this Defendant pleads, as follows:

## FOURTH DEFENSE

This Defendant gives notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery; and thus, this Defendant reserves the right to amend his answer to assert any such defenses.

## FIFTH DEFENSE

The facts not having been fully developed, Defendant invokes all rights and remedies of §97-3-15(3) & (5) of the Mississippi Code.

## SIXTH DEFENSE

The Defendant invokes all rights and remedies of §85-5-7 of the Mississippi Code.

## SEVENTH DEFENSE

The facts having not been fully developed, Defendant, Gregory Case, pleads the following affirmative defenses as may be applicable to this action: Plaintiff's failure to mitigate damages or take reasonable steps to avoid damages and to exercise ordinary care; election of remedies; accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; and any other matter constituting an avoidance or affirmative defense, including any defense or motions available to Defendant, Gregory Case, pursuant to Fed. R. Civ. P. 12(b) such as lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted. Defendant, Gregory Case, further reserves the right to assert any additional affirmative defenses that may be deemed applicable as discovery progress.

## EIGHTH DEFENSE

Defendant asserts and pleads the applicable provisions of Miss. Code Ann. § 11-1-65,

which pertain to the imposition of punitive damages.

### NINETH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to Defendant under the Constitution of the State of Mississippi and the Constitution of the United State of American including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there is no consistent application by the trial court or appellate review to constitutionally confirm or limit any punitive damage award, and imposition would allow a verdict tainted by passion and prejudice.

### TENTH DEFENSE

Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution. If consideration of punitive damages is to be allowed, then the standard of proving the same, as provided in Miss. Code Ann. § 11-1-65 must be clear and convincing evidence.

### ELEVENTH DEFENSE

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of Article III, Section 14 of the Constitution of the State of Mississippi. If consideration of punitive damages is to be allowed, then the standard of proving the same, as provided in Miss. Code Ann. § 11-1-65 must be by clear and convincing evidence.

### TWELFTH DEFENSE

The procedure or standards governing imposition of punitive damages are impermissible, vague, arbitrary, and improper or violate the Due Process Clause both of the Constitution of the

United States of America and the Constitution of the State of Mississippi. Further, the procedures and standards governing the imposition of punitive damages are penal in nature, and consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendant.

**THIRTEENTH DEFENSE**

Defendant pleads all of the procedural safeguards for which he is entitled to as pronounced and provided by the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 121 S. Ct. 1678 (2001), including but not limited to the following: (1) the right to have the court (as finder of law), and not the finder of fact, determine whether punitive damages should be awarded and the amount, if any, of such damages to be awarded and (2) the right to have any award of punitive damages which may be made against him, if any at all, be subject to *de novo* review by either the trial court or an applicable appeals court, including the United States Supreme Court.

**FOURTEENTH DEFENSE**

Defendant specifically invokes the provisions of Miss. Code Ann. § 11-1-69, and asserts all defenses, rights, privileges and immunities to which he is entitled thereunder.

**FIFTEENTH DEFENSE**

Defendant avers and gives notice that he will raise, as an affirmative defense herein, that Plaintiff's request for punitive damages is in violation of the Eighth Amendment to the United States Constitution. Furthermore, Defendant would state that the facts herein do not give rise to such damages, and as a consequence, Plaintiff's claim for punitive damages is without justification. Consequently, Defendant hereby requests that Plaintiff voluntarily dismiss this claim. If the punitive damage claim is not voluntarily dismissed within a reasonable time, Defendants will seek sanctions pursuant to the Mississippi Litigation Accountability Act of 1998

and Miss. R. Civ. P. 11.

## SIXTEENTH DEFENSE

Plaintiff is barred from recovery to the extent the alleged injuries and damages were caused by the intervening and superseding actions of third persons or other parties or entities.

## SEVENTEENTH DEFENSE

To the extent that the negligence of Plaintiff was a proximate cause, either in whole or in part, of Plaintiff's alleged damages, Defendant would affirmatively plead that Plaintiff's recovery should be apportioned to the degree to which the negligence of Plaintiff contributed to Plaintiff's damages, if any, pursuant to the Mississippi law of comparative negligence and Miss. Code Ann. §11-7-15.

## EIGHTEENTH DEFENSE

Defendant reserves the right to place a non-party (or non-parties) on the verdict form at trial as a joint tortfeasor and affirmatively alleges that the judgment should entered by this Court on the basis of comparative negligence of the non-party's (or non-parties') own negligence.

## NINETEENTH DEFENSE

The claims against the Defendant may be barred or any verdict must be reduced to the extent Plaintiff or anyone acting on his behalf failed to mitigate damages pursuant to the doctrine of avoidable consequences.

## TWENTIETH DEFENSE

Plaintiff's claims for non-economic damages are subject to the maximum limit provided in Miss. Code Ann. §11-1-60 and/or any other Tort Reform Legislation or caps on damages as provided by Mississippi law. Defendant hereby requests this Court to take such measures as may be necessary to appropriately reduce any recovery for non-economic damages in excess of the statutory limit, in accordance with such statute or other laws.

### TWENTY-FIRST DEFENSE

Defendant reserves the right to rely on any affirmative defenses asserted by any co-defendant herein, and reserves the right to amend his answer to assert additional defenses as discovery and investigation continue.

### TWENTY-SECOND DEFENSE

Unless expressly admitted, Defendant denies each and every allegation of Plaintiff's Complaint and demands strict proof thereof. In addition, Defendant denies each and every request for damages and/or request for relief contained in Plaintiff's Complaint.

### TWENTY-THIRD DEFENSE

The Plaintiff's Complaint fails to join necessary and indispensable parties, in whose absence complete relief cannot be afforded among those already parties.

### TWENTY-FOURTH DEFENSE

Plaintiff's alleged claims for damages and injuries are barred to the extent they may have been incurred prior to or pre-existed the alleged incident.

### TWENTY-FIFTH DEFENSE

All or some of the Plaintiff's claims may be expressly or impliedly preempted by federal statutes, regulations and/or federal agency action.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Gregory Case, moves this Court for an order dismissing him from this action with prejudice and for cost in relation to said action and for other relief to which he may be entitled.

RESPECTFULLY SUBMITTED, this the 21st day of March, 2023.

                    GREGORY CASE, Defendant

                    By: The Stubbs Law Firm, PLLC

                    By: s/Kannan Stubbs
                        Counsel for Defendant

Kannan Stubbs (MSB# 103492)
John Scarborough (MSB# 106515)
1675 Highway 80 E
Flowood, MS 39232
P. 601-203-1653
F. 601-203-3165
kannan@stubbsms.com



## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Carlos E Moore, Esquire
    cmoore@cochranfirm.com

*Attorney for Plaintiff*

    Daniel J. Griffith, Esquire
    dgriffith@jlpalaw.com

    Bethany A. Tarpley, Esquire
    btarpley@jlpalaw.com

    Jamie F. Lee, Esquire
    jamie@jlpalaw.com

*Attorneys for the City of Brookhaven, Mississippi and Chief Kenneth Collins*

Further, I hereby certify that I have this day delivered by hand-delivery, U.S. Mail and/or electronic transmission the foregoing document to the following non-ECF participants:

    None

This the 21st day of March, 2023.

                                                           s/ Kannan Stubbs
                                                          KANNAN STUBBS (MSB#103492)