IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

D'MONTERRIO GIBSON     PLAINTIFF

VS.     CAUSE NO. 3:23-cv-54-DPJ-FKB

FEDERAL EXPRESS CORPORATION, CITY OF
BROOKHAVEN, MISSISSIPPI, CHIEF KENNY
COLLINS, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, BRANDON CASE, and GREGORY CASE     DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT BRANDON CASE

COMES NOW Defendant Brandon Case, by and through counsel, and in support of this, his Answer and Affirmative Defenses to the Complaint filed by D'Monterrio Gibson on January 20, 2023, would respectfully show the following, to-wit:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action for damages against Defendant upon which relief may be granted and should, therefore, be dismissed with prejudice.

### SECOND DEFENSE

Defendant invokes all rights and privileges under the provisions of the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

### THIRD DEFENSE

### ANSWER

Without waiving any defenses available to him, including the affirmative defenses asserted herein and those found in Rule 12 of the Federal Rules of Civil Procedure, Defendant responds to the Complaint, paragraph by paragraph. All allegations not expressly admitted are denied.

## PARTIES

1.  Defendant is without sufficient information to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies same and demands strict proof thereof.

2.  Defendant is without sufficient information to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies same and demands strict proof thereof.

3.  Defendant is without sufficient information to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies same and demands strict proof thereof.

4.  Defendant is without sufficient information to admit or deny the allegations in this paragraph of the Complaint and, therefore, denies same and demands strict proof thereof.

5.  Defendant admits that he is an adult resident citizen of the State of Mississippi, but denies the remaining allegations in this paragraph.

6.  Defendant admits the allegations in this paragraph of the Complaint.

## JURISDICTION AND VENUE

7.  The allegations contained in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the same and demands strict proof thereof.

8.  The allegations contained in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent a response may be required, Defendant denies the same and demands strict proof thereof.

## STATEMENT

9.  On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and

Article 3, Section 26 of the Mississippi Constitution.

## FACTS

10.	On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

11.	On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

12.	On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

13.	On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

14.	On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

15.	On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

16.	On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and

Article 3, Section 26 of the Mississippi Constitution.

17. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

18. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

19. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

20. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

21. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

22. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

23. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

24.     On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

25.     On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

26.     On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

27.     On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

28.     On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

29.     On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

30.     On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

## **FIRST CAUSE OF ACTION**

### **(42 U.S.C. §1981 Intentional Racial Discrimination)**

Defendant adopts, reaffirms and incorporates by reference all prior answers and defenses as if fully set forth herein.

31. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

32. The allegations contained in this paragraph are not directed to Defendant and therefore no response is required. To the extent a response is required, on the advice of counsel Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

33. The allegations contained in this paragraph are not directed to Defendant and therefore no response is required. To the extent a response is required, on the advice of counsel Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

34. The allegations contained in this paragraph are not directed to Defendant and therefore no response is required. To the extent a response is required, on the advice of counsel Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

## SECOND CAUSE OF ACTION

**(Civil Assault & Battery against Brandon & Gregory Case and Chief Kenny Collins)**

Defendant adopts, reaffirms and incorporates by reference all prior answers and defenses as if fully set forth herein.

35. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

36. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

37. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

## THIRD CAUSE OF ACTION

**(Negligent/Intentional Infliction of Emotional Distress against all Defendants)**

Defendant adopts, reaffirms and incorporates by reference all prior answers and defenses as if fully set forth herein.

38. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

39. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and

Article 3, Section 26 of the Mississippi Constitution.

40. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

## FOURTH CAUSE OF ACTION

### (General/Gross Negligence against Brandon & Gregory Case)

Defendant adopts, reaffirms and incorporates by reference all prior answers and defenses as if fully set forth herein.

41. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

42. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

43. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

## FIFTH CAUSE OF ACTION

### (Civil Obstruction of Justice against Kenny Collins)

Defendant adopts, reaffirms and incorporates by reference all prior answers and defenses as if fully set forth herein.

44. On the advice of counsel, Defendant invokes his right to remain silent and privilege

against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

45. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

46. On the advice of counsel, Defendant invokes his right to remain silent and privilege against self incrimination found in the Fifth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution.

Defendant denies the last unnumbered paragraph of the Complaint, which begins "WHEREFORE," as well as all other allegations in the Complaint not previously addressed.

## FOURTH DEFENSE

Defendant gives notice that he intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery; and thus, reserves the right to amend his answer to assert any such defenses.

## FIFTH DEFENSE

The facts not having been fully developed, Defendant invokes all rights and remedies of Section 97-3-15(3) & (5) of the Mississippi Code.

## SIXTH DEFENSE

Defendant invokes all rights and remedies of Section 85-5-7 of the Mississippi Code.

## SEVENTH DEFENSE

The facts having not been fully developed, Defendant pleads the following affirmative

defenses as may be applicable to this action: Plaintiff's failure to mitigate damages or take reasonable steps to avoid damages and to exercise ordinary care; election of remedies; accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; and, any other matter constituting an avoidance or affirmative defense, including any defense or motions available to Defendant pursuant to Rule 12(b) of the Federal Rules of Civil Procedure such as lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief can be granted. Defendant further reserves the right to assert any additional affirmative defenses that may be deemed applicable as discovery progress.

## EIGHTH DEFENSE

Defendant asserts and pleads the applicable provisions of Section 11-1-65 of the Mississippi Code which pertain to the imposition of punitive damages.

## NINTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to Defendant under the Constitution of the State of Mississippi and the Constitution of the United State of American including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there is no consistent application by the trial court or appellate review to constitutionally confirm or limit any punitive damage award, and imposition would allow a verdict tainted by passion and prejudice.

## TENTH DEFENSE

Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution. If consideration of punitive damages is to be allowed, then the standard of proving the same, as provided in Section 11-1-65 of the Mississippi Code must be clear and convincing evidence.

## ELEVENTH DEFENSE

Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of Article III, Section 14 of the Constitution of the State of Mississippi. If consideration of punitive damages is to be allowed, then the standard of proving the same, as provided in Section 11-1-65 of the Mississippi Code must be by clear and convincing evidence.

## TWELFTH DEFENSE

The procedure or standards governing imposition of punitive damages are impermissible, vague, arbitrary, and improper or violate the Due Process Clause both of the Constitution of the United States of America and the Constitution of the State of Mississippi. Further, the procedures and standards governing the imposition of punitive damages are penal in nature, and consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendant.

## THIRTEENTH DEFENSE

Defendant pleads all of the procedural safeguards for which he is entitled to as pronounced and provided by the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool*

*Group, Inc.*, 121 S. Ct. 1678 (2001), including but not limited to the following: (1) the right to have the court (as finder of law), and not the finder of fact, determine whether punitive damages should be awarded and the amount, if any, of such damages to be awarded and (2) the right to have any award of punitive damages which may be made against him, if any at all, be subject to *de novo* review by either the trial court or an applicable appeals court, including the United States Supreme Court.

## FOURTEENTH DEFENSE

Defendant specifically invokes the provisions of Section 11-1-69 of the Mississippi Code, and asserts all defenses, rights, privileges and immunities to which he is entitled thereunder.

## FIFTEENTH DEFENSE

Defendant avers and gives notice that he will raise, as an affirmative defense herein, that Plaintiff's request for punitive damages is in violation of the Eighth Amendment to the United States Constitution. Furthermore, Defendant would state that the facts herein do not give rise to such damages, and as a consequence, Plaintiff's claim for punitive damages is without justification.

## SIXTEENTH DEFENSE

Plaintiff is barred from recovery to the extent the alleged injuries and damages were caused by the intervening and superseding actions of third persons or other parties or entities.

## SEVENTEENTH DEFENSE

To the extent that the negligence of Plaintiff was a proximate cause, either in whole or in part, of Plaintiff's alleged damages, Defendant would affirmatively plead that Plaintiff's recovery should be apportioned to the degree to which the negligence of Plaintiff contributed to Plaintiff's damages, if any, pursuant to the Mississippi law of comparative negligence and Section 11-7-15 of

the Mississippi Code.

## EIGHTEENTH DEFENSE

Defendant reserves the right to place a non-party (or non-parties) on the verdict form at trial as a joint tortfeasor and affirmatively alleges that the judgment should entered by this Court on the basis of comparative negligence of the non-party's (or non-parties') own negligence.

## NINETEENTH DEFENSE

The claims against Defendant may be barred or any verdict must be reduced to the extent Plaintiff or anyone acting on his behalf failed to mitigate damages pursuant to the doctrine of avoidable consequences.

## TWENTIETH DEFENSE

Plaintiff's claims for non-economic damages are subject to the maximum limit provided in Section 11-1-60 of the Mississippi Code and/or any other Tort Reform Legislation or caps on damages as provided by Mississippi law. Defendant hereby requests this Court to take such measures as may be necessary to appropriately reduce any recovery for non-economic damages in excess of the statutory limit, in accordance with such statute or other laws.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to rely on any affirmative defenses asserted by any co-defendant herein, and reserves the right to amend his answer to assert additional defenses as discovery and investigation continue.

## TWENTY-SECOND DEFENSE

Unless expressly admitted or the subject of a privilege, Defendant denies each and every allegation of Plaintiff's Complaint and demands strict proof thereof. In addition, Defendant denies

each and every request for damages and/or request for relief contained in Plaintiff's Complaint.

## TWENTY-THIRD DEFENSE

Plaintiff's Complaint fails to join necessary and indispensable parties, in whose absence complete relief cannot be afforded among those already parties.

## TWENTY-FOURTH DEFENSE

Plaintiff's alleged claims for damages and injuries are barred to the extent they may have been incurred prior to or pre-existed the alleged incident.

## TWENTY-FIFTH DEFENSE

All or some of Plaintiff's claims may be expressly or impliedly preempted by state or federal statutes, regulations and/or agency action.

WHEREFORE, PREMISES CONSIDERED, Defendant moves this Court for an order dismissing him from this action with prejudice and for cost in relation to said action and for other relief to which he may be entitled.

RESPECTFULLY SUBMITTED, this the 21st day of March, 2023.

BRANDON CASE, Defendant

By:     /s/ Dan Kitchens
        Attorney for Brandon Case

Dan Kitchens
Miss. Bar No. 101239
Kitchens Law Firm, P.A.
Post Office Box 799
Crystal Springs, MS  39059
Telephone:  601-892-3067
Facsimile:  601-892-3057
Email:  dkitchens@kitchenslaw.net

*Counsel for Defendant Brandon Case*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Carlos E Moore, Esquire
cmoore@cochranfirm.com

*Attorney for Plaintiff*

Daniel J. Griffith, Esquire
dgriffith@jlpalaw.com

Bethany A. Tarpley, Esquire
btarpley@jlpalaw.com

Jamie F. Lee, Esquire
jamie@jlpalaw.com

*Attorneys for Defendants City of Brookhaven, Mississippi and Chief Kenneth Collins*

Kannan Stubbs, Esquire
kannan@stubbsms.com

*Attorney for Defendant Gregory Case*

Further, I hereby certify that I have this day delivered by hand-delivery, U.S. Mail and/or electronic transmission the foregoing document to the following non-ECF participants:

None

This the 21st day of March, 2023.

                                                /s/ Dan Kitchens
                                                Dan Kitchens
                                                Miss. Bar No. 101239
                                                Attorney for Brandon Case