# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| D'MONTERRIO GIBSON, | ) |
| Plaintiff, | ) |
| v. | ) Docket No. 3:23-cv-54-DPJ-FKB |
| FEDERAL EXPRESS CORPORATION, CITY OF BROOKHAVEN, MISSISSIPPI, CHIEF KENNY COLLINS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, BRANDON CASE, and GREGORY CASE, | ) |
| Defendants. | ) |

### DEFENDANT FEDERAL EXPRESS CORPORATION'S
### MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Federal Express Corporation ("FedEx"), pursuant to Fed. R. Civ. P. 12(b)(6), files its Memorandum of Law in Support of its Motion to Dismiss Plaintiff D'Monterrio Gibson's ("Gibson") Complaint (DE 1) as follows:

### INTRODUCTION

Gibson is an African American courier employed at FedEx's JANA Station in Jackson. On January 24, 2022, while attempting to make a delivery in a residential subdivision within his assigned delivery route, two then-unknown assailants pursued and fired multiple shots at him (hereinafter referred to as the "incident"). Based on the incident, Gibson asserts three claims against FedEx in this lawsuit: (1) race discrimination in violation of 42 U.S.C. §1981, (2) common-law negligent infliction of emotional distress ("NIED"), and (3) common-law intentional infliction of emotional

distress ("IIED"). All of these claims are premised on Gibson's allegation that FedEx asked him to work his assigned route in the days following the incident, and he expressed anxiety about doing so. As a matter of law, both his NIED and IIED claims are preempted by workers' compensation exclusivity. Additionally, the IIED claim fails because Gibson's Complaint does not allege FedEx engaged in conduct that would satisfy the high threshold standard of outrageous and extreme behavior that goes beyond all possible bounds of decency and is utterly intolerable in a civilized community. Finally, Gibson's §1981 claim fails to meet the *Twombly/Iqbal* plausibility pleading standard.

For the reasons set forth herein, FedEx's Motion to Dismiss should be **GRANTED**.

## LAW AND ARGUMENT

A. *Gibson's negligent infliction of emotional distress claim is expressly preempted by Mississippi workers' compensation law.*

As a result of anxiety caused by the incident, Gibson filed a workers' compensation claim under Mississippi law. *See* March 11, 2022 Petition to Controvert filed with the Mississippi Workers' Compensation Commission attached hereto as **Exhibit A**.[1]

---

[1] The Court can take judicial notice of this filing without converting FedEx's motion to dismiss into one for summary judgment. *See, e.g., Stiel v. Heritage Numismatic Auctions, Inc.*, 816 Fed.Appx. 888, 892 (5th Cir. 2020) (reaffirming that a district court may consider sources outside of the Complaint on a Rule 12(b)(6) motion, such as matters of public record, court orders, judgments, and other documents whose authenticity is unquestioned without converting it into a Rule 56 motion). As noted in the petition, Gibson's workers' compensation claim and the petition itself were filed by Carlos Moore, his counsel in this lawsuit. The claim is pending.

*All* negligence claims, including NIED claims, are categorically barred by the exclusivity provisions of the Mississippi Workers' Compensation Act ("MWCA"). *See Spiers v. Oak Grove Credit, LLC*, 328 So. 3d 645, 653 (Miss. 2021) (affirming lower court's dismissal of plaintiff's NIED claim based on workers' compensation exclusivity). In Mississippi, workers' compensation laws replace negligence actions in exchange for a no-fault system of payment. Section 71-3-9 of the Mississippi Workers' Compensation Act ("MWCA") provides, in pertinent part, as follows:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death . . . .

Miss. Code Ann. § 71-3-9.

This exclusivity of remedy is the product of the "bargain" that is the MWCA. Pursuant to this bargain, employees gain the benefit of compensation for all work-related injuries without reference to fault. The exclusive remedy will operate as a defense based on immunity in a lawsuit for damages against an employer who has an obligation under the MWCA. Therefore, because FedEx is obligated to provide Gibson workers' compensation benefits for his emotional distress damages arising from the incident, - the same conduct described in his Complaint and forming the basis for his NIED claim – his NEID claim must be dismissed as a matter of law.

B.   *Gibson's intentional infliction of emotional distress claim is also preempted by workers' compensation exclusivity because he does not plead facts showing FedEx actually intended to harm him.*

The Mississippi Supreme Court has repeatedly held that, "in order for a willful tort to be outside the exclusivity of the [MWCA], the employe[r]'s action must be done

3

with an actual intent to injure the employee." *Griffin v. Futorian Corp.*, 533 So. 2d 461, 464 (Miss. 1988); *see also Pinnacle Trust Co. v. Babcock & Wilcox Power Generation Grp., Inc.*, No. 1:11CV02-SA-SAA, 2013 WL 5674381 at *3 (N.D. Miss. Oct. 17, 2013). A "mere willful and malicious act is insufficient to give rise to the intentional tort exception to the exclusive remedy provisions of the [MWCA] . . . . Reckless or grossly negligent conduct is not enough to remove a claim from the exclusivity of the [MWCA]." *Blailock v. O'Bannon*, 795 So. 2d 533, 535 (Miss. 2001).

For Gibson's IIED claim against FedEx to fall outside the MWCA and survive this motion to dismiss, he was required to allege that FedEx actually intended to injure him with full knowledge that he would be injured and with the purpose of the action being to cause injury to him. *See Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013). And, to plead such a provocative allegation, Gibson would have to have a good-faith basis for doing so, which he does not. *See* F.R.C.P. 11(b)(3)

Gibson only alleges he returned to work on January 25 and was assigned the same delivery route, which he attempted to complete before experiencing "severe panic and anxiety." *See* Complaint, DE 1, PageID #5, ¶¶ 23-24. That same day, after going with his supervisor to provide a statement to the Brookhaven Police Department, Gibson alleges FedEx asked him to perform his assigned route, at which time he told his supervisor that "he felt uncomfortable performing the route."[2] *Id.* at ¶¶ 25-26. On January 26, 2022, he began medical leave for his anxiety following the incident. *Id.* at ¶ 27. Under similar factual circumstances, Mississippi courts have

---

[2] FedEx denies Gibson's allegation that, after the incident, FedEx requested he perform the part of his route in the Junior Trail neighborhood.

4

found that an employer asking an employee to perform his job duties, whether or not he thinks they are dangerous, does not constitute an intent to harm. *See Fulton v. Baxter Healthcare Corp.*, No. 2:05CV-95-P-B, 2005 WL 3115761 at *1 (N.D. Miss. Nov. 21, 2005) (granting employer's motion to dismiss and finding plaintiff's allegation that "the Defendant knew [her] work environment was dangerous" insufficient to bring her claims outside the province of [the MWCA]").

Gibson pleads no facts from which the Court could infer that FedEx intended to harm him, with full knowledge that he would be harmed and with the purpose to cause him injury, as required by *Griffin*. To the contrary, the allegations in Gibson's Complaint demonstrate FedEx's intent to *support*, not injure, him. In addition to pleading that his supervisor accompanied him to provide a statement to police, Gibson also alleges FedEx encouraged him to see a therapist, reminded him that the company would cover eight (8) free therapy sessions, and offered him two weeks off. *See* Complaint, DE 1, PageID #5, ¶27. These efforts to support Gibson following the incident contradict an intent to harm him. *See, e.g., Bowden*, 120 So. 3d at 980 (affirming the dismissal of the plaintiffs' IIED claims on a 12(b)(6) motion and finding the defendant employer's effort to support the plaintiff "leads to the inevitable conclusion that the actions of [the employer] were not done with the *actual intent* to inflict emotional distress upon the plaintiffs") (emphasis added).

In sum, FedEx's alleged conduct does not constitute actual intent to injure Gibson that would circumvent the MWCA's exclusive remedy. And, as the Mississippi Supreme Court has stated time and time again, "few cases have escaped

5

the Act's 'powerful grasp' of exclusivity," including most IIED cases. *In re Estate of Gorman ex rel. Gorman v. State*, 307 So. 3d 421, 425 (Miss. 2020) (quoting *Bowden*, 120 So. 3d at 977). In the absence of allegations of actual intent to harm him, Gibson's Complaint fails to state a claim for IIED.

C.  *Gibson's intentional infliction of emotional distress claim also fails because FedEx's alleged conduct does not rise to the level of extreme and outrageous behavior.*

As a general rule, "damages for intentional infliction of emotional distress are usually not recoverable in mere employment disputes." *Spiers,* 328 So. 3d at 653 (citation omitted); *see also Lee v. Golden Triangle Planning & Development Dist., Inc.*, 797 So. 2d 845, 851 (Miss. 2001) (recognizing an IIED claim ordinarily will not lie in employment cases and that IIED claims in the workplace environment are usually limited to "cases involving a pattern of deliberate, repeated harassment over a period of time"). This rarity is based on courts' recognition that "[o]nly in the most unusual cases does the conduct move out of the realm of an ordinary employment dispute into the classification of extreme and outrageous, as required for the tort of [IIED]." *Spiers*, 328 So. 3d. at 653. Notably, under Mississippi law, it is the nature of the alleged act itself (requesting Gibson perform his normal route), not the seriousness of the consequences, that gives rise to legal redress for IIED. *See e.g., Bowden*, 120 So. 3d at 980.

A Mississippi federal court has addressed the issue of whether an employer asking an employee to perform his ordinary job duties can constitute conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds

6

of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" to support an IIED claim. *Howard v. Hancock Med. Ctr.*, 2006 WL 3487109 (S.D. Miss. Dec. 1, 2006). In *Howard*, the plaintiff asserted an IIED claim after she was fired for not reporting to work to perform her ordinary healthcare duties during a hurricane. The court found that requesting the plaintiff to perform her job duties fell "well short of what is required for plaintiff to have a viable claim for intentional infliction of emotional distress." *Id.* at *22. The facts in *Howard* are analogous to the facts in the present case. FedEx's alleged conduct – asking Gibson twice on January 25 to perform his regularly assigned route – is not conduct indicative of the "pattern of deliberate, repeated harassment over a period of time" described in *Lee* or conduct that "move[s] out of the realm of an ordinary employment dispute into the classification of extreme and outrageous" conduct as described in *Spiers*.

    *Spiers* is another case that exemplifies how an IIED claim is considered in the employment context. In *Spiers*, the plaintiff alleged that her supervisor referred to her pregnancy as a disease, her employer refused to hire another pregnant person, and her employer terminated her for being pregnant. However, the court ultimately dismissed plaintiff's IIED claim finding she failed to meet the "outrageous and extreme" threshold to sustain an IIED claim. *See Spiers*, 328 So. 3d at 654-55. In reaching this conclusion, the court stated that "proving [IIED] in Mississippi is a 'tall order'" and reiterated only the most egregious conduct —such as a "threat of violence or similar conduct"—would suffice to state a claim for IIED. *Id.* at 654.

For comparison, the *Spiers* court cited *Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044 (Miss. 2007) as a case that meets the exceptionally high IIED threshold. In *Jones*, the African American plaintiffs alleged that they were called "monkeys," segregated from other employees, required to perform harder manual labor than other employees, subjected to ***lynching references by their manager***, and terminated. *See id.* at 1048. Because the plaintiffs' manager made a historically racially motivated reference to extreme violence, in addition to the other misconduct, the Mississippi Supreme Court found that the plaintiffs' IIED claim could proceed to a jury. *See id.* at 1050. In contrast with the *Jones* allegations, Gibson does not allege that any FedEx employee threatened to commit racially motivated violence against him.

Moreover, even if Gibson adequately pled his §1981 race discrimination claim, disparate treatment discrimination alone is not sufficient to sustain an IIED claim. *See, e.g., Brown v. Inter-City Fed'l Bank for Savings*, 738 So. 2d 262, 265 (Miss Ct. App. 1999) ("More is required to support an intentional infliction of emotional distress recovery than the usual age discrimination claim.")

Because FedEx's alleged conduct does not demonstrate a "pattern of deliberate, repeated harassment" or involve a "threat of violence or similar conduct" by a FedEx employee, it is neither "extreme nor outrageous" as required to support Gibson's IIED claim.

D.     *Gibson fails to meet the "plausibility pleading standard" to maintain his 42 U.S.C. §1981 claim.*

Gibson's intentional race discrimination claim against FedEx under 42 U.S.C. §1981 should be dismissed because his Complaint fails to meet the "plausibility pleading standard" promulgated in the *Twombly / Iqbal* Supreme Court cases. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Twombly*, 550 U.S. at 570); *see also Bass v. Styker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012) (affirming the district court's grant of a motion to dismiss "when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face or has failed to raise its right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)").

Indeed, to survive a motion to dismiss, Gibson was required to "plead sufficient facts on all the *ultimate elements* of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (emphasis added); *Besser v. Tex. Gen. Land Office*, 834 Fed. Appx. 876, 881 (5th Cir. 2020) (same). The Fifth Circuit has repeatedly held that there are two *ultimate elements* a plaintiff must plead to support a disparate treatment claim and survive a

motion to dismiss: (1) an "adverse employment action" (2) taken against a plaintiff "because of [his] protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); *see also Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 576 (5th Cir. 2004) (holding that the "ultimate question" in a Title VII disparate treatment claim remains "whether a defendant took the adverse employment action against a plaintiff because of her protected status.")[3]

> 1. *Gibson fails to plead an "adverse employment action" to maintain a §1981 disparate treatment claim.*

Gibson failed to plead the first ultimate element of a §1981 claim – an adverse employment action, which is a judicially-coined term referring to an ultimate employment decision that affects the terms, conditions, or privileges of employment. *See Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014). For §1981 disparate treatment claims, the Fifth Circuit has "held that adverse employment actions consist of 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating." *Id.*; *see also Jackson v. Lowndes Cnty. Sch. Dist.*, 126 F. Supp. 3d 772, 777 (N.D. Miss. 2015) (same). The Fifth Circuit "has a strict interpretation of the adverse employment element of . . . [an] intentional discrimination case," and "an adverse employment action that does not affect job duties, compensation, or benefits, is not an adverse employment action." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). Gibson's Complaint alleges no such ultimate employment decision. Just the opposite, Gibson merely alleges FedEx

---

[3] The analysis is the same under both §1981 and Title VII for disparate treatment claims. *See Lesure v. Home Depot U.S.A., Inc.*, No. 2:05CV2187-LG-JMR, 2007 WL 4292574 at *5 (S.D. Miss. Dec. 5, 2007).

asked him to perform his normal work route.  *See* Complaint, DE 1, PageID #5, ¶¶ 23, 26.

Even assuming, *arguendo*, all of Gibson's allegations in his Complaint are true, they do not constitute an ultimate employment decision by FedEx.  They merely allege that, after the incident with Defendants Brandon and Gregory Case, Gibson "*informed his supervisor that he felt uncomfortable performing his route*," and FedEx granted Gibson's request for medical leave and paid for his therapy sessions.  *See* Complaint, DE 1, PageID #5, ¶¶ 24, 26, 27.  The Complaint then leaps to the legal conclusion that FedEx "racially discriminated against [him] in violation of 42 U.S.C. §1981 by Defendant FedEx . . . ." *See* Complaint, DE 1, PageID #6, ¶30.  However, this legal conclusion is insufficient to sustain a §1981 claim.  *See Thompson*, 764 F.3d at 502 ("We need not, however, accept the plaintiff's legal conclusions as true."); *Taylor v. Nissan N. Am.*, No. 3:16CV821 DPJ-FKB, 2017 WL 2727276 at *1 (S.D. Miss. June 23, 2017) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Iqbal*, 556 U.S. at 678.)

To be clear, FedEx acknowledges that Defendants Brandon and Gregory Case certainly interfered with Gibson's work environment in an egregious manner. However, Gibson conflates FedEx's actions with defendants Brandon and Gregory Case's misconduct.  As a matter of law, however, FedEx's separate and distinct employment actions did not alter the terms, conditions, or privileges of his work

environment. While Gibson may have been offended by FedEx's alleged request that he complete his assigned route, §1981's goal of equality is not served if a claim can be maintained solely based on actions that offend, but do not hinder an employee's work performance. *See Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir. 1996).

> 2. *Gibson fails to plead facts supporting the causation element of his §1981 disparate treatment claim.*

Gibson's Complaint also fails to allege that *any* action taken by FedEx was *because of his race*. Gibson only alleges that he is an African American male. *See* Complaint, DE 1, PageID #3, ¶11. However, to maintain a §1981 disparate treatment claim, Gibson must do more than simply allege he is African American and that FedEx took adverse employment action against him. "Specifically, a plaintiff must allege facts sufficient to support a finding that he was treated less favorably than others outside of his protected class." *Johnson v. Jackson Pub. Sch. Dist.*, No. 3:21-CV-226-KHJ-MTP, 2021 WL 2954187 at *2 (S.D. Miss. July 14, 2021).

Because Gibson fails to allege he was treated differently than non-African American employees, the Court should dismiss his §1981 claim. *See James v. Parish*, 421 Fed. Appx. 469, 470 (5th Cir. 2011) (dismissing §1981 claim where plaintiff alleged no facts that would indicate the defendant took the challenged action because of plaintiff's race); *Southern v. Ethridge*, No. 3:10CV115TSL-FKB, 2010 WL 3937880 at *2 (S.D. Miss. Sept. 30, 2010) (dismissing plaintiff's §1981 claim holding "even assuming that she had sufficiently alleged that she is African American, the complaint is devoid of any allegation that [the defendant] either had the intent to discriminate against her on the basis of her race or that any such discrimination

concerned the making and enforcing of a contract.) Courts within the Fifth Circuit routinely grant motions to dismiss disparate treatment claims when a Complaint does not contain allegations supporting a nexus between a plaintiff's race and adverse employment action. *See, e.g., Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

## CONCLUSION

Based on the foregoing, FedEx moves this Court to enter an Order granting its Motion to Dismiss Gibson's claims *with prejudice* and awarding FedEx such other and further relief to which it may be entitled.

RESPECTFULLY SUBMITTED, this the 23rd day of March, 2023.

*s/ Michael C. Williams*
Michael Williams (MS Bar #104537)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, MS 39201
Tel 601-592-9918
Fax 601-592-1418
mcwilliams@bradley.com

*Attorney for Defendant Federal Express Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2023, a copy of the foregoing was served on the parties listed below via the Court's ECF System:

Carlos E. Moore
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
Tel 662-227-9940
Fax 662-227-9941
cmoore@cochranfirm.com

*Attorney for Plaintiff*

*s/ Michael C. Williams*