IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

D'Monterrio Gibson,

    Plaintiff

vs.                                                      Cause No. 3:23-cv-54-DPJ-FKB

Federal Express Corporation, City of
Brookhaven, Mississippi, Chief Kenny
Collins, in his Individual and Official
Capacity, Brandon Case, and Gregory Case,

    Defendants.

---

**DEFENDANT, GREGORY CASE'S MEMORANDUM BRIEF
IN SUPPORT OF MOTION FOR STAY OF CIVIL ACTION**

---

Now into Court, through counsel, comes Defendant, Gregory Case ("Case") and files this his Memorandum Brief in Support of Motion for Say of Civil Action, and would show unto the Court the following to-wit:

**I.    Introduction**

On November 15, 2022, Defendant, Gregory Case, was indicted by the grand jury of the State of Mississippi, County of Lincoln, Circuit Court for Attempted Murder pursuant to Miss. Code Ann. §97-3-19 and 97-1-7, Conspiracy to Commit the Crime of First-Degree Murder pursuant to Miss. Code Ann. §97-3-19 and 97-1-7, and Shooting into a Motor Vehicle pursuant to Miss. Code Ann. §97-25-47. Ex. 1.

The Complaint was filed on January 20, 2023, asserting claims and causes of action arising from the alleged incident that occurred on or about January 24, 2022. [1].

Both the civil action and the criminal proceeding before the Circuit Court of Lincoln

County, Mississippi, arise from the same alleged events, issues and facts.

The criminal proceeding before the Circuit Court of Lincoln County, Mississippi is ongoing and currently active on the Court's docket. Ex. 2. The criminal matter is awaiting a formal arraignment due to the nature of the charges.

## II. Authority of District Court to Grant Stay

It is well established that a District Court has the authority to grant a stay of a civil action that is parallel to a criminal proceeding.

> The Court possesses inherent power over its docket and the disposition of cases to grant a stay when necessary. "The decision whether … to stay civil litigation in deference to parallel criminal proceedings in discretionary." *United States v. Simcho,* 326 Fed. App'x 791, 792, (5th Circ. 2009)(quoting *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.* 385 F.3d 72, 77 (1st Cir. 2004). "'[T]he granting of a stay of civil proceedings due to the pending criminal investigation is an extraordinary remedy, not to be granting lightly." *Id.* At 792-79 (quoting *In re Who's Who Worldwide Registry, Inc.,* 197 B.R. 193,195 (Bankr. E.D.N.Y. 1996)). It Is the burden of the party seeking the stay to overcome the "strongest presumption in favor of discovery" and demonstrate why a stay is warranted. *United States v. Gieger Transfer Serv.,* 174 F.R.D. 382, 285 (S.D. Miss. 1997) (citing Milton Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201 (1990)).

*Thomas v. City of Benoit, Mississippi,* 2018 WL 5284615, at *1 (N.D. Miss. 2018).

The Defendant requests that this Honorable Court exercise its authority and grant a stay of the proceedings in this civil action until the parallel criminal matter pending in the Circuit Court of Lincoln County, Mississippi is concluded.

## III. Factors to Consider in Granting a Stay

In *Thomas v. City of Benoit, Mississippi,* 2018 WL 5284615 (N.D. Miss. 2018), the District Court set forth the factors to be considered in the granting a stay of a civil action in cases where there is a parallel criminal proceeding:

> District courts consider the following factors to evaluate whether a

stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the prejudice to the plaintiffs caused by the delay; (4) the private interests of and the burden on the defendants; (5) the interest of the courts; and (6) the public interest.

*Thomas v. City of Benoit, Mississippi,* 2018 WL 5284615 (N.D. Miss. 2018) *See also Chamberlain v. Baxter*, 2022 WL 831228 at *1, (N.D. Miss. Mar. 18, 2022).

### A. Extent of Issue Overlap

As the District Court recognized in *Thomas:*

> *"*When the issues presented in the civil and criminal proceedings overlap, courts often feel compelled to grant a stay." *Mosing v. Boston,* 2017 WL 4228669, at *3 (W.D. La. Sept 22, 2017). " The similarity of the issues underlying the civil and criminal action is considered the most important threshold issue in determining whether to grant a stay." *State Farm Lloyds v. Wood*, No. CIV A H-06-503, 2006 WL 3691115, at *2 (S.D. Tex. Dec. 12, 2006).

*Thomas* at *2.

Similarly, in *U.S. ex rel. Magee v. Lockheed Martin Corp.* 2010 WL 2816658 at *4 (S.D. Miss. 2010) the Court stated that, "The overlap of issues in parallel criminal and civil proceedings supports a stay." *Magee*, at *5 *citing United States ex rel. Gonzales v. Fresenius Med. Care North America*, 571 F.Supp2d 758, 762 (W.D. Tex. 2008).

In this civil action and in the parallel criminal case, the factual allegations at the core of both proceedings arise from an incident that occurred on or about January 24, 2022, in Lincoln County, Mississippi.

The indictment returned by the grand jury of Lincoln County, Mississippi, on November 15, 2022, states:

COUNT ONE

> "… on or about January 24, 2022, in Lincoln County, Mississippi, and within the jurisdiction of this court, Brandon Gregory Case and

> Gregory Charles Case did willfully, unlawfully, feloniously attempt, design and endeavor to kill and murder one D'Monterrio Gibson, a human being by shooting at said D'Monterrio Gibson, but did fail therin [sic], contrary to and in violation of Section 97-3-19 and 97-1-7 of the Mississippi Code of 1972, and against the peace and dignity of the State of Mississippi…"

### COUNT TWO

> "… on or about January 24, 2022, in Lincoln County, Mississippi, and within the jurisdiction of this court, the said Brandon Gregory Case and Gregory Charles Case did willfully, unlawfully, feloniously and knowingly conspire and agree, each with the other, and/or with some other person or persons to the grand jurors unknown, to commit the crime of First Degree Murder, contrary to and in violation of Sections 97-1-1 and 97-3-19 of the Mississippi Code of 1972…"

### COUNT THREE

> "… on or about January 24, 2022, in Lincoln County, Mississippi and within the jurisdiction of this court, Brandon Gregory Case and Gregory Charles Case did willfully, unlawfully and feloniously shoot a firearm, into a motor vehicle, to-wit: that certain 2022 Dodge Ram, white color with Hertz on the side of vehicle, vehicle identification number 3C6TRVG6LE103212, rented and controlled by Federal Express Corporation D/B/A FedEx contrary to and in violation of Section 97-25-47 of the Mississippi Code of 1972 …"

Ex. 1.

Plaintiff alleges in his Complaint:

> "Defendants Case essentially terrorized, shot at, and chased Mr. Gibson out of the Junior Trial [sic] neighborhood of Lincoln County, Mississippi." [1] at ¶9. "Defendant G. Case recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver his work truck around them and continued driving." [1] at ¶15. "Defendants Brandon and Gregory Case provided the chase Plaintiff throughout the Junior Trial [sic] neighborhood and nearby to the main interstate/highway." [1] at ¶17.

The civil action has significant overlap of facts and issues with the criminal proceedings against Case, and in fact the two cases allege the same facts and issues. As the Court recognized in *Thomas*, the issues in the civil action and the criminal proceedings, "do not just overlap – they

are identical." *Thomas* at p. 2. Accordingly, this "most important threshold issue" weighs heavily in support of staying this civil action.

### B. Status of the Criminal Case

The second factor is the status of the criminal case. This Court has recognized that:

> "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Trs. Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech. Inc. et al*, 886 F. Supp 1134, 1193 (S.D.N.Y. 1995). "[A] defendant's privilege against self-incrimination is a factor favoring a stay only after that defendant has been indicted." *United States ex rel. Shank v. Lewis Enters.*, No. 04-CV-4105-JPG, 2006 U.S. Dist. LEXIS 22065, 2006 WL 1064072 (S.D. Ill. April 21, 2006).

*U.S. ex rel. Magee v. Lockheed Martin Corp.* 2010 WL 2816658 at *4 (S.D. Miss. 2010).

Similarly, the *Thomas* Court opined that a stay is "most appropriate when a party to the civil action has already been indicted for the same conduct." *Thomas* at p. 2 quoting *Modern American Recycling Serv. V. Dunavant,* No. 10-3153, 2012 WL 1357720, at *3 (E.D. La. April 19, 2012). *See also*, *Chamberlain v. Baxter*, 2022 WL 831228 at *2, (N.D. Miss. Mar. 18, 2022).

Here, the indictment of Case for Attempted Murder, Conspiracy to Commit the Crime of First-Degree Murder, and Shooting into a Motor Vehicle stems from the same alleged conduct at issue in this civil action. Therefore, this factor favors a stay of this civil action.

### C. Interest of the Plaintiff Versus Prejudice of the Plaintiff

In examining the factors related to the granting of a stay, courts look to the plaintiff's private interests, specifically those related to proceedings expeditiously, as weighted against any prejudice that the plaintiff might suffer as a result of the delay caused by a stay. However, "courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim." *Thomas* at p. 3 quoting *Alcala v. Texas Webb Cty.,* 625 F.Supp.2d 391, 405 (S.D. Tex. 2009). In *Thomas* and *Magee*, the Court found that this factor weighs against

granting a stay. However, in *Thomas* and *Magee,* the events which gave rise to the parallel civil and criminal proceedings occurred some time prior to the filing of a motion to stay. In this civil action, the events which give rise to the indictment and the civil action occurred a short time ago, on January 24, 2022. The indictment was returned by the grand jury on November 15, 2022. The Plaintiff's civil Complaint was filed on January 20, 2023. Any delay in this civil action pending resolution of the criminal proceeding will not unduly prejudice the Plaintiff's ability to gather evidence through discovery as to the remaining defendants. Any prejudice that the Plaintiff might suffer due to a stay of the civil action would thus be minimal and would not weigh against granting a stay.

Plaintiff just recently initiated this civil action by serving process on all defendants simultaneously, the other Defendants have all filed motions to dismiss all claims against them and no discovery has taken place. Given the present posture of this civil proceeding, the prejudice, if any, to the Plaintiff would be minimal at best. This factor favors a stay, or at a minimum, is neutral.

**D. Interest and Burden of the Defendant**

In addressing the burdens placed on a Defendant when faced with defending both civil and criminal proceedings, the District Court of the Southern District of Texas concisely explained that:

> There are several reasons why a court may wish to exercise its discretion and stay a parallel civil case. One primary goal of a stay, when a stay is indeed warranted, is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action. *See, SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1376 (D.C. Cir. 1980)(en blanc), cert. denied, 449 U.S. 993, 101, S. Ct. 529, 66 L.Ed.2d 289 (1980); see also *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F.Supp. 1134, 1138 (S.D.N.Y. 1995); see also *Heller Healthcare Fin. Inc. V. Boyes,* 2002 WL 1558337, at *3 (N.D. Tex. July 15, 2002). Furthermore, a stay may be justified in order to prevent extending criminal discovery beyond the limits of Feder Rule of

> Criminal Procedure 16(b), exposing the defenses' theory to the prosecution in advance of trial, or otherwise prejudicing the criminal case. *Dresser,* 628 F.2d at 1376; *Plumbers and Pipefitters,* 886 F.Supp. at 1138. The Firth Circuit has advised that when handling a motion to stay a civil case, a court should be sensitive to the difference between the civil and criminal rules of discovery, noting that "[w]hile the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive." *Campbell v. Eastland,* 307 F.2d. 478, 487 (5th Cir. 1962). *Alcala* at 397.

*Alcala v. Texas Webb County*, 625 F.Supp. 2d 391, 413 (S.D. Tex. 2009).

The Court in Thomas recognized that "[w]hen faced with related simultaneous civil and criminal proceedings, a defendant is burdened by 'being compelled to choose between invoking his Fifth Amendment rights or jeopardize his defense in the civil suit, where an adverse inference may be drawn from [his] silence." *Thomas,* at p.3; *quoting Gonzalez,* 571 F.Supp.2d at 765 (*citing, S.E.C. v. AmeriFirst Funding, Inc.,* No. CIV A 307-CV-1188-D, 2008 WL 866065, at *4 (N.D. Tex. Mar. 17, 2008)).

The grand jury of Lincoln County indicted the Defendant for the alleged crime of Attempted Murder, Conspiracy to Commit the Crime of First Degree Murder, and Shooting into a Motor Vehicle. The Complaint filed by the Plaintiff asserts causes of action against Defendant Case that mirror those of Miss. Code Ann. §97-3-19, Miss. Code Ann. §97-1-7, and Miss. Code Ann. §97-25-47, and in fact the complaint specifically alleges that the Defendant, "… essentially terrorized, shot at, and chased Mr. Gibson out of the Junior Trial [sic] neighborhood of Lincoln County, Mississippi." [1 at ¶9]. The facts and issues related to both the civil and criminal proceedings are, at their core, undeniably linked to each other.

Count one of the indictment is punishable by imprisonment for twenty years to life, if fixed by the jury. Miss. Code Ann. §97-1-7 & §97-3-19. Count two of the indictment is punishable by imprisonment for a maximum term of twenty years. Miss. Code Ann. §97-1-7 & §97-3-19. Count

three of the indictment is punishable by a term imprisonment for at least one year and up to five years. Miss. Code Ann. §97-25-47.

Just as in *Thomas,* the Defendant here will certainly be forced to respond to discovery and will be questioned on matters that will touch on issues for which Gregory Case has a Fifth Amendment interest or trial strategies in his criminal case. Lacking a stay of the civil proceeding, the Defendant will be forced into an untenable position in deciding what should be done at trial and in his best interest, e.g. testify or not testify. Neither option is realistically viable, and the Defendant should not be placed in this untenable predicament that could jeopardize any defenses in his criminal case.

Without a stay of the civil action it is highly probably that the Defendant will find himself in a "Catch 22". As was the case in *Thomas*, so it is in this civil action, the Defendant's interests would be served by a stay of this civil action.

### E. Interest of the Court

It is well established that courts throughout the United States have a strong interest in the efficiency of the judicial system. While this Court has an interest in moving cases to expeditious conclusion, the granting of a stay of this civil action promotes that interest.

The Court in Thomas recognized that the conviction of a civil defendant as a result of the entry of plea of following of a trial an contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote the settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges. *Thomas*, at p. 4; *quoting, In re: World comp. Inc, S.E.C. Litig.* 2002 WL 31729501, at p. 8 (S.D.N.Y. Dec. 5, 2002). The Court further observed that the possibility for the Court to rule on selective claims of Fifth Amendment privilege and objections to specific information requests during the discovery process places an additional burden on the Court. *Thomas* at p. 4 *quoting Alcala,* 625 F. Supp. 2d. at 406.

Similarly, the Court recognized that the overlap in issues in the two cases will likely be streamlined if the Defendant's criminal case is resolved before discovery. *Thomas* at p. 4. Weighing these factors, including that staying the case will result in the delay of discovery and the lack of a criminal trial date, on balance the *Thomas* Court found the factor of the Court's interest weighed in favor of a stay. *Thomas* at p.4.

As the Court found in *Thomas*, judicial efficiency would be best served by a stay of this civil action until the completion of the criminal proceedings. At best this factor weighs in favor of granting a stay, at worse it is neutral.

**F. Public Interest**

The public has an interest in concluding disputes expediently. Equally important is the public's interest in maintaining the rights of a defendant.

In the case of *Walker v. Wilburn*, the Texas District Court observed that, "[g]ranting a stay will delay the proceedings, but it will also protect Officer Wilburn's Fifth Amendment rights in her parallel criminal case. The degree of overlap is an important consideration weighing in public's interests." *Walker v. Wilburn,* 2015 WL 5873392 (N.D. Tex. 2015) at p. 9; *quoting Alcala v. Texas Webb County,* 625 F.Supp. 2d 391, 413 (S.D. Tex. 2009).

Further, the District Court in Thomas provided the following analysis:

> The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority; which cases should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities. *Campbell v. Eastland,* 307 F.2d. 478 (5th Circ. 1962).

*Thomas v. City of Benoit, Mississippi,* 2018 WL 528461, at p. 4 (N.D. Miss. 2018).

"Thus the plaintiff's interest in proceeding in the case without delay is 'subservient to law

enforcement's perogative' once an indictment has been issued." *Thomas*, at p. 4; *quoting, Lee v. Ackal,* No. CV 15000754, 2016 WL 1690319, at *4 (W.D. La. Apr. 25, 2016).

Given the overlap between the parallel civil and criminal proceedings regarding the Defendant, the prioritized public interest in law enforcement, and the fact that the discovery has not been conducted, the interests of the public weighs in favor of a stay of this civil action.

**IV.   Conclusion**

The Court has inherent authority to grant a stay in civil proceedings. The six (6) factors to be considered weigh in favor of a stay. The Defendant has established that the civil and criminal proceedings have substantial overlap of issues. A plain reading of the criminal indictment and the civil Complaint demonstrate the considerable extent of overlap between the issues and questions of fact. The Defendant has a significant personal interest in protection of his Fifth Amendment right and trial strategy in the criminal proceeding as well as defending himself in this civil case.

Should a stay be denied, the Defendant is placed in the untenable position of going forward with parallel civil and criminal proceedings where the Defendant must choose between asserting his Fifth Amendment right or providing the best possible defense that he can to the civil lawsuit without jeopardizing his criminal defenses.

The Plaintiff and the Court shall suffer no undue burden if a stay is granted. While the public has an interest in the just resolution of the civil disputes, the public also has a particular interest in preserving the constitutional rights of a defendant, and an assurance that the processes of criminal cases are not subverted.

For the foregoing reasons, as well as the reasons addressed in Defendant, Gregory Case's Motion for Stay of Civil Action, the Defendant respectfully requests this Court issue a Stay of

this Civil Action pending the resolution of the parallel criminal proceeding.

Respectfully submitted this, the 30th day of March, 2023.

                                              GREGORY CASE, Defendant

                                              By: The Stubbs Law Firm, PLLC

                                              By: <u>s/ Kannan Stubbs</u>
                                                    Counsel for Defendant

Kannan Stubbs (MSB# 103492)
John Scarborough (MSB# 106515)
1675 Highway 80 E
Flowood, MS 39232
P. 601-203-1653
F. 601-203-3165
kannan@stubbsms.com



# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Carlos E Moore, Esquire
cmoore@cochranfirm.com

*Attorney for Plaintiff*

Daniel J. Griffith, Esquire
dgriffith@jlpalaw.com

Bethany A. Tarpley, Esquire
btarpley@jlpalaw.com

Jamie F. Lee, Esquire
jamie@jlpalaw.com

*Attorneys for the City of Brookhaven, Mississippi and Chief Kenneth Collins*

Daniel Kitchens, Esquire
dkitchens@kitchenslaw.net

*Attorney for Brandon Case*

Michael C. Williams, Esquire
mcwilliams@bradley.com

Brandon D. Pettes, Esquire
Brandon.pettes@fedex.com

Daniel T. French, Esquire
danielfrench@fedex.com

Terrence O. Reed, Esquire
Terrence.reed@fedex.com

Whitney J. Jackson
wjackson@bradley.com

*Attorneys for Federal Express Corporation*

Further, I hereby certify that I have this day delivered by hand-delivery, U.S. Mail and/or electronic transmission the foregoing document to the following non-ECF participants:

None

So certified on March 30, 2023.

s/ Kannan Stubbs
KANNAN STUBBS (MSB#103492)