IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| D'MONTERRIO GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 3:23-cv-54-DPJ-FKB |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| CITY OF BROOKHAVEN, MISSISSIPPI, | ) |
| CHIEF KENNY COLLINS, IN HIS | ) |
| INDIVIDUAL AND OFFICIAL | ) |
| CAPACITY, BRANDON CASE, and | ) |
| GREGORY CASE, | ) |
| | ) |
| Defendants. | ) |

DEFENDANT FEDERAL EXPRESS CORPORATION'S RESPONSE IN
OPPOSITION TO DEFENDANT GREGORY
CASE'S MOTION FOR STAY OF CIVIL ACTION

Defendant Federal Express Corporation ("FedEx"), pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, files its Response in Opposition to Defendant Gregory Case's Motion for Stay of Civil Action ("Motion for Stay") as follows:

**INTRODUCTION**

Defendant Gregory Case ("Case") seeks a stay of these proceedings primarily based on the substantial overlap between Plaintiff's claims against him in this lawsuit and parallel criminal proceedings pending against Case arising from the same nucleus of operative facts—i.e. the January 24, 2022 shooting incident in the Junior Trails subdivision. Case argues the considerable overlap between the facts supporting Plaintiff's Complaint and his criminal indictment implicates his personal

interest in asserting his Fifth Amendment rights, as well as his ability to defend himself in this civil matter, warranting a stay of these proceedings.

FedEx takes no position regarding whether a stay of these civil proceedings should be granted as to Plaintiff's claims against Case. However, there is no reason to stay the matter as to Plaintiff's claims against FedEx. At a minimum, the Court should proceed with considering FedEx's Motion to Dismiss (DE 19). The factual allegations supporting Plaintiff's claims against FedEx do not overlap with the issues in Case's criminal proceedings or the civil action against Case[1]. And, the legal defenses FedEx raises in its Motion to Dismiss are unique to Plaintiff's claims against FedEx and do not require consideration of anything beyond the four corners of the Complaint. FedEx's Motion to Dismiss is based on questions of law and does not pertain to factual allegations pled against any other defendant.

## LAW AND ARGUMENT

*A.    Legal Standard for Motion to Stay.*

Generally, "[a] party has no constitutional right to a stay of civil proceedings during the pendency of a criminal investigation or prosecution, nor does the Constitution protect a party from being forced to choose between the consequences of asserting or waiving his Fifth Amendment rights in the civil proceedings." *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976); *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). However, "after considering 'the particular circumstances and competing interests involved in the case,' a court has discretion

---

[1] Plaintiff's claims against Gregory and Brandon Case arise directly from the shooting incident.

2

either to stay the entire proceeding or fashion some other, less drastic way to protect a party's Fifth Amendment rights." *Gonzalez v. County of Merced*, No. 1:16-cv-01682-LJO-SAB, 2017 WL 445719 at *2 (E.D. Ca. Feb. 1, 2017) (In a §1983 case involving both an individual defendant against whom criminal proceedings were pending arising from the same facts alleged in the civil lawsuit and a government entity defendant, the court recommended granting the latter's motion to dismiss while also granting the individual defendant's motion for a stay pending the outcome of the criminal proceedings). FedEx asks the Court to exercise its discretion to proceed with the civil action against FedEx, even if it stays the civil action against Case.

As in *Gonzalez*, federal district courts in multi-defendant cases routinely consider Defendant X's motion to dismiss while also considering the motion for stay as to the plaintiff's civil claims against Defendant Y, who is the subject of a parallel criminal prosecution. *See, e.g.*, *Arevalo v. City of Farmers Branch, Texas*, No. 3:16-CV-1540-D, 2017 WL 1153230 (N.D. Tex. Mar. 28, 2017) (Court granting defendant police officer's motion to stay pending parallel criminal investigation and simultaneously ruling on the remaining defendants' pending motions to dismiss in a civil suit under §1983 and Texas law). *See also Hammonds v. Gray Transp., Inc.*, 371 F. Supp. 3d 1340 (M.D. Ga. 2019) (In a multi-defendant wrongful death action, the court simultaneously denied the defendant trucking company and its driver's motion for stay of civil proceedings pending parallel criminal proceeding against the driver and granted the defendant insurance company's 12(b)(6) motion).

B.   *The facts alleged against FedEx do not overlap with the facts supporting the civil action against Case or his criminal indictment.*

The facts Plaintiff alleges to support his claims against FedEx do not overlap with the facts supporting the civil action against Case or his indictment, obviating the need for a stay as to the civil action against FedEx. Plaintiff asserts three (3) causes of action against FedEx: (1) intentional race discrimination under §1981, (2) common law negligent infliction of emotional distress ("NIED"), and (3) common law intentional infliction of emotional distress ("IIED"). As noted in FedEx's Motion to Dismiss and supporting Memorandum of Law, these civil claims arise solely from Plaintiff's employment relationship with FedEx and alleged events that occurred *after* the shooting incident for which Case was indicted.

Specifically, all of Plaintiff's claims against FedEx are premised on his allegation that FedEx sent him back to work his assigned route after he expressed anxiety about doing so.[2] *See* Plaintiff's Complaint, DE 1, ¶¶9, 24, 26. Conversely, Plaintiff's claims against Case, including civil assault and battery and gross negligence, are based on the same alleged facts supporting his criminal indictment— i.e. the shooting incident itself. The disposition of Case's criminal proceedings is wholly irrelevant to the viability of Plaintiff's civil claims against FedEx arising from the employment relationship. As such, a stay of proceedings as to FedEx is not warranted.

Sister courts have found that a stay of civil proceedings is not warranted under similar circumstances. For example, in *Wise v. Layton*, No. 1:12-cv-01169-RLY-DML,

---

[2] FedEx denies this allegation.

4

2013 WL 1668243 (S.D. Ind. Apr. 17, 2013), a multi-defendant lawsuit alleging violations of due process arising from the plaintiffs' suspensions and terminations from the Marion County Sheriff's Office, the plaintiffs filed a motion to stay the case pending the outcome of felony criminal charges filed against them in state court and while the Marion County defendants' motion to dismiss under Rule 12(b)(6) was pending. While noting that "[g]enerally [] a federal court should take no action which would interfere with an ongoing state criminal proceeding", the Court denied the plaintiffs' motion for stay, finding whether the plaintiffs were guilty of the crimes alleged was irrelevant to the determination of the Marion County defendants' motion to dismiss based on qualified immunity and whether plaintiffs had a property interest in their employment.

C.   *Neither Case's Criminal Indictment nor his Fifth Amendment rights are implicated by this Court's determination of FedEx's Motion to Dismiss.*

Whether Case committed the criminal acts for which he was indicted has no bearing on the determination of FedEx's Motion to Dismiss Plaintiff's claims against it under Fed. R. Civ. P. 12(b)(6). Additionally, considering FedEx's Motion to Dismiss Plaintiff's claims against it will not compromise Case's Fifth Amendment rights or his defense strategy in either this civil action or his criminal proceeding. Indeed, resolution of FedEx's motion does not require Case to make any statements regarding his pending criminal charges or otherwise engage in any discovery in this civil matter that might implicate any of his constitutional rights.[3] This is because the Court only

---

[3] The Court has already entered an order staying discovery pending its ruling on the Brookhaven Defendants' motion to dismiss, which, among other things, challenges the Court's jurisdiction in this matter. In *Wright for and on behalf of Wright v. United States,* No. 3:12-CV-514-TSL-MTP, 2012 WL

5

considers the four corners of Plaintiff's Complaint in ruling on FedEx's Motion. *See Ramos v. Taylor*, 1:20-CV-1256-RP, 2022 WL 17815128 at *4 (W.D. Tex. Dec. 19, 2022) ("The general rule is that courts should consider a motion to dismiss based on the four-corners of the plaintiff's pleadings…").

## CONCLUSION

Based on the foregoing, FedEx respectfully requests the Court deny Case's Motion for Stay as it relates to claims asserted against FedEx.

Respectfully Submitted this the 10th day of April, 2023,

    */s/ Michael C. Williams*
    Michael C. Williams (MBN 104537)
    Whitney J. Jackson (MBN 106120)
    **BRADLEY ARANT BOULT CUMMINGS, LLP**
    P.O. Box 1789
    188 East Capitol Street, Suite 1000
    Jackson, MS 39215-1789
    Tel 601-592-9918
    Fax 601-948-3000
    mcwilliams@bradley.com
    wjackson@bradley.com

    Brandon D. Pettes (admitted PHV)
    Daniel T. French (admitted PHV)
    Terrence O. Reed (admitted PHV)
    **FEDERAL EXPRESS CORPORATION**
    3620 Hacks Cross Road
    Building B, 2nd Floor
    Memphis, TN 38125
    Tel 901-434-8537
    brandon.pettes@fedex.com

---

13173750 (S.D. Miss. Oct. 17, 2012), the Southern Division of this Court recognized that the constitutional rights of the individual defendant for which there was a parallel criminal prosecution were not compromised by the Court considering jurisdictional and immunity questions raised in motions to dismiss filed by other defendants. Though FedEx does not challenge Plaintiff's claims on jurisdictional grounds, the same logic applies because FedEx's Motion to Dismiss does not implicate Case's Fifth Amendment rights.

danielfrench@fedex.com
terrence.reed@fedex.com

*Attorneys for Defendant FedEx*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2023, a copy of the foregoing was served on the parties listed below via the Court's ECF System:

Carlos E. Moore
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
Tel 662-227-9940
Fax 662-227-9941
cmoore@cochranfirm.com

*Attorney for Plaintiff*
Daniel J. Griffith
Jamie F. Lee
Bethany A. Tarpley
**JACKS GRIFFITH LUCIANO, PA**
P.O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732-1209
Tel 662-843-6171
Fax 662-843-6176
dgriffith@jlpalaw.com
jamie@jlpalaw.com
btarpley@jlpalaw.com

*Attorneys for Defendants City of Brookhaven and Chief Kenny Collins*

7

Daniel W. Kitchens
**KITCHENS LAW FIRM, PA**
P.O. Box 799
205 West Railroad Avenue South
Crystal Springs, MS 39059-0799
Tel 601-892-3067
Fax 601-892-3057
dkitchens@kitchenslaw.net

*Attorney For Defendant Brandon Case*

William Kannan Stubbs
John L. Scarborough
**THE STUBBS LAW FIRM, PLLC – FLOWOOD**
1675 Highway 80 East
Flowood, MS 39232
Tel 601-203-1653
Fax 601-203-3165
kannan@stubbsms.com
john@stubbsms.com

*Attorneys for Defendant Gregory Case*

　　　　　　　　　　　　　　　　　　　*/s/ Michael C. Williams*