IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

**D'MONTERRIO GIBSON**                                                  **PLAINTIFF**

v.                                            CIVIL ACTION NO.: 3:23-cv-00054-DPJ-FKB

**FEDERAL EXPRESS CORPORATION;**
**CITY OF BROOKHAVEN, MISSISSIPPI;**
**CHIEF KENNY COLLINS, in his Individual**
**and Official Capacities; BRANDON CASE;**
**and GREGORY CASE**                                               **DEFENDANTS**

### RESPONSE IN OPPOSITION TO DEFENDANTS CITY OF BROOKHAVEN, MISSISSIPPI AND KENNY COLLINS' MOTION TO DISMISS

COMES NOW, Plaintiff D'Monterrio Gibson ("Plaintiff"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and files this, his *Response in Opposition to Defendants City of Brookhaven, Mississippi and Kenny Collins, in his Individual and Official Capacities' Motion to Dismiss*, and would show unto the Court the following, to-wit:

Plaintiff moves this Honorable Court to deny the Defendant City of Brookhaven, Mississippi' motion to dismiss and requests a hearing on said motion and as grounds therefore, would state as follows: Plaintiff has stated a claim for relief, and the federal and state claims of Plaintiff do in fact have merit. On January 24, 2022, Plaintiff, an African American male, was civilly assaulted and battered while on duty by Brandon Case ("Defendant Brandon") and Gregory Case ("Defendant Gregory"), two Caucasian males. Defendants Case terrorized, shot towards, and chased Plaintiff out of the Junior Trail neighborhood located in Brookhaven, Mississippi.

Plaintiff reported to Defendant City's Police Department to make a report about the aforementioned incident involving Defendants Case. The following day Defendants City of Brookhaven, Mississippi ("Defendant City"), Chief Kenny Collins ("Defendant Chief"), and

their officers and/or agents transported Plaintiff back to the Junior Trail neighborhood and left him in the police vehicle while they spoke with individuals in the area. No arrests were made despite Plaintiff's filing claims against Defendants Case. In fact, Defendants Case were given time to turn themselves in to the authorities. Furthermore, Defendants City and Chief have delayed the presentation of critical evidence and documentation pertinent to the instant matter on January 24th, 2022 for nearly ten months, and failed to properly investigate the crimes allegedly committed by Defendants Case.

This unconscionable conduct violated both federal and state law. Justice for these acts is sought by Plaintiff thus on January 20, 2023, Plaintiff filed suit against Defendants City, Chief Collins, and others asserting (1) 42 U.S.C. §1981 – Intentional Racial Discrimination; (2) civil assault and battery; (3) negligent /intentional infliction of emotional distress; (4) general/gross negligence; and (5) civil obstruction of justice. On March 20, 2023, Defendants City and Chief filed their *Motion to Dismiss*.

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205-206 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* At 555. "A claim has facially plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In support, Plaintiff relies on contemporaneously filed Memorandum of Laws in Support of Plaintiff's Response in Opposition to Defendant City of Brookhaven, Mississippi and Chief Kenny Collins, in his Individual and Official Capacities' Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, this Honorable Court should deny Defendants City Motion to Dismiss. Additionally, Plaintiff concedes to the dismissal of Chief Kenny Collins only. Plaintiff prays for all other general relief this Court may deem fair and just.

Respectfully submitted, this the 17th day of April, 2023.

> D'MONTERRIO GIBSON, Plaintiff
>
> By:    /s/ Carlos E. Moore
>         Carlos E. Moore, MSB# 100685

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the above and foregoing pleading was transmitted via ECF to all counsel of record.

THIS, the 17th day of April, 2023.

>    /s/ Carlos E. Moore
> CARLOS E. MOORE, ESQ.