IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

| | |
|---|---|
| D'MONTERRIO GIBSON | PLAINTIFF |
| v. | CIVIL ACTION No.: 3:23-cv-54-DPJ-FKB |
| FEDERAL EXPRESS CORPORATION;<br>CITY OF BROOKHAVEN, MISSISSIPPI;<br>CHIEF KENNY COLLINS, in His Individual<br>and Official Capacities; BRANDON CASE;<br>and GREGORY CASE | DEFENDANTS |

### MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO DEFENDANTS CITY OF BROOKHAVEN, MISSISSIPPI AND CHIEF KENNY COLLINS' MOTION TO DISMISS

COMES NOW, Plaintiff D'Monterrio Gibson ("Plaintiff"), by counsel, and files this *Memorandum in Support of Response in Opposition to Defendants City of Brookhaven, Mississippi and Chief Kenny Collins' Motion to Dismiss*. Plaintiff moves this Honorable Court to deny Defendants' motion and requests a hearing on said motion and as grounds, therefore, would state as follows:

### I.   INTRODUCTION

This case arises due to Defendants City of Brookhaven, Mississippi, Chief Kenny Collins, and others' violation of Plaintiff's state and federal rights. On January 24th, 2022, Plaintiff, an African American male, was acting within the scope of his employment with Defendant FedEx when he was civilly assaulted and battered by Brandon Case ("Defendant Brandon") and Gregory Case ("Defendant Gregory"), two Caucasian males. Defendants Case terrorized, shot towards, and chased Plaintiff out of the Junior Trail neighborhood located within Brookhaven, Mississippi. Plaintiff reported to Defendant City's Police Department to make a report about the aforementioned incident involving Defendants Case. The following day Defendants City of Brookhaven, Mississippi ("Defendant City"), Chief Kenny Collins

("Defendant Chief"), and their officers and/or agents transported Plaintiff back to the Junior Trail neighborhood and left him in the police vehicle while they spoke with individuals in the area. No arrests were made despite Plaintiff's filing claims against Defendants Case. In fact, Defendants Case were given time to turn themselves in to the authorities. Furthermore, Defendant City has delayed the presentation of critical evidence and documentation pertinent to the instant matter on January 24th, 2022 for nearly ten months, and failed to properly investigate the crimes allegedly committed by Defendants Case.

This unconscionable conduct violated both federal and state law. Justice for these acts is sought by Plaintiff thus on January 20, 2023, Plaintiff filed suit against Defendants City and others asserting (1) 42 U.S.C. §1981 – Intentional Racial Discrimination; (2) civil assault and battery; (3) negligent /intentional infliction of emotional distress; (4) general/gross negligence; and (5) civil obstruction of justice. For all these reasons, the Brookhaven Defendants should not be dismissed, nor should attorney's fees be assessed.

## II.   FACTS

At all times material hereto, Plaintiff, an African American male, was employed with Defendant FedEx. On January 24, 2022, Plaintiff was delivering packages as an employee of Defendant FedEx in the Junior Trail neighborhood of Brookhaven, Mississippi. Plaintiff arrived at the residential destination, delivered the package, and returned to his work van. When Plaintiff returned to his work van, he noticed a white van (driven by Defendant Gregory) speeding towards him from behind. Defendant Gregory began honking his horn. Defendant Gregory recklessly sped past Plaintiff to cut him off, but Plaintiff was able to

maneuver the work van around Defendants Case and continued driving. [Doc. 1, at 3-4, ¶11-14].

At this point, Defendant Brandon was waving a firearm in Plaintiff's direction in the middle of the street, motioning for Plaintiff to stop the work van. Plaintiff refused and drove around Defendants Case. Defendant Brandon began to fire shots at Plaintiff as Plaintiff was trying to get to safety. Defendants Case proceeded to chase Plaintiff throughout the Junior Trail neighborhood and nearby to the main interstate/highway. Following this terrifying ordeal, Plaintiff continued to drive until he found an area where he felt safe and immediately contacted his supervisor to report the incident and requested the police to be contacted. [Doc. 1, at 4, ¶15-18].

The supervisor wanted to wait until the following day to report the incident to the police, so Plaintiff had to call the police on his own. Plaintiff went to the Brookhaven Police Department ("BPD") to make a report about the incident. An officer with the BPD took notes regarding the incident and advised Plaintiff that he would give the notes to his supervisor the following morning. Additionally, the officer asked that Plaintiff return to the BPD the next morning with Plaintiff's supervisor. [Doc. 1, at 4, ¶19-20].

On January 25, 2022, Plaintiff and his supervisor went to the BPD for Plaintiff's statement. While at BPD, Plaintiff was taken to the scene of the subject incident and waited in the police vehicle as police officials talked with individuals within the area about the subject incident. [Doc. 1, at 5, ¶25]. No arrests were made despite Plaintiff's filing claims against Defendants Case. In fact, Defendants Case were given time to turn themselves in to the authorities. [Doc. 1, at 5, ¶28]. Furthermore, Defendants City and Chief have delayed the presentation of critical evidence and documentation pertinent to the instant matter on

January 24th, 2022 for nearly ten months, and failed to properly investigate the crimes allegedly committed by Defendants Case. [Doc. 1, at 6, ¶29].

As a result of Defendants' intentional and negligent actions, Plaintiff suffers severe mental anguish and anxiety, loss of sleep, depression, and post-traumatic stress disorder.

### III.   LEGAL STANDARD

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205-206 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* At 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it aks for more than a sheer possibility that a defendant has acted unlawfully," *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal,* 556 U.S. at 679).

The United states "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.,* 615 F.App'x 830, 833 (5th Cir. 2015) (quoting *Johnson v. United States,* 576 U.S. 591, 595-96 (2015)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a

complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson,* 576 U.S. at 595.

It is important to note that the Fifth Circuit consistently has held that a complaint should not dismissed on a Rule 12 motion unless the plaintiff is provided at least one opportunity to amend. *Hernandez v. Ikon Ofc. Solutions, Inc.,* 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002).

### IV.   ARGUMENT AND AUTHORITIES

**A.  42 U.S.C. §1981 claims Supplemental Jurisdiction.**

Plaintiff's state law claims against the Brookhaven Defendants are "(1) assault and battery against Chief Kenny Collins; (2) negligent/intentional infliction of emotional distress against Defendant City; (3) civil obstruction of justice against Chief Kenny Collins. Plaintiff concedes to the dismissal of Chief Kenny Collins' only.

In the alternative, Plaintiff emphasizes that "the Fifth Circuit consistently has held that a complaint should not be dismissed on a Rule 12 motion unless the plaintiff is provided at least one opportunity to amend. *Hernandez v. Ikon Ofc. Solutions, Inc.,* 306 F. App'x 180, 182 (5th Cir. 2009).

**B.  Plaintiff's state law claims do not fail and are not barred by the Mississippi Tort Claims Act ("MTCA").**

The Mississippi Tort Claims Act provides the exclusive remedy for any claim based in tort against a governmental entity or its employees. *Miss. Code Ann. §11-46-7.* Pursuant to Mississippi Code Annotated §11-46-7(1), "the remedy provides by this chapter against a governmental entity or its employees is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its

employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary." It is the allegation of Defendants that the MTCA bars all of Plaintiff's state law claims, since Defendants are governmental employees at the time of the subject incident. Nevertheless, Defendants' contention is erred.

The present matter at hand is a special circumstance that should circumvent the MTCA as it relates to the Plaintiff. Plaintiff reported the civil assault and battery by Defendants Case to the City's police department on the date of the subject incident. Plaintiff was later transported back to the scene of the traumatic event by Defendants officers and left in the police vehicle while the officers spoke with individuals in the Junior Trail neighborhood. Plaintiff was in extreme terror and feared for his well-being the entire time.

Plaintiff's claims should not be dismissed based on pleading deficiencies. It is generally appropriate to provide the plaintiff an opportunity to remedy the pleading deficiencies thorugh the filing of an amended complaint/pleadings. *Moore v. Mississippi Gaming Comm'n,* No. 1:15-CV-00013, 2015 WL 13019615, at *6 (N.D. Miss. Nov. 2, 2015) (citations omitted). *Barnes v. Omega Labs, Inc.,* No. 4:16-CV-121-DMB-JMV, at *10 (N. D. Miss. Mar. 24, 2017).

Plaintiff's claims should not be dismissed based on failure to comply with the notice requirement under Miss. Code Ann. §15-1-36. In comparing the notice provisions of §15-1-36 (15) and §11-46-13, the Court notes that the MTCA's notice provision is clearly more stringent than that of the MMTRA. After comparing the two statutes and considering the way in which the Mississippi Supreme Court has interpreted the MTCA's notice provision, this Court is of the opinion that the Mississippi Supreme Court would require only

substantial compliance with §15-1-36(15) rather than strict compliance as the defendant urges. *Carpenter v. Reinhard,* 345 F.Supp.2d 629 (N. D. Miss. 2004).

In the context of §15-1-.36(15), substantial compliance means that the plaintiff has made a good faith effort to provide the defendant or someone who the plaintiff reasonably believed could receive notice on the defendant's behalf with written notice indicating (1) the intent to bring suit, (2) the legal basis for the suit, (3) the nature of the damages suffered, with any medical injuries described with specificity. *Carpenter v. Reinhard,* 345 F.Supp.2d 629 (N.D. Miss. 2004) The instant matter is similar to *Carpenter* in this aspect, and the Court held that Plaintiff substantially complied with the Miss. Code Ann. §15-1-36(15). Accepting all of these facts as true (or in the very least as disputed issues of fact), the Plaintiff asserts that he did substantially comply with §15-1-36.

### C. Plaintiff's claims should not be dismissed until Plaintiff is afforded an opportunity to amend his complaint.

The Fifth Circuit consistently has held that a complaint should be dismissed on a Rule 12 motion unless the plaintiff is provided at least one opportunity to amend. *Hernandez v. Ikon Ofc. Solutions, Inc.,* 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002). Rule 15 of the Federal Rules of Civil Procedure governs motions to amend made before trial and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

This Court has observed that "Rule 15(a) 'evinces a bias in **favor of granting leave to amend**.'" *Herrmann Holdings Ltd. V. Lucent Techs. Inc.,* 302 F.3d 552, 566 (5th Cir. 2002) (quoting *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981)). A movant is required to give the court some notice of the nature of his or her proposed amendments.

"[I]n order to take advantage of the liberal amendment, even absent a formal motion, need only 'set forth with particularity the grounds for the amendment and the relief sought.'" *United States ex rel v. Doe v. Dow Chem. Co.,* 343 F.3d 325, 330-31 (5th Cir. 2003) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386-87 (5th Cir. 2003)).

Since the filing of Plaintiff's complaint, pertinent information has been discovered regarding the facts in this matter. As such, Plaintiff will file a motion to amend complaint to add pertinent facts, amend facts that are asserted in the complaint, and add and/or remove causes of action. As Plaintiff is afforded an opportunity to amend his complaint before it is dismissed in accordance with the rules outlined above, Defendants City and Chief Collins' motion to dismiss should be denied.

## V.     CONCLUSION

As (1) Plaintiff's claims of civil assault and battery, intentional infliction of emotional distress, and civil obstruction of justice against defendants are supported by the asserted facts and (2) Plaintiff's claims should not be dismissed until Plaintiff is an afforded an opportunity to amend his complaint, Defendants City of Brookhaven, Mississippi's motion to dismiss should be denied.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Honorable Court will deny Defendants City of Brookhaven, Mississippi's motion to dismiss. Additionally, Plaintiff concedes to the dismissal of Chief Kenny Collins only. Plaintiff also prays for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 17th day of April, 2023.

                                      **D'MONTERRIO GIBSON, Plaintiff**

                              **By:**    */s/ Carlos E. Moore*
                                          **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, certify that a true and correct copy of the above and foregoing pleading was transmitted via ECF to all counsel of record.

THIS, the 17th day of April, 2023.

                                                          */s/ Carlos E. Moore*
                                                          CARLOS E. MOORE, ESQ.