**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**D'MONTERRIO GIBSON**                                                    **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO.: 3:23-cv-54-DPJ-FKB**

**FEDERAL EXPRESS CORPORATION, CITY OF**
**BROOKHAVEN, MISSISSIPPI, CHIEF KENNY**
**COLLINS, IN HIS INDIVIDUAL AND OFFICIAL**
**CAPACITY, BRANDON CASE, AND GREGORY CASE**            **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE**
**IN OPPOSITION TO DEFENDANT FEDERAL EXPRESS CORPORATION'S**
**MOTION TO DISMISS**

**COMES NOW** D'Monterrio Gibson ("Plaintiff") by and through his counsel of record, and files this *Memorandum in Support of Plaintiff's Response in Opposition to Defendant Federal Express Corporation's Motion to Dismiss.* Plaintiff moves this Honorable Court to deny Defendant Federal Express Corporation's ("Defendant FedEx") motion and requests a hearing on said motion and as grounds, therefore, would state as follows:

**INTRODUCTION**

This case arises due to Defendant FedEx and others' violation of Plaintiff's state and federal rights. On January 24, 2022, Plaintiff, an African American male, was acting within the scope of his employment with Defendant FedEx when he was civilly assaulted and battered by Brandon Case ("Defendant Brandon") and Gregory Case ("Defendant Gregory") [1], two Caucasian males. Defendants Case terrorized, shot towards, and chased Plaintiff out of the Junior Trail neighborhood located in Brookhaven, Mississippi. Defendant FedEx sent Plaintiff back to

---

[1] Defendant Brandon and Defendant Gregory are collectively referred to as "Defendants Case".

work on the same dangerous route the following day intentionally discriminating against Plaintiff because of his race and intentionally inflicting emotional distress.

This unconscionable conduct violated both federal and state law. Justice for these acts is sought by Plaintiff thus on January 20, 2023, Plaintiff filed suit against Defendant FedEx and others asserting (1) 42 U.S.C. Section 1981 - Intentional Racial Discrimination; (2) civil assault and battery; (3) negligent/intentional infliction of emotional distress; (4) general/gross negligence; and (5) civil obstruction of justice.

## FACTS

At all times material hereto, Plaintiff, an African American male, was employed with Defendant FedEx. On January 24, 2022, Plaintiff was delivering packages as an employee of Defendant FedEx in the Junior Trail neighborhood of Brookhaven, Mississippi. Plaintiff arrived at the residential destination, delivered the package, and returned to his work van. When Plaintiff returned to his work van, he noticed a white van (driven by Defendant Gregory) speeding towards him from behind. Defendant Gregory began honking his horn. Defendant Gregory recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver the work van around Defendants Case and continued driving.

At this point, Defendant Brandon was waving a firearm in Plaintiff's direction in the middle of the street, motioning for Plaintiff to stop the work van. Plaintiff refused and drove around Defendants Case. Defendant Brandon began to fire shots at Plaintiff as Plaintiff was trying to get to safety. Defendants Case proceeded to chase Plaintiff throughout the Junior Trail neighborhood and nearby to the main interstate/highway. Following this terrifying ordeal, Plaintiff continued to drive until he found an area where he felt safe and immediately contacted his supervisor to report the incident and requested the police to be contacted.

The supervisor wanted to wait until the following day to report the incident to the police, so Plaintiff had to call the police on his own. Plaintiff went to the Brookhaven Police Department ("BPD") to make a report about the incident. An officer with the BPD took notes regarding the incident and advised Plaintiff that he would give the notes to his supervisor the following morning. Additionally, the officer asked that Plaintiff return to the BPD the next morning with Plaintiff's supervisor. Plaintiff returned to Defendant FedEx[2] when he left the BPD.

Upon Plaintiff's arrival, another employee of Defendant FedEx began inspecting Plaintiff's work van and took photos. The employee observed many bullet holes inside the back of the van and the packages. A bullet fragment was also found in the back of the van. On January 25, 2022, Plaintiff returned to work for Defendant FedEx. Plaintiff was provided an official "FedEx" vehicle this time, and he was told not to speak with any news outlets regarding the subject incident. Additionally, Plaintiff was assigned to the same route as the day before, which included the Junior Trail neighborhood of Brookhaven, Mississippi. Plaintiff attempted to complete his work route, but due to experiencing a severe panic and anxiety from the subject incident, he had to inform Defendant FedEx that he was uncomfortable working.

On the same date, Plaintiff and his supervisor went to the BPD for Plaintiff's statement. Once Plaintiff and the supervisor were done at the BPD, they returned to Defendant FedEx's Richland, Mississippi location. Plaintiff was told to start his route by his supervisor, but he again informed the supervisor that he felt uncomfortable performing the route. The following day, January 26, 2022, Plaintiff began the medical leave process due to severe anxiety. Plaintiff was racially discriminated against in violation of 42 U.S.C. Section 1981 by Defendant FedEx, and

---

[2] The Richland, Mississippi location.

Plaintiff suffers severe mental anguish and anxiety, loss of sleep, depression, and post-traumatic stress disorder because of the wanton, reckless, and/or intentional actions of Defendant FedEx.

## **LEGAL STANDARD**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205-206 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc*., 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am*., *N.A.,* 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson v. United States*, 576 U.S. 591, 595–96 (2015)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 576 U.S. at 595.

It is important to note that the Fifth Circuit consistently has held that a complaint should not be dismissed on a Rule 12 motion unless the plaintiff is provided at least one opportunity to amend. *Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009*); Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

## ARGUMENT AND AUTHORITIES

I.      **Plaintiff's claim of intentional infliction of emotional distress is supported by the asserted facts and not precluded by the Mississippi Workers' Compensation Act.**

Mississippi Code Section 71-3-9, in relevant part, provides that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee[.] Miss. Code Ann. § 71-3-9."This Court repeatedly has held that, 'in order for a willful tort to be outside the exclusivity of the [MWCA], the employe[r]'s action must be done "with an actual **intent** to injure the employee.'" *Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013) (quoting *Griffin v. Futorian Corp.,* 533 So. 2d 461, 464 (Miss. 1988)). "[A] mere willful and malicious act is insufficient to give rise to the intentional tort exception to the exclusive remedy provisions of the [MWCA]…Reckless or grossly negligent conduct is not enough to remove a claim from the exclusivity of the [MWCA]." *Id.* (internal quotation marks omitted) (quoting *Blailock v. O'Bannon*, 795 So. 2d 533, 535 (Miss. 2001)). In other words,

> [F]or a tort claim against an employer to fall outside the MWCA and survive Rule 12(b)(6) dismissal, a plaintiff must allege that the actions of the employer went beyond negligence, gross negligence, or recklessness. In order to succeed on such a claim, the plaintiff must allege and prove that the employer **acted with an actual intent to injure the employee, with full knowledge that the employee would be injured and with the purpose of the action being to cause injury to the employee**.

*Id.* (emphasis added).

Additionally, a plaintiff may recover damages for the intentional infliction of emotional distress even though no physiological consequences resulted. *Sears, Roebuck & Company v.*

*Devers*, 405 So. 2d 898, 902 (Miss. 1981); *McFadden v. State*, 580 So. 2d 1210, 1217 (Miss. 1991) (quoting *Daniels v. Adkins Protective Service, Inc*., 247 So. 2d 710, 711 (Miss. 1971)). "Intentional infliction of emotional distress can be predicated on behavior that is 'malicious, intentional, willful, wanton, grossly careless, indifferent or reckless.'" *Idom v. Natchez-Adams Sch. Dist*., 115 F. Supp. 3d 792, 804 (S.D. Miss. 2015). In Mississippi, the focus on a claim for intentional infliction of emotional distress is not on "the plaintiff's emotional condition"; rather, it is centered on the defendant's conduct. *Funderburk v. Johnson*, 935 So. 2d 1084, 1099-100 (P40) (Miss. Ct. App. 2006) (citing *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993)).

To establish a claim for intentional infliction of emotional distress, a plaintiff must produce evidence of conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Raiola v. Chevron U.S.A., Inc*., 872 So.2d 79, 85 (Miss. App. 2004)(citing *Brown v. Inter-City Fed. Bank*, 738 So.2d 262, 264 (Miss. App. 1999)).

In this matter, Defendant FedEx acted with actual intent to injure Plaintiff with full knowledge that Plaintiff would be injured and with the purpose of the action being to cause injury to Plaintiff. Moreover, Defendant FedEx's actions were extreme and outrageous. As aforementioned, Plaintiff was acting within the scope of his employment with Defendant FedEx when he was civilly assaulted and battered by Defendants Case. During his delivery route for Defendant FedEx, Defendants Case terrorized, shot towards, and chased Plaintiff out of the Junior Trail neighborhood.

It is pertinent to note that (1) Plaintiff informed Defendant FedEx of all of the details of the subject incident; (2) Defendant FedEx saw many bullet holes inside the back of Plaintiff's

6

work van and the packages; (3) a bullet fragment was also found in the back of the van; (4) Defendant FedEx told Plaintiff not to speak with any news outlets regarding the subject incident; and (5) Plaintiff informed Defendant FedEx that he was experiencing negative mental and emotional effects due to the subject incident **and** was uncomfortable being designated the route that included the Junior Trail neighborhood. Despite these factors, the next day Defendant FedEx assigned Plaintiff to the same route as the day before, which included the Junior Trail neighborhood. Plaintiff attempted to complete his work route, but due to experiencing a severe panic and anxiety from the subject incident, he had to inform Defendant FedEx that he was uncomfortable working. Defendant FedEx still urged and coerced Plaintiff to perform his delivery route.

Essentially, Defendant FedEx knew that Plaintiff was assaulted by Defendants Case in the Junior Trail neighborhood. Plaintiff explicitly advised Defendant FedEx that he experienced negative and debilitating emotional distress as a result of the same. Defendant FedEx intentionally caused and contributed to such by impelling Plaintiff to experience the same horrifying events and Defendant FedEx's actions were extreme and outrageous. As a result of Defendant FedEx's actions, Plaintiff's claim of intentional infliction of emotional distress is not precluded by the Mississippi Workers' Compensation Act. Consequently, Defendant FedEx's motion to dismiss should be denied.

## II.    Plaintiff's 42 U.S.C. Section 1981 claim meets the "plausibility pleading standard."

Plaintiff reasserts the facts and arguments outlined in the previous sections. "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, Title VII of the Civil Rights Act of 1964 prohibits discrimination on the basis of race. To establish a prima facie case of discrimination requires the plaintiff to show: "(1) he is a member of a protected class…(3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co*., 574 F.3d 253, 259 (5th Cir. 2009). An "adverse employment action" refers to an action that affects the "terms, conditions, or privileges of employment." *Young v. City of Houston*, 906 F.2d 177, 182 (5th Cir. 1990).

Once a prima facie case is established, "an inference of intentional discrimination is raised and the burden of production shifts to the employer, who must offer an alternative non-discriminatory explanation for the adverse employment action." *Id*. Once this reason is shown, the burden shifts back to the employee to raise a genuine dispute of material fact that the proffered reason is merely pretextual. *Id*. While the burden of production shifts, the ultimate burden of persuasion at all times remains with the employee. *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Moreover, 42 U.S.C. Section 1981 also prohibits employment discrimination on the basis of race. *Johnson v. Railway Express Agency*, 421 U.S. 454, 459–60 (1975). **Claims of race-based discrimination brought under Section 1981 are governed by the same framework applied to claims of employment discrimination brought under Title VII**. *Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997) (citing *LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 448 (5th Cir. 1996)). Section 1981 claims are available to members of "identifiable classes of persons who are subject to intentional discrimination solely because of their ancestry or ethnic

characteristics." *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987); 42 U.S.C. Section 1981.

In this matter, Plaintiff is a member of a protected class who has been subjected to disparate treatment by Defendant FedEx because of his race. Defendant FedEx attempted to coerce Plaintiff into delaying filing any charges with the BPD by attempting to force Plaintiff to work the same route where the subject traumatic incident occurred. Furthermore, Defendant FedEx demanded, more than once, that Plaintiff work in those dangerous conditions. Defendant FedEx's unlawful discriminatory conduct constitutes a willful and wanton violation of 42 U.S.C. Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights. These aforementioned facts clearly illustrate Defendant FedEx's misconduct. The same caused Plaintiff substantial damages. Consequently, Defendant FedEx's motion should be denied.

### III.    Plaintiff's claims should not be dismissed until Plaintiff is an afforded an opportunity to amend his complaint.

The Fifth Circuit consistently has held that a complaint should not be dismissed on a Rule 12 motion unless the plaintiff is provided at least one opportunity to amend. *Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Rule 15 of the Federal Rules of Civil Procedure governs motions to amend made before trial and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

This court has observed that "Rule 15(a) 'evinces a bias in **favor of granting leave to amend**.'" *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A movant is required to give the court some notice of the nature of his or her proposed amendments. "[I]n

order to take advantage of the liberal amendment rules as outlined in the Federal Rules of Civil Procedure, the party requesting amendment, even absent a formal motion, need only 'set forth with particularity the grounds for the amendment and the relief sought.'" *United States ex rel. Doe v. Dow Chem. Co*., 343 F.3d 325, 330–31 (5th Cir. 2003) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc*., 336 F.3d 375, 386–87 (5th Cir. 2003)).

Since the filing of Plaintiff's complaint, pertinent information has been discovered regarding the facts in this matter. As such, Plaintiff will file a motion to amend complaint to add pertinent facts, amend facts that are asserted in the complaint, and add and/or remove causes of action. As Plaintiff is afforded an opportunity to amend his complaint before it is dismissed in accordance with the rules outlined above, Defendant FedEx's motion to dismiss should be denied.

## CONCLUSION

As (1) Plaintiff's claim of intentional infliction of emotional distress is supported by the asserted facts and not precluded by the Mississippi Workers' Compensation Act; (2) Plaintiff's 42 U.S.C. Section 1981 claim meets the "plausibility pleading standard"; and (3) Plaintiff's claims should not be dismissed until Plaintiff is an afforded an opportunity to amend his complaint, Defendant FedEx's motion to dismiss should be denied.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this Honorable Court will deny Defendant FedEx's motion to dismiss. Plaintiff also prays for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 17th day of April 2023.

**D'MONTERRIO GIBSON**

/s/ Carlos Moore_____
CARLOS MOORE, MSB #100685

10

**OF COUNSEL:**
**THE COCHRAN FIRM**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**cmoore@cochranfirm.com**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing pleading was transmitted via ECF to all counsel of record.

**This the 17th day of April 2023.**

/s/ Carlos Moore_____
Carlos Moore, MSB #100685