**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**D'MONTERRIO GIBSON**                                                                **PLAINTIFF**

**v.**                                                             **Civil Action No.:** 3:23-cv-54-DPJ-FKB

**FEDERAL EXPRESS CORPORATION, CITY OF
BROOKHAVEN, MISSISSIPPI, CHIEF KENNY
COLLINS, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, BRANDON CASE, and GREGORY CASE**                        **DEFENDANTS**

**AMENDED COMPLAINT**
(Jury Trial Demanded)

**COMES NOW**, D'Monterrio Gibson ("Plaintiff"), by counsel, and files this *Amended*

*Complaint* against Federal Express Corporation, City of Brookhaven, Mississippi, Chief Kenny

Collins, in his individual and official capacity, Brandon Case, and Gregory Case, to recover

actual and punitive damages (against the individually named defendants) for the defendants'

violation of Plaintiff's rights under state and federal law and would show unto the Honorable

Court the following, to wit:

**PARTIES**

1.  Plaintiff is an adult resident citizen of the State of Mississippi, residing in Hinds
    County, Mississippi.

2.  Defendant Federal Express Corporation ("Defendant FedEx") is a foreign corporation
    with its principal place of business in Tennessee, qualified to do business in the State of
    Mississippi, and it may be served with process upon its registered agent, C T
    Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi
    39232.

<span style="color:red">Exhibit A</span>

1

3. Defendant City of Brookhaven, Mississippi ("Defendant City") is a city entity that may be served with process on Samantha Melancon, City Clerk, at 301 South 1st Street, #102, Brookhaven, Mississippi 39601.

4. Defendant Chief Kenny Collins ("Defendant Chief Collins") is an adult resident citizen of the Lincoln County, employed by City of Brookhaven, and he may be served with process at his place of employment, Brookhaven Police Department, located at 440 Hwy 51 South, Brookhaven, Mississippi 39602.

5. Brandon Case ("Defendant B. Case") is an adult resident citizen of the State of Mississippi. He may be served with process at 417 Junior Trail, Brookhaven, Mississippi 39601.

6. Gregory Case ("Defendant G. Case") is an adult resident citizen of the State of Mississippi. He may be served with process at 417 Junior Trail, Brookhaven, Mississippi 39601.

## JURISDICTION AND VENUE

7. This action is being brought pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343 (1-4), and 2202 as this case involves a Federal Question based on Plaintiff's protected rights under 42 U.S.C. Section 1981, for obstruction of justice, and Mississippi common law claims of negligence and intentional torts.

8. Venue is proper in the Southern District of Mississippi, pursuant 28 U.S.C. Section 1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interest and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

## STATEMENT

9. Plaintiff was acting within the scope of his employment with Defendant FedEx on January 24, 2022, when he was civilly assaulted and battered by Defendant B. Case and Defendant G. Case (collectively referred to as "Defendants Case"). Defendants Case essentially terrorized, shot at, and chased Plaintiff out of the Junior Trail neighborhood of Lincoln County, Mississippi. Following the assault of Plaintiff, Defendant City and Defendant Chief Collins deliberately delayed the proper investigation of Plaintiff's claims against the Defendants Case, delayed the arrest of said Defendants Case, and delayed the presentation of critical evidence and documentation pertinent to the instant matter. Defendant FedEx forced Plaintiff to return to work on the same dangerous route the following day, intentionally discriminating against Plaintiff because of his race, creating a hostile work environment, and intentionally inflicting emotional distress. This unconscionable conduct violated both federal and state law. Justice for these acts is sought by this lawsuit.

## FACTS

10. This is a claim for federal law violations, state law negligence, intentional torts, racial discrimination, and hostile work environment filed by Plaintiff. These violations caused severe pain and suffering to Plaintiff.

11. At all times material hereto, Defendant FedEx was the employer of Plaintiff, an African American male.

12. On January 24, 2022, Plaintiff was delivering packages as an employee of Defendant FedEx, in the Junior Trail neighborhood of Brookhaven, Mississippi (Lincoln County). Plaintiff arrived at the residential destination, delivered the package, and returned to his

3

work van.

13. When Plaintiff returned to his work van, he noticed a white truck (driven by Defendant G. Case) speeding towards him from behind. Defendant G. Case began honking his horn.

14. Defendant G. Case recklessly sped past Plaintiff to cut him off, but Plaintiff was able to maneuver the work van around Defendant G. Case's truck and continued driving.

15. At this point, Defendant B. Case is waving a firearm in Plaintiff's direction in the middle of the street, motioning for Plaintiff to stop the vehicle. Plaintiff refused and drove around Defendant B. Case.

16. Defendant B. Case began to fire shots at Plaintiff as he was trying to get to safety.

17. Defendants Case proceeded to chase Plaintiff throughout the Junior Trail neighborhood and nearby to the main interstate/highway.

18. Following this terrifying ordeal, Plaintiff continued to drive until he found an area where he felt safe and immediately contacted his supervisor to report the incident and requested that the supervisor call the police.

19. The supervisor wanted to wait until the following day to report the incident to the police, so Plaintiff had to call the police on his own.

20. Plaintiff went to the Brookhaven Police Department ("BPD") to make a report about the incident. An officer at the BPD took notes and told Plaintiff that he would give the notes to his supervisor, Defendant Chief Collins, the following morning. The officer also asked that Plaintiff return to BPD the next morning with his supervisor from Defendant FedEx.

21. Plaintiff returned to Defendant FedEx Richland, Mississippi location when he left the

4

BPD.

22. Upon his arrival, Cressa (another employee of FedEx) began inspecting the van and taking photos. She observed many bullet holes inside the back of the van and the packages. A bullet fragment was also found in the back of the van.

23. On January 25, 2022, Plaintiff returned to work for Defendant FedEx. Plaintiff was provided an official "FedEx" vehicle this time, and he was asked not to speak with any news outlets about the subject incident.

24. Additionally, Plaintiff was assigned to the same route as the day before, which included the Junior Trail neighborhood of Brookhaven, Mississippi. Plaintiff advised Defendant FedEx that he was uncomfortable working due to the subject incident. Defendant FedEx forced Plaintiff to work anyway.

25. Plaintiff attempted to complete his work route, but due to experiencing a severe panic and anxiety from the subject incident, he again informed Defendant FedEx that he was uncomfortable working.

26. The same date, Plaintiff and his supervisor went to the BPD to give Plaintiff's statement regarding the subject incident. While at BPD, Plaintiff was taken back to the scene of the subject incident and waited in the police vehicle as police officials met with and talked to individuals in the area about the incident.

27. Once Plaintiff and the supervisor were done at the BPD, they returned to Defendant FedEx's Richland, Mississippi location. Again, Plaintiff was asked to start his route, but Plaintiff again informed the supervisor that he felt uncomfortable performing the route.

28. Essentially, Defendant FedEx knew all of the details of the subject incident and Plaintiff explicitly advised Defendant FedEx that he experienced negative and

debilitating emotional distress as a result of the same. However, Defendant FedEx still subjected Plaintiff to dangerous conditions by impelling Plaintiff to experience the same horrifying events.

29. The following day, on January 26, 2022, Plaintiff began the medical leave process due to severe anxiety. He was told that he should see a therapist, and Defendant FedEx would cover eight (8) free sessions, with two-weeks off **without pay**. Plaintiff began therapy sessions in February 2022.

30. Despite Plaintiff filing claims against Defendants Case, Defendant City and Defendant Chief Collins did not make an arrest until much later. In fact, Defendant City and Defendant Chief Collins gave Defendants Case time to turn themselves in, which was eight (8) days later. Defendants Case were only in custody for approximately one (1) hour. Defendant B. Case was charged with aggravated assault, and Defendant G. Case was charged with conspiracy. Defendants Case were released on bond the same day.

31. Since their release on bond, Defendant City and Defendant Chief Collins have delayed the process of securing justice for Plaintiff. Defendant Chief Collins intentionally delayed justice for Plaintiff by delaying the presentation of critical evidence and documentation pertinent to the subject matter for nearly ten (10) months and failed to properly investigate the crimes allegedly committed by Defendants Case.

32. As a result of Defendants actions and/or omissions and outlined above, Plaintiff suffers severe mental anguish and anxiety, loss of sleep, depression, and post-traumatic stress disorder.

## FIRST CAUSE OF ACTION

### (42 U.S.C. Section 1981 - Intentional Racial Discrimination)

33. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 9 through 32, inclusive, as if fully set forth herein.

34. Defendant FedEx has discriminated against Plaintiff in violation of 42 U.S.C. Section 1981 by subjecting him to disparate treatment because of his race, by attempting to coerce him into delaying filing any charges with the BPD, by attempting to force Plaintiff to work the same route where the traumatic incident of January 24, 2022 took place, and by demanding, **multiple times**, that Plaintiff return to work following the January 24, 2022, incident.

35. As a direct and proximate result of the Defendant FedEx's unlawful discriminatory conduct in violation of 42 U.S.C. Section 1981, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, stress and anxiety, loss of sleep, and emotional pain and suffering.

36. Defendant FedEx's unlawful discriminatory conduct constitutes a willful and wanton violation of 42 U.S.C. Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling him to an award of damages.

## SECOND CAUSE OF ACTION

### (42 U.S.C. Section 1981- Hostile Work Environment)

37. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 9 through 32, inclusive, as if fully set forth herein.

38. Defendant FedEx created hostile work environment in violation 42 U.S.C. Section 1981.

3c

39. Defendant FedEx knew all of the details of the subject incident and Plaintiff explicitly advised Defendant FedEx that he experienced negative and debilitating emotional distress as a result of the same multiple times. However, Defendant FedEx still forced Plaintiff to experience distress and subjected Plaintiff to dangerous conditions by impelling Plaintiff, multiple times, to work the same route where the traumatic incident occurred.

40. Moreover, Defendant FedEx attempted to coerce Plaintiff into delaying filing any charges with the BPD, by attempting to force Plaintiff to work the same route where the subject incident occurred, and by demanding more than once that Plaintiff return to work following the subject incident.

41. Defendant FedEx's actions were so egregious that the terms and conditions of Plaintiff's employment were thereby altered.

42. As a direct and proximate result of the Defendant FedEx's unlawful discriminatory conduct in violation of 42 U.S.C. Section 1981, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, stress and anxiety, loss of sleep, and emotional pain and suffering.

43. Defendant FedEx's unlawful discriminatory conduct constitutes a willful and wanton violation of 42 U.S.C. Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling him to an award of damages.

### THIRD CAUSE OF ACTION

**(Civil Assault and Battery against Brandon Case and Gregory Case)**

44. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 9 through 32, inclusive, as if fully set forth herein.

45. As a result of the individually named defendants', Brandon Case and Gregory Case, actions, including the shooting at Plaintiff without justification, Plaintiff was wrongfully assaulted without just or probable cause or provocation.

46. As a result of the foregoing, Plaintiff suffered serious mental issues, including severe anxiety, loss of sleep, depression, and emotional distress.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress against all Defendants)

47. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 9 through 33, inclusive, as if fully set forth herein.

48. The defendants acted with actual intent to injure Plaintiff with full knowledge that Plaintiff would be injured and with the purpose of the action being to cause injury to Plaintiff.

49. Moreover, the defendants' actions were extreme and outrageous.

50. Plaintiff suffered serious emotional distress as a result of the defendants' actions and misconduct towards him.

51. The conduct of the defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope. Plaintiff is also suffering from severe depression and post-traumatic stress disorder as a result of the intentional actions of the defendants.

## FIFTH CAUSE OF ACTION

9

**(General/Gross Negligence against Brandon and Gregory Case)**

52. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 9 through 33, inclusive, as if fully set forth herein.

53. Defendants Case physically harassed, chased down, and fired shots at Plaintiff therein creating significant fear and terror on the part of Plaintiff to date.

54. The conduct of the defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope. Plaintiff is also suffering from post-traumatic stress disorder as a result of the negligent actions of Defendants Case.

## SIXTH CAUSE OF ACTION

### (Civil Obstruction of Justice Against Chief Kenny Collins)

55. Plaintiff hereby repeats and re-alleges all averments, statements, and paragraphs 9 through 33, inclusive, as if fully set forth herein.

56. Defendant Chief Collins deliberately and intentionally delayed the presentation of critical evidence and documentation pertinent to the incident on January 24, 2022, for nearly ten (10) months, and failed to properly investigate the crime. As a result, the process of securing justice for Plaintiff has been upheld for several months, as well as the upgrade to the criminal charges against Defendants Case.

57. The conduct of the defendants was a substantial factor in causing Plaintiff's serious emotional distress; including but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable with which to cope. As a result, Plaintiff is also suffering from post-traumatic

stress disorder.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiff respectfully prays for judgment against all the defendants, including compensatory damages, punitive damages against the individually named Defendants, as well as Defendant FedEx, any and all damages allowed by state and federal law including attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court and no less than $5,000,000.00.

Respectfully submitted, this the _____ day of April 2023.

**D'MONTERRIO GIBSON**

_____

CARLOS MOORE, MSB #100685

**OF COUNSEL:**
**THE COCHRAN FIRM**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**cmoore@cochranfirm.com**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing pleading was transmitted via ECF to all counsel of record.

**This the _____ day of April 2023.**

_____

Carlos Moore, MSB #100685