IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| D'MONTERRIO GIBSON, | ) |
| Plaintiff, | ) |
| v. | ) Docket No. 3:23-cv-54-DPJ-FKB |
| FEDERAL EXPRESS CORPORATION, CITY OF BROOKHAVEN, MISSISSIPPI, CHIEF KENNY COLLINS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, BRANDON CASE, and GREGORY CASE, | ) |
| Defendants. | ) |

**DEFENDANT FEDERAL EXPRESS CORPORATION'S REBUTTAL
IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Local Civil Rule 7(b)(4) of the Southern District of Mississippi, Defendant Federal Express Corporation (FedEx") submits its Rebuttal in support of its Motion to Dismiss.

*A. Gibson's Negligent Infliction of Emotional Distress ("NIED") Claim*

FedEx asserts in its motion to dismiss that the Mississippi Workers' Compensation Act ("MWCA") provides the exclusive remedy for Gibson's work-related injuries and bars his tort claims, including his NIED claim. Gibson's Response in Opposition fails to respond to FedEx's defense. Consequently, Gibson abandoned his NIED claim, and the Court should dismiss it *with prejudice. See Burrell v. Concept AG, LLC*, No. 4:19-cv-00124, 2020 U.S. Dist. LEXIS 180358, *9-10 (N.D. Miss. Sept. 30, 2020) ("At the outset, the court finds that, as noted by defendants, plaintiffs have abandoned a number of claims by failing to defend them in response to defendants' motion to dismiss. . . . The court finds that these claims should be dismissed without further analysis due to plaintiff's failure to raise arguments in support thereof.").

1

   B. *Gibson's Intentional Infliction of Emotional Distress (IIED) Claim*

Gibson still fails to direct the Court to facts in his Complaint or proposed Amended Complaint that would remove his IIED claim from the MWCA's exclusive remedy and tort claim bar. FedEx's defense simply relies on the plethora of Mississippi case law that routinely bars employees' IIED claims in the employment context when the emotional injury sustained is in the course and scope of employment, like in this case. *See, e.g., Bailey v. Lockheed Martin Corp.*, 432 F. Supp. 2d 665, 668 (S.D. Miss. 2005) (dismissing IIED claim because of workers' compensation exclusivity). Indeed, emotional injuries sustained in the course and scope of employment are compensable *only* under the MWCA, and "[t]his nexus 'requires a showing of minimal causation: only a rational connection between employment and injury is necessary." *Tanks v. Lockheed Martin Corp.*, 417 F.3d 456, 465 (5th Cir. 2005).

Gibson repeatedly concedes throughout his Response and his proposed Amended Complaint that his alleged emotional injuries occurred within the course and scope of his employment. *See* Response, DE 33, PageID #6 ("As aforementioned, Plaintiff was acting within the scope of his employment with Defendant FedEx . . . ."); Proposed Amended Complaint, attached as Exh. A to DE #34, ¶ 9 ("Plaintiff was acting within the scope of his employment with Defendant FedEx on January 24, 2022 . . . ."). As a result, Gibson cannot maintain his IIED tort claim against FedEx. *See Jones v. Tractor Supply Co.*, No. 3:18-cv-00168, 2021 U.S. Dist. LEXIS 60862, *5 (N.D. Miss. Mar. 30, 2021) (". . . . it is well settled in Mississippi that workers' compensation is the exclusive remedy for employees who sustain injuries arising out of their employment.").

Furthermore, even assuming Gibson's allegations in his Complaint and proposed Amended Complaint are true, they do not constitute outrageous and extreme conduct to maintain an IIED

2

claim. During the relevant time period, Gibson was an at-will employee (and still is). Even if FedEx had threatened to terminate Gibson's employment or actually terminated it when he refused to work his normal courier route after the incident, as a matter of law, this would not even have constituted extreme and outrageous conduct to sustain an IIED claim. *See, e.g., Lamb v. CNG Producing Co.*, No. 93-2302, 1993 U.S. App. LEXIS 39476, *13 – 15 (5th Cir. Nov. 12, 1993) (holding that neither threats of termination nor termination constitute outrageous and extreme conduct to sustain an IIED claim.). Therefore, merely requesting that Gibson run his normal courier route without consequences for failing to do so cannot constitute extreme and outrageous conduct.

Gibson attempts to heighten the inflammatory language in his proposed Amended Complaint to avoid dismissal, for example, by alleging "*Defendant FedEx forced Plaintiff to return to work on the same dangerous route the following day . . . .*" *See* Proposed Amended Complaint, attached as Exh. A to DE #34, ¶ 9. However, Gibson concedes in his Complaint and proposed Amended Complaint that he did not complete his normal route—undercutting any argument he was "forced" to perform any task. *See* Complaint, DE 1, PageID # 5, ¶¶ 24, 26; Proposed Amended Complaint, attached as Exh. A to DE #34, ¶ 25, 27. Yet, he is still employed with FedEx. Therefore, this new allegation is disingenuous.

In response to FedEx's motion to dismiss and realizing his Complaint fails to meet the *Iqbal / Twombly* pleading standard, Gibson attempts to salvage his IIED claim by adding conclusory language in his proposed Amended Complaint that tracks the IIED elements, but it lacks any *factual* support. *See, e.g.*, Proposed Amended Complaint, attached as Exh. A to DE #34, ¶ 48. ("The defendants acted with actual intent to injure Plaintiff with full knowledge that Plaintiff would be injured and with the purpose of the action being to cause injury to Plaintiff.")

However, as this Court has recognized, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Taylor v. Nissan N. Am.*, No. 3:16CV821, 2017 U.S. Dist. LEXIS 97111, *2 (S.D. Miss. June 23, 2017).

  C. *Gibson's 42 U.S.C. §1981 claim*

  FedEx moved the Court to dismiss Gibson's § 1981 claim because he insufficiently pled the two requisite ultimate elements of his claim – (1) an "adverse employment action," and (2) a causal nexus between Gibson's race and the (unspecified) adverse employment action. Plaintiff's Response in Opposition fails to address either issue, and his proposed Amended Complaint still does not plead them. Because Gibson fails to address these issues, he waives his § 1981 claim, and the Court should dismiss it *with prejudice*. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (holding that a party who inadequately briefs an issue waives the claim). In response to FedEx's motion, Gibson does not point the Court to any ultimate employment decision by FedEx that affects the terms, conditions, or privileges of employment, such as hiring, firing, demoting, promoting, granting leave, or compensation. In fact, Gibson's allegations reflect that he was not terminated and was granted leave upon request. *See* Complaint, DE 1, PageID # 5, ¶ 27; Proposed Amended Complaint, attached as <u>Exh. A</u> to DE #34, ¶ 29.

  Alternatively, at most, Gibson's Complaint and proposed Amended Complaint allege that FedEx expected him to perform his regular courier route after the incident. However, as a matter of law, this does not constitute an ultimate employment decision to sustain a § 1981 claim. *See Wallace v. Performance Constr., Inc.,* 57 F.4th 209, 218 (5th Cir. 2023) (noting that plaintiff's written job description included the task that the plaintiff complained she was asked to perform, and thus the employer's request that she perform it was "insufficient to establish that she suffered any adverse employment action"); *see also Smith v. Illinois Dept. of Transp.*, No. 15 C 2061, 2018

U.S. Dist. LEXIS 133810, *9 (N.D. Ill. Aug. 8, 2018) (finding that, under the lower 'adverse employment action' standard applicable to retaliation claims, plaintiff does not allege adverse employment action where he "is essentially complaining that he was made to do his job on a given day. That does not rise to the level of a materially adverse employment action.").

Even if FedEx threatened Gibson with termination if he did not perform his regular courier route, which is not pled, there still would be no adverse employment action. *See Allen v. United States Dep't of Agric.*, No. 4:13-cv-00174, 2014 U.S. Dist. LEXIS 133544, *27 - 28 (N.D. Miss. Sept. 23, 2014) (holding in Title VII discrimination claim that "[a]ny allegations that she was threatened with termination are not cognizable as an adverse employment action."); *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997) ("[V]erbal threat of being fired" is not an adverse employment action for purposes of Title VII); *Decker v. University of Houston*, No. 97-20502, 1998 U.S. App. LEXIS 39524, *29 (5th Cir. Sept. 15, 1998) (holding in disability discrimination claim that threats of termination do not "arise to the level of an actionable adverse employment action under the ADA").

Gibson likewise fails to direct the Court to a causal nexus between his race and an (unspecified) adverse employment action, either in his Response in Opposition to FedEx's motion to dismiss or in his proposed Amended Complaint. Mississippi federal courts have repeatedly held that –

> For their Section 1981 claim to survive Rule 12(b)(6) review, plaintiffs **must specifically plead** that defendants treated them in a **discriminatory manner because of their race compared to similarly situated white [workers]**. The Fifth Circuit has explained that generalized allegations of disparate treatment of the plaintiffs compared to another non-minority are insufficient to survive a motion to dismiss.
>
> . . . . It is well settled that a plaintiff's speculative, subjective belief that he was been the subject of discrimination, no matter how genuinely held, when unsupported by any **specific factual evidence** is insufficient to establish a claim under Section 1981 or, for that matter, any other anti-discrimination statute. Absent any allegations of

5

>  facts supporting a plausible Section 1981 claim, plaintiffs' subjective belief that they were discriminated against because of their race falls short of the Rule 12(b)(6) standard . . . .

*Burrell*, 2020 U.S. Dist. LEXIS 180358, at *5. (emphasis added) (citing *Body by Cook, Inc., v. State Farm Mut. Auto. Ins.*, 869 F.3d 381 (5th Cir. 2017) and (citing *Vance v. Union Planters Corp.*, 209 F.3d 438, 444 (5th Cir. 2000)).

Indeed, Mississippi courts consistently dismiss § 1981 claims when plaintiffs fail to plead that similarly situated comparators were treated more favorably. *See, e.g., Burrell*, 2020 U.S. Dist. LEXIS 180358, at *5 (dismissing § 1981 claim because plaintiffs "failed to identify any 'comparators' or similarly situated non-minority farmers who were treated differently by defendants than plaintiffs"). Gibson has not alleged that FedEx treats non-African American employees differently and he failed to identify any such similarly situated comparator. Consequently, his § 1981 claim should be dismissed *with prejudice*.

Finally, on page 8 of Gibson's Response, he invites the Court to engage in the *McDonnell Douglas* burden-shifting paradigm before dismissing his § 1981 claim. This would be inappropriate for two reasons. First, this burden-shifting is only appropriate when the Court is considering a motion for summary judgment. When considering FedEx's motion to dismiss, the Court should only look to the four corners of Gibson's Complaint to determine if he adequately pleads a claim for which relief can be granted. *See Weiss v. Fischer*, No. 1:93CV164-D-D, 1994 U.S. Dist. LEXIS 21191, *10 (N.D. Miss. Sept. 23, 1994). Gibson can shift no burden of production or persuasion on FedEx to survive FedEx's motion to dismiss.

Second, even if the *McDonnell Douglas* burden-shifting mechanism was appropriate at this stage of litigation, Gibson has not triggered it by demonstrating a *prima facie* race discrimination claim. As previously noted, Gibson fails to demonstrate an adverse employment action or a causal

6

nexus between his race and an adverse employment action. Therefore, the *McDonnell Douglas* burden-shifting would not allow Gibson to avoid dismissal.

    D. *Gibson's Proposed Amended Complaint Asserting a Hostile Work Environment Claim*

Gibson implores the Court not to dismiss his Complaint until he has a chance to amend it to try to cure the deficiencies raised in FedEx's motion to dismiss. He then moves the Court for leave to file an Amended Complaint asserting a new § 1981 hostile work environment claim.[1] However, leave to file the Amended Complaint would be futile because that claim would not survive a motion to dismiss either. *See Miller v. Pioneer Hi-Bred Int'l Inc.*, No. 4:22-cv-18, 2022 U.S. Dist. LEXIS 111324, *2 (N.D. Miss. June 23, 2022) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. Therefore, we review the proposed amended complaint under the same standard of legal sufficiency as applies under Rule 12(b)(6)."); *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003) (Denying a motion to amend is not an abuse of discretion if allowing the amendment would be futile, and amendment is futile if it would fail to survive Rule 12(b)(6).); *Britt v. Miss. Farm Bureau Cas. Ins., Co.*, No. 1:17-CV-219, 2018 U.S. Dist. LEXIS 118976, *4-5 (July 17, 2018) ("[T]he court may in its discretion deny a motion to amend if it is futile, with futility determined under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'").

    1. *Gibson fails to plead in his proposed Amended Complaint that FedEx created a working environment heavily charged with **racial** discrimination and pleads no nexus to his race.*

Gibson's proposed racially hostile work environment claim should be dismissed because he fails to plead FedEx created a working environment heavily charged with racial discrimination. *See Raj v. La. State Univ.*, 714 F.3d 322, 330 – 31 (5th Cir. 2013) ("A hostile work environment claim, in turn, necessarily rests on an allegation that an employer has created a working

---

[1] Gibson's proposed Amended Complaint omits the negligent infliction of emotional distress claim that was pled in his initial Complaint. Gibson obviously abandoned this claim.

environment heavily charged with discrimination."). And, as noted in a prior section of this Rebuttal, Gibson fails to plead racial discrimination (i.e. that he was treated differently than non-African American employees), much less that his working environment was heavily charged with it.

To adequately plead a claim for a hostile work environment under § 1981, Gibson had to plead facts plausibly demonstrating his workplace is permeated with racially discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of his employment and create an objectively abusive working environment. *See Smith v. Home Depot U.S.A., Inc.*, No. 2:05CV2188 LG-JMR, 2007 WL 4292572 at *5 (S.D. Miss. Dec. 5, 2007) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). To determine whether a hostile work environment exists, a court must consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey*, 286 F.3d at 268.

Gibson's hostile work environment claim suffers from the same causation deficiency as his disparate treatment claim – there are no allegations that a FedEx employee (or third-party) harassed him ***because*** he is African American. To survive a motion to dismiss, he must adequately plead facts demonstrating his alleged hostile work environment was based on a protected category, like race. *See English v. Perdue*, 777 Fed. Appx. 94, 98 (5th Cir. 2019). Gibson does not plausibly allege the hostile work environment was caused by animus toward him being African American, which is fatal to his proposed claim. *See Solorzano v. Shell Chem. Co.*, No. 00-31191, 2001 WL 564154 at *9 (5th Cir. May 18, 2001). It is axiomatic that alleged mistreatment at work, whether through subjection to a hostile environment or through other means, is ***only*** actionable when it

8

occurs because of an employee's protected characteristic, in this case – race. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1988) ("[O]nly harassment motivated by racial animus (or animus toward another protected class) is actionable."); *Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 806 n.2 (5th Cir. 1996) (The law "does not protect employees from hostile conduct that is not based on their protected status.").

Gibson's proposed Amended Complaint does not allege that any FedEx employee subjected him to any *racially* charged threats, insults, ridicule, epithets, name-calling, or humiliation. There is not even an inference in the proposed Amended Complaint that any action was taken by a FedEx employee because Gibson is African American. Again, his proposed Amended Complaint merely alleges that he is African American, but that fact alone fails to establish a race-based hostile work environment. *See Hightower v. Fam. Health Care Clinic, Inc.*, No. 3:19-cv-934-DPJ-FKB, 2022 WL 866264 at *21 (S.D. Miss. Mar. 22, 2022) ("At most, Hightower [an African American], argues that [her harasser] is a 'white woman.' But that fact fails to establish a race-based hostile work environment . . . ."). "Poor treatment without more is not sufficient to show harassment based on race, even if [the plaintiff] believes race to be the motivating factor for the poor treatment." *Eaton-Stephens v. Grapevine Collierville Ind. Sch. Dist.*, 715 F. App'x 351, 356 (5th Cir. 2017).

Where a court is left to speculate that harassment was based on race, courts customarily grant motions to dismiss hostile work environment claims. *See, e.g.*, *Raj*, 714 F.3d at 331 (Plaintiff "does not allege any facts that link the alleged harassment with his race . . . . As [the plaintiff] has not alleged any connection between his race . . . and the harassment alleged in the complaint, he has not pled a claim of hostile work environment that raises his right to relief above the speculative level.").

9

> *2. Gibson fails to plead in his proposed Amended Complaint harassment sufficiently severe or pervasive.*

Accepting Gibson's allegations in his proposed Amended Complaint as true, he fails to plead allegations indicative of a hostile work environment. To the contrary, his proposed Amended Complaint alleges that FedEx asked him to perform his regular route twice after the January 24 incident, and when Gibson refused to complete his regular route, he was not disciplined. *See* Proposed Amended Complaint, attached as Exh. A to DE #34, ¶ 25, 27, 29.

To be clear, FedEx acknowledges that Defendants Brandon and Gregory Case (the "Case Defendants") certainly interfered with Gibson's work performance in an egregious manner. But, Gibson conflates FedEx's actions with the Case Defendants' misconduct, which admittedly made Gibson's job much more stressful. However, Gibson centers his hostile work environment claim on FedEx's response to the incident involving the Case Defendants (i.e. putting Gibson in a FedEx vehicle with a FedEx logo and allegedly not modifying his normal courier route). While Gibson's work environment may have been stressful the day after the incident, "[e]ven a highly stressful work environment is not the same as a hostile work environment imbued with the requisite pervasive discriminatory animus to support a Title VII [or §1981] claim." *Peters v. District of Columbia*, 873 F. Supp. 2d 158, 192 (D.D.C. 2012).

Federal district courts consistently find that an employer requiring an employee to perform his job duties does not constitute harassment. Therefore, as a matter of law, FedEx's alleged distinct employment action of asking Gibson to run his normal courier route, despite its perceived difficulty, does not rise to the threshold level of severe or pervasive to alter the terms, conditions, or privileges of his work environment. *See, e.g., Smith*, 2018 U.S. Dist. LEXIS at *12 ("[R]equiring an employee to perform his basic job duties does not create a hostile work environment."); *Stelter v. Wis. Physicians Serv. Ins. Corp.*, No. 17-cv-463, 2018 U.S. Dist. LEXIS

203632, *37 (W.D. Wis. Nov. 30, 2018) (holding that requiring an employee to perform her listed "job responsibilities" "is not sufficiently severe or pervasive to sustain a claim for hostile work environment"); *Arvakhi v. Castro*, No. 2:14-cv-02816, 2015 U.S. Dist. LEXIS 140601, *24 (C.D. Cal. Oct. 15, 2015) ("[A]sking an employee to perform ***additional or difficult*** assignments is not sufficiently severe or pervasive to constitute a hostile work environment.") (emphasis added); *Hawkins v. Vantage Point Behavioral Health, LLC*, 2014 U.S. Dist. LEXIS 168373, *14 (W.D. Ark. Dec. 2, 2014) ("An employer does not create a hostile work environment by requiring its employees to perform the work for which they were hired.").

Even if FedEx asked Gibson to perform duties ***outside*** his normal work responsibilities, this still would not rise to the threshold level of severe or pervasive to sustain a hostile work environment claim. *See, e.g., Favi v. Virginia State Univ.*, No. 3:19-517m 2020 U.S. Dist. LEXIS 125587, *12-13 (E.D. Va. July 15, 2020) (dismissing a hostile work environment claim for failure to state a claim where the plaintiff alleged that her supervisor asked her to perform duties outside her employee work profile, expected her to perform physically taxing work, and made decisions that made the plaintiff's research more difficult).

While Gibson may object to FedEx's alleged request that he complete his assigned courier route, § 1981's goal of equality is not served if a claim can be maintained solely based on actions that offend, but do not hinder an employee's work performance. *See Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir. 1996).

## **CONCLUSION**

Based on the foregoing, FedEx prays this Court enter an Order granting its Motion to Dismiss Gibson's claims *with prejudice* and awarding FedEx such other and further relief to which it may be entitled.

/s/ Terrence O. Reed
Terrence O. Reed (Admitted PHV)
Brandon D. Pettes (Admitted PHV)
Daniel T. French (Admitted PHV)
3620 Hacks Cross Road, Bldg. B, 2nd Fl.
Memphis, TN 38125
Tel: 901-434-8603
Email: Terrence.reed@fedex.com
            Brandon.pettes@fedex.com
            Daniel.french@fedex.com

/s/ Michael Williams
Michael Williams (MS Bar #104537)
Whitney J. Jackson (MS Bar # 106120)
**BRADLEY ARANT BOULT CUMMINGS LLP**
One Jackson Place
188 East Capitol Street, Suite 1000
Jackson, MS 39201
Tel: 601-592-9918
Email: mcwilliams@bradley.com
Email: wjackson@bradley.com

*Attorneys for Defendant Federal Express Corporation*

## CERTIFICATE OF SERVICE

I certify that on April 25, 2023, a copy of the foregoing was served on the parties listed below via the Court's ECF System:

Carlos E. Moore, Esq.
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
Tel: 662-227-9940
Fax: 662-227-9941
Email: cmoore@cochranfirm.com

*Attorney for Plaintiff*

Daniel J. Griffith, Esq.
Jamie F. Lee, Esq.
Bethany A. Tarpley, Esq.

JACKS GRIFFITH LUCIANO, PA
P. O. Box 1209
150 N. Sharpe Ave.
Cleveland, MS 38732-1209
Tel: 662-843-6171
Fax: 662-843-6176
Email: dgriffith@jlpalaw.com
       jamie@jlpalaw.com
       btarpley@jlpalaw.com

*Attorneys for Defendants, City of Brookhaven, Mississippi and Chief Kenny Collins*

Daniel W. Kitchens
KITCHENS LAW FIRM, PA
P.O. Box 799
205 West Railroad Avenue South (39059-2161)
Crystal Springs, MS 39059-0799
Tel: 601-892-3067
Fax: 601-892-3057
Email: dkitchens@kitchenslaw.net

*Attorney for Defendant, Brandon Case*

William Kannan Stubbs, Esq.
John L. Scarborough, Esq.
THE STUBBS LAW FIRM, PLLC - Flowood
1675 Highway 80 E
Flowood, MS 39232
Tel: 601-203-1653
Fax: 601-203-3165
Email: kannan@stubbsms.com
       john@stubbsms.com

*Attorneys for Defendant, Gregory Case*

                                        */s/ Terrence O. Reed*
                                        Terrence O. Reed