IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| D'MONTERRIO GIBSON, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Docket No. 3:23-cv-54-DPJ-FKB <br> ) |
| FEDERAL EXPRESS CORPORATION, <br> CITY OF BROOKHAVEN, MISSISSIPPI, <br> CHIEF KENNY COLLINS, IN HIS <br> INDIVIDUAL AND OFFICIAL <br> CAPACITY, BRANDON CASE, and <br> GREGORY CASE, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

DEFENDANT FEDERAL EXPRESS CORPORATION'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Defendant Federal Express Corporation ("FedEx"), pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, files its Response in Opposition to Plaintiff D'Monterrio Gibson's ("Gibson") Motion for Leave to Amend Complaint (DE 34) as follows:

**INTRODUCTION**

Gibson's original complaint asserts claims against FedEx for race discrimination under 42 U.S.C. § 1981, common-law negligent infliction of emotional distress ("NIED"), and common-law intentional infliction of emotional distress ("IIED"). These claims are premised on his allegation that FedEx asked him to work his assigned delivery route in the days following a January 24, 2022, incident in which Defendants Brandon and Gregory Case assaulted Gibson as he attempted to

make deliveries in the Junior Trail subdivision in Brookhaven, Mississippi. In response, FedEx filed its motion to dismiss Gibson's complaint because his NIED and IIED claims are barred by workers' compensation exclusivity, Gibson failed to allege facts showing FedEx engaged in conduct that would satisfy the high "outrageous behavior" standard to support an IIED claim, and his § 1981 claim failed to meet the *Twombly/Iqbal* plausibility pleading standard.

In his opposition brief, Gibson abandoned his NIED claim by not responding to FedEx's arguments, argued that his § 1981 claim met the plausibility standard by erroneously referencing the *McDonnell Douglas* burden-shifting analysis for summary judgment motions, and implored the Court to grant him leave to amend his complaint rather than dismiss it for its deficiencies. In response, FedEx filed a rebuttal brief.

Gibson now seeks leave to amend his complaint. But, his proposed amended complaint suffers from the same pleading deficiencies as his original one, warranting dismissal. Specifically, the conclusory allegations offered in the proposed amended complaint tracking the elements of an IIED claim still do not rise to the required level of outrageous conduct. Gibson still fails to state a § 1981 claim because he does not allege he suffered an adverse employment action or that there is a causal nexus between his race and any alleged adverse action. And, his newly-pled hostile work environment claim fails because there are no facts from which the Court can conclude Gibson's work environment was heavily charged with racial discrimination, that any

2

alleged harassment was severe or pervasive, or that there was a causal connection between the alleged harassment and his race.

Because Gibson's proposed amended complaint would not pass muster under the Fed. R. Civ. P. 12(b)(6) standard, granting his motion for leave to amend his complaint would be futile. Thus, Gibson's motion should be **DENIED**.

## LAW AND ARGUMENT

A.  *Legal Standard for Motion to Amend.*

Though Fed. R. Civ. P. 15(a) requires a trial court grant leave to amend freely, "[l]eave to amend is in no way automatic…" *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). Rather, the district court "may consider a variety of factors [in deciding whether to grant or deny a motion to amend] including… 'futility of the amendment.'" *Id.* (internal citation omitted). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion[;] [t]herefore,…the proposed amended complaint [is reviewed] under 'the same standard of legal sufficiency as applies under [that] Rule…'" *Id.* (internal citation omitted).

B.  *Gibson's IIED claim is still barred by workers' compensation exclusivity and fails to meet the plausibility pleading standard.*

Gibson's proposed amended complaint still fails to plead facts that would remove his IIED claim from the MWCA's exclusive remedy and tort claim bar. Despite adding more inflammatory language to his existing allegations (e.g. changing FedEx "asked" him to perform his assigned route after the incident to FedEx "forced"

him)[1], the crux of Gibson's complaint is still that he suffered emotional injuries from FedEx's requests that he work his assigned delivery route in the days after the incident. Gibson's proposed amended complaint reiterates that his alleged emotional injuries occurred within the course and scope of his employment. *See* Proposed Amended Complaint, attached as Exh. A to DE #34, ¶ 9. It is axiomatic in the Fifth Circuit that emotional injuries sustained in the course and scope of employment are compensable **only** under the MWCA, and "[t]his nexus 'requires a showing of minimal causation: only a rational connection between employment and injury is necessary." *Tanks v. Lockheed Martin Corp.*, 417 F.3d 456, 465 (5th Cir. 2005). Mississippi courts routinely bar employee IIED claims in the employment context when the emotional injury sustained is in the course and scope of employment, as in this case. *See, e.g., Bailey v. Lockheed Martin Corp.*, 432 F. Supp. 2d 665, 668 (S.D. Miss. 2005) (dismissing IIED claim because of workers' compensation exclusivity).

Further, assuming *arguendo* that Gibson's allegations in the proposed amended complaint are true, they still do not constitute outrageous conduct as is necessary to maintain an IIED claim. At all times relevant to this lawsuit, Gibson was an at-will employee (and still is). He does not allege FedEx terminated his employment or otherwise took any adverse employment action against him after the incident (nor can he). His IIED claim against FedEx is solely based on the allegation that Gibson was "forced" to work his assigned route after advising FedEx that he experienced anxiety after the incident. *See* Proposed Amended Complaint, attached

---

[1] *See* Proposed Amended Complaint, attached as Exh. A to DE #34, ¶ 24.

as Exh. A to DE #34, ⁋ 24. Common sense dictates (and the Fifth Circuit has recognized) that requiring an employee to perform his own job duties does not rise to the level of extreme and outrageous conduct required to maintain an IIED claim. *See, e.g.*, *Ramirez v. Allright Parking El Paso, Inc.*, 970 F.2d 1372, 1376-77 (5th Cir. 1992) (reversing a jury finding in favor of plaintiff on his IIED claim under Texas law where the evidence showed plaintiff, though demoted from a supervisory position to a parking lot attendant, was only required to perform the basic duties of an attendant that other supervisors were required to perform on occasion); *Hughes Training Inc. v. Cook*, 254 F.3d 588, 594-95 (5th Cir. 2001) (affirming the district court's judgment vacating an arbitration award to plaintiff on her IIED claim, finding that the employer requiring her to "simply resume her normal work duties" after being medically released without restrictions did not constitute extreme and outrageous conduct, though she may have been peculiarly susceptible to stress after suffering a stroke of which the employer was aware).[2]  And, even if FedEx had threatened to terminate Gibson's employment or actually terminated it when he refused to work his normal assigned route after the incident, as a matter of law, this would not even have constituted extreme and outrageous conduct to sustain an IIED claim.  *See, e.g., Lamb v. CNG Producing Co.*, No. 93-2302, 1993 U.S. App. LEXIS 39476, *13 – 15 (5th Cir. Nov. 12, 1993) (holding that neither threats of termination nor termination constitute outrageous and extreme conduct to sustain an IIED claim.).

---

[2] It bears noting that Gibson does not even allege in either his original complaint or his proposed amended complaint that he actually worked his assigned route, ostensibly including the Junior Trail subdivision, in the two (2) days between the incident and the beginning of his medical leave, making his IIED claim even less plausible.

Finally, Gibson's effort to salvage his IIED claim by adding conclusory language to his proposed amended complaint that tracks the legal elements of an IIED claim, without **factual** support, is also unavailing. *See, e.g.*, Proposed Amended Complaint, attached as <u>Exh. A</u> to DE #34, ¶ 48. ("The defendants acted with actual intent to injure Plaintiff with full knowledge that Plaintiff would be injured and with the purpose of the action being to cause injury to Plaintiff."). As this Court has recognized, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Taylor v. Nissan N. Am.*, No. 3:16CV821, 2017 U.S. Dist. LEXIS 97111, *2 (S.D. Miss. June 23, 2017).

C. *Gibson's §1981 claim still fails to meet the Twombly/Iqbal pleading standard.*

FedEx moved the Court to dismiss Gibson's § 1981 claim because he failed to plead the two requisite ultimate elements of his claim – (1) an "adverse employment action," and (2) a causal nexus between Gibson's race and the (unspecified) adverse employment action. Plaintiff's proposed amended complaint still does not plead them. Gibson does not point the Court to any ultimate employment decision by FedEx that affected the terms, conditions, or privileges of his employment, such as hiring, firing, demoting, promoting, granting leave, or compensation. In fact, Gibson's allegations reflect that he was not terminated and was granted leave upon request. *See* Proposed Amended Complaint, attached as <u>Exh. A</u> to DE #34, ¶ 29.

Alternatively, at best, Gibson's proposed amended complaint alleges that FedEx expected him to perform his regular courier route after the incident. However, as a matter of law, this does not constitute an ultimate employment decision to

sustain a § 1981 claim. *See Wallace v. Performance Constr., Inc.,* 57 F.4th 209, 218 (5th Cir. 2023) (noting that plaintiff's written job description included the task that the plaintiff complained she was asked to perform, and thus the employer's request that she perform it was "insufficient to establish that she suffered any adverse employment action"); *see also Smith v. Illinois Dept. of Transp.*, No. 15 C 2061, 2018 U.S. Dist. LEXIS 133810, *9 (N.D. Ill. Aug. 8, 2018) (finding that, under the lower 'adverse employment action' standard applicable to retaliation claims, plaintiff does not allege adverse employment action where he "is essentially complaining that he was made to do his job on a given day. That does not rise to the level of a materially adverse employment action.").

Likewise, even if FedEx threatened Gibson with termination if he did not perform his regular courier route, which is not pled, there still would be no adverse employment action. *See Allen v. United States Dep't of Agric.*, No. 4:13-cv-00174, 2014 U.S. Dist. LEXIS 133544, *27 - 28 (N.D. Miss. Sept. 23, 2014) (holding in Title VII discrimination claim that "[a]ny allegations that she was threatened with termination are not cognizable as an adverse employment action."); *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997) ("[V]erbal threat of being fired" is not an adverse employment action for purposes of Title VII); *Decker v. University of Houston*, No. 97-20502, 1998 U.S. App. LEXIS 39524, *29 (5th Cir. Sept. 15, 1998) (holding in disability discrimination claim that threats of termination do not "arise to the level of an actionable adverse employment action under the ADA").

7

Gibson also fails to direct the Court to a causal nexus between his race and an (unspecified) adverse employment action. Mississippi federal courts have repeatedly held that:

> For their Section 1981 claim to survive Rule 12(b)(6) review, plaintiffs **must specifically plead** that defendants treated them in a **discriminatory manner because of their race compared to similarly situated white [workers]**. The Fifth Circuit has explained that generalized allegations of disparate treatment of the plaintiffs compared to another non-minority are insufficient to survive a motion to dismiss. . . . It is well settled that a plaintiff's speculative, subjective belief that he was been the subject of discrimination, no matter how genuinely held, when unsupported by any **specific factual evidence** is insufficient to establish a claim under Section 1981 or, for that matter, any other anti-discrimination statute. Absent any allegations of facts supporting a plausible Section 1981 claim, plaintiffs' subjective belief that they were discriminated against because of their race falls short of the Rule 12(b)(6) standard . . . .

*Burrell*, 2020 U.S. Dist. LEXIS 180358, at *5. (emphasis added) (citing *Body by Cook, Inc., v. State Farm Mut. Auto. Ins.*, 869 F.3d 381 (5th Cir. 2017) and (citing *Vance v. Union Planters Corp.*, 209 F.3d 438, 444 (5th Cir. 2000)).

Indeed, Mississippi courts consistently dismiss § 1981 claims when plaintiffs fail to plead that similarly situated comparators were treated more favorably. *See, e.g., Burrell*, 2020 U.S. Dist. LEXIS 180358, at *5 (dismissing §1981 claim because plaintiffs "failed to identify any 'comparators' or similarly situated non-minority farmers who were treated differently by defendants than plaintiffs"). Gibson has not alleged that FedEx treats non-African American employees differently, and he failed to identify any such similarly situated comparator. Consequently, his § 1981 claim should be dismissed *with prejudice*.

D.   *Gibson's hostile work environment allegations fail to state a claim.*

In his proposed amended complaint, Gibson asserts a new § 1981 hostile work environment claim.[3] However, leave to file the amended complaint to add this cause of action would be futile because it would not survive a motion to dismiss either. *See Miller v. Pioneer Hi-Bred Int'l Inc.*, No. 4:22-cv-18, 2022 U.S. Dist. LEXIS 111324, *2 (N.D. Miss. June 23, 2022) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. Therefore, we review the proposed amended complaint under the same standard of legal sufficiency as applies under Rule 12(b)(6)."); *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003) (Denying a motion to amend is not an abuse of discretion if allowing the amendment would be futile, and amendment is futile if it would fail to survive Rule 12(b)(6)); *Britt v. Miss. Farm Bureau Cas. Ins., Co.*, No. 1:17-CV-219, 2018 U.S. Dist. LEXIS 118976, *4-5 (July 17, 2018) ("[T]he court may in its discretion deny a motion to amend if it is futile, with futility determined under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'").

1. *Gibson fails to plead in his proposed amended complaint that FedEx created a working environment heavily charged with **racial** discrimination and pleads no nexus to his race.*

Gibson's proposed racially hostile work environment claim should be dismissed because he fails to plead FedEx created a working environment heavily charged with racial discrimination. *See Raj v. La. State Univ.*, 714 F.3d 322, 330 – 31 (5th Cir. 2013) ("A hostile work environment claim, in turn, necessarily rests on an allegation that an employer has created a working environment heavily charged with

---

[3] Gibson's proposed Amended Complaint omits the negligent infliction of emotional distress claim that was pled in his initial Complaint. Gibson obviously abandoned this claim.

9

discrimination."). And, as noted above, Gibson fails to plead racial discrimination (i.e. that he was treated differently than non-African American employees), much less that his working environment was heavily charged with it.

To adequately plead a claim for a hostile work environment under § 1981, Gibson has to plead facts plausibly demonstrating his workplace is permeated with racially discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the conditions of his employment and create an objectively abusive working environment. *See Smith v. Home Depot U.S.A., Inc.*, No. 2:05CV2188 LG-JMR, 2007 WL 4292572 at *5 (S.D. Miss. Dec. 5, 2007) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). To determine whether a hostile work environment exists, a court must consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey*, 286 F.3d at 268. Here, Gibson alleges that FedEx attempted to "force" him to work his assigned delivery route ***twice*** on the day after the incident in Junior Trail. *See* Proposed Amended Complaint, attached as Exh. A to DE #34, ¶¶ 24, 27. The following day, he began medical leave. *See id.* at ¶ 29.

Gibson's hostile work environment claim suffers from the same causation deficiency as his disparate treatment claim – there are no allegations that a FedEx employee (or third-party) harassed him ***because*** he is African American. To survive a motion to dismiss, he must adequately plead facts demonstrating his alleged hostile work environment was based on a protected category, like race. *See English v.*

*Perdue*, 777 Fed. Appx. 94, 98 (5th Cir. 2019). Gibson does not plausibly allege the hostile work environment was caused by animus toward him being African American, which is fatal to his proposed claim. *See Solorzano v. Shell Chem. Co.*, No. 00-31191, 2001 WL 564154 at *9 (5th Cir. May 18, 2001). It is axiomatic that alleged mistreatment at work, whether through subjection to a hostile environment or through other means, is **only** actionable when it occurs because of an employee's protected characteristic, in this case – race. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1988) ("[O]nly harassment motivated by racial animus (or animus toward another protected class) is actionable."); *Farpella-Crosby v. Horizon Health Care*, 97 F.3d 803, 806 n.2 (5th Cir. 1996) (The law "does not protect employees from hostile conduct that is not based on their protected status.").

Gibson's proposed amended complaint does not allege that any FedEx employee subjected him to any *racially* charged threats, insults, ridicule, epithets, name-calling, or humiliation. There is not even an inference in the proposed amended complaint that any action was taken by a FedEx employee because Gibson is African American. Again, his proposed amended complaint merely alleges that he is African American, but that fact alone fails to establish a race-based hostile work environment. *See Hightower v. Fam. Health Care Clinic, Inc.*, No. 3:19-cv-934-DPJ-FKB, 2022 WL 866264 at *21 (S.D. Miss. Mar. 22, 2022) ("At most, Hightower [an African American], argues that [her harasser] is a 'white woman.' But that fact fails to establish a race-based hostile work environment . . . ."). "Poor treatment without more is not sufficient to show harassment based on race, even if [the plaintiff] believes

11

race to be the motivating factor for the poor treatment." *Eaton-Stephens v. Grapevine Collierville Ind. Sch. Dist.*, 715 F. App'x 351, 356 (5th Cir. 2017).

Where a court is left to speculate that harassment was based on race, courts customarily grant motions to dismiss hostile work environment claims. *See, e.g.*, *Raj*, 714 F.3d at 331 (Plaintiff "does not allege any facts that link the alleged harassment with his race . . . . As [the plaintiff] has not alleged any connection between his race . . . and the harassment alleged in the complaint, he has not pled a claim of hostile work environment that raises his right to relief above the speculative level.")

### 2. *Gibson fails to plead in his proposed amended complaint harassment sufficiently severe or pervasive.*

Accepting Gibson's allegations in his proposed amended complaint as true, he fails to plead allegations indicative of a hostile work environment. To the contrary, he alleges that FedEx asked him to perform his regular route twice after the January 24 incident, and when Gibson refused to complete his regular route, he was not disciplined. *See* Proposed Amended Complaint, attached as Exh. A to DE #34, ¶ 25, 27, 29.

To be clear, FedEx acknowledges that Defendants Brandon and Gregory Case (the "Case Defendants") certainly interfered with Gibson's work performance in an egregious manner. But, Gibson conflates FedEx's actions with the Case Defendants' misconduct, which admittedly made Gibson's job much more stressful. However, Gibson centers his hostile work environment claim on FedEx's response to the incident involving the Case Defendants (i.e. putting Gibson in a FedEx vehicle with a FedEx logo and allegedly not modifying his normal courier route). While Gibson's

12

work environment may have been stressful the day after the incident, "[e]ven a highly stressful work environment is not the same as a hostile work environment imbued with the requisite pervasive discriminatory animus to support a Title VII [or § 1981] claim." *Peters v. District of Columbia*, 873 F. Supp. 2d 158, 192 (D.D.C. 2012).

Federal district courts consistently find that an employer requiring an employee to perform his job duties does not constitute harassment. Therefore, as a matter of law, FedEx's alleged distinct employment action of asking Gibson to run his normal courier route, despite its perceived difficulty, does not rise to the threshold level of severe or pervasive to alter the terms, conditions, or privileges of his work environment. *See, e.g., Smith*, 2018 U.S. Dist. LEXIS at *12 ("[R]equiring an employee to perform his basic job duties does not create a hostile work environment."); *Stelter v. Wis. Physicians Serv. Ins. Corp.*, No. 17-cv-463, 2018 U.S. Dist. LEXIS 203632, *37 (W.D. Wis. Nov. 30, 2018) (holding that requiring an employee to perform her listed "job responsibilities" "is not sufficiently severe or pervasive to sustain a claim for hostile work environment"); *Arvakhi v. Castro*, No. 2:14-cv-02816, 2015 U.S. Dist. LEXIS 140601, *24 (C.D. Cal. Oct. 15, 2015) ("[A]sking an employee to perform **additional or difficult** assignments is not sufficiently severe or pervasive to constitute a hostile work environment.") (emphasis added); *Hawkins v. Vantage Point Behavioral Health, LLC*, 2014 U.S. Dist. LEXIS 168373, *14 (W.D. Ark. Dec. 2, 2014) ("An employer does not create a hostile work environment by requiring its employees to perform the work for which they were hired.").

Even if FedEx asked Gibson to perform duties **outside** his normal work responsibilities, this still would not rise to the threshold level of severe or pervasive to sustain a hostile work environment claim. *See, e.g., Favi v. Virginia State Univ.*, No. 3:19-517m 2020 U.S. Dist. LEXIS 125587, *12-13 (E.D. Va. July 15, 2020) (dismissing a hostile work environment claim for failure to state a claim where the plaintiff alleged that her supervisor asked her to perform duties outside her employee work profile, expected her to perform physically taxing work, and made decisions that made the plaintiff's research more difficult).

While Gibson may object to FedEx's alleged request that he complete his assigned courier route, § 1981's goal of equality is not served if a claim can be maintained solely based on actions that offend, but do not hinder an employee's work performance. *See Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir. 1996).

## CONCLUSION

Based on the foregoing, FedEx respectfully requests the Court deny Gibson's Motion for Leave to Amend Complaint and dismiss this action against FedEx *with prejudice*.

    Respectfully Submitted,

    Michael C. Williams (MS# 104537)
    Whitney J. Jackson (MSB#106120)
    **BRADLEY ARANT BOULT CUMMINGS, LLP**
    P.O. Box 1789
    188 East Capitol Street, Suite 1000
    Jackson, MS 39215-1789
    Tel 601-592-9918
    Fax 601-948-3000
    mcwilliams@bradley.com
    wjackson@bradley.com

            Brandon D. Pettes (admitted PHV)
            Daniel T. French (admitted PHV)
            Terrence O. Reed (admitted PHV)
            Federal Express Corporation
            3620 Hacks Cross Road
            Building B, 2nd Floor
            Memphis, TN 38125
            Tel 901-434-8537
            brandon.pettes@fedex.com
            danielfrench@fedex.com
            terrence.reed@fedex.com

            *Attorneys for Defendant FedEx*

## CERTIFICATE OF SERVICE

 I hereby certify that on April 28, 2023, a copy of the foregoing was served on the parties listed below via the Court's ECF System:

Carlos E. Moore
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P.O. Box 1487
Grenada, MS 38902-1487
Tel 662-227-9940
Fax 662-227-9941
cmoore@cochranfirm.com

*Attorney for Plaintiff*
Daniel J. Griffith
Jamie F. Lee
Bethany A. Tarpley
**JACKS GRIFFITH LUCIANO, PA**
P.O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732-1209
Tel 662-843-6171
Fax 662-843-6176
dgriffith@jlpalaw.com
jamie@jlpalaw.com
btarpley@jlpalaw.com

*Attorneys for Defendants City of Brookhaven and Chief Kenny Collins*

Daniel W. Kitchens
**KITCHENS LAW FIRM, PA**
P.O. Box 799
205 West Railroad Avenue South
Crystal Springs, MS 39059-0799
Tel 601-892-3067
Fax 601-892-3057
dkitchens@kitchenslaw.net

*Attorney For Defendant Brandon Case*

William Kannan Stubbs
John L. Scarborough
**THE STUBBS LAW FIRM, PLLC – FLOWOOD**
1675 Highway 80 East
Flowood, MS 39232
Tel 601-203-1653
Fax 601-203-3165
kannan@stubbsms.com
john@stubbsms.com

*Attorneys for Defendant Gregory Case*

/s/ Michael C. Williams