IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

| | |
|---|---|
| D'MONTERRIO GIBSON | PLAINTIFF |
| | Civil Action No.: 3:23-cv-54 DPJ-FKB |
| V. | |
| FEDERAL EXPRESS CORPORATION, CITY OF BROOKHAVEN, MISSISSIPPI, CHIEF KENNY COLLINS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, BRANDON CASE, and GREGORY CASE | DEFENDANTS |

**DEFENDANTS CITY OF BROOKHAVEN, MISSISSIPPI AND CHIEF KENNY COLLINS'S RESPONSE IN OPPOSTION TO PLAINTIFF'S <u>MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

**COME NOW** Defendants, the City of Brookhaven, Mississippi and Chief Kenny Collins, in his Official and Individual Capacity ("the Brookhaven Defendants"), by and through their attorneys at law, and pursuant the Federal Rules of Civil Procedure and file this, their Response in Opposition to the Plaintiff's Motion for Leave to Amend, and would state unto the Court, as follows:

### I.   INTRODUCTION

In his original Complaint, the Plaintiff failed to state a plausible federal claim against either the City of Brookhaven, Mississippi or Chief Kenny Collins. His Amended Complaint fairs no better.

After he filed his original Complaint, the Brookhaven Defendants filed a motion to dismiss alleging that the Plaintiff did not have standing to pursue his claims against them in federal court as 1) he had not alleged any federal claims against them and 2) the state law claims he purported to allege did not arise out of a common nucleus of operative facts as his Section 1981 claim against Fed Ex.[1]  Additionally, and alternatively, the Defendants alleged that all his state law claims failed.[2]

In his Response, Plaintiff conceded that he had not alleged any federal claims against the Brookhaven Defendants and stated that his "state law claims against the Brookhaven Defendants are '(1)assault and battery against Chief Kenny Collins; (2)negligent/intentional infliction of emotional distress against Defendant City; (3) civil obstruction of justice against Chief Kenny Collins.'"[3]  Importantly, Plaintiff also then "concede[]d to the dismissal of Chief Kenny Collins' only."[4] But, "[i]n the alternative" Plaintiff represented that his Complaint should not be dismissed without the chance to amend.[5]

Two days later, Plaintiff filed his Motion for Leave to Amend and proposed Amended Complaint.[6]  His proposed amended complaint suffers from the same pleading deficiencies as his original one.[7]  To be sure, Plaintiff has not pled the unsupported assault and battery claim against Chief Kenny Collins in his proposed amended complaint and dropped his negligent infliction of emotional distress claims, but little else has changed.[8]  Plaintiff does not appear to add *any*

---

[1] *See* **[Docs. 12 &13]**.
[2] *Id.*
[3] **[Doc. 31]** pg. 5.
[4] *Id.*
[5] *Id.*
[6] *See* **[Doc. 34, Ex. 1]**.
[7] *Compare* **[Doc. 1]** *with* **[Doc. 34, Ex. 1]**.
[8] *Id.*

2

additional factual allegations as it applies to these Defendants.[9]  Plaintiff's civil obstruction of justice claim against Chief Kenny Collins, which he already conceded, still remains.[10]

Because Plaintiff's proposed amended complaint would not survive a Fed. R. Civ. P. 12(b)(6) motion, his motion for leave to amend is futile and should be denied.

## II.  STANDARD FOR MOTION TO AMEND

Although Rule 15(a)(2) states that while "courts should freely grant leave [to amend] when justice so requires[,]" it is "'by no means automatic.'"[11]  Rather, the district court "may consider a variety of factors [in deciding whether to grant or deny a motion to amend] including… 'futility of the amendment.'"[12] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion[;] [t]herefore,…the proposed amended complaint [is reviewed] under 'the same standard of legal sufficiency as applies under [that] Rule…'" [13] As such, "'the decision to grant or deny leave to amend lies within the sound discretion of the district court.'" [14]

## III. CLAIMS AS PLED IN THE AMENDED COMPLAINT

The Plaintiff pleads the following causes of action against the City of Brookhaven Defendants in the proposed amended complaint: (1) state law claims of Intentional Infliction of Emotional Distress against both Defendants; (2) "Civil" Obstruction against Chief Kenny Collins.

## IV.  ARGUMENT

---

[9] *Compare* **[Doc. 1]** at ¶¶10-30 *with* **[Doc. 34, Ex. 1]** at ¶¶10-32.
[10] *Compare* **[Doc. 31]** pg. 5 *with* **[Doc. 34, Ex. 1]** at ¶¶55-57.
[11] *Brooks v. Taylor Cnty.*, 2021 U.S. Dist. LEXIS 134189, at * 19 (N.D. Tex. July 19, 2021) (quoting *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992) (other internal quotations omitted)).
[12]  *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n,* 751 F.3d 368, 378 (5th Cir. 2014) (internal citation omitted).
[13] *Id.* (internal citation omitted).
[14] *Brooks*, 2021 U.S. Dist. LEXIS 134189, at * 19 (quoting *Little*, 952 F.2d at 845-46).

For the same reasons as articulated in the Brookhaven Defendants' Motion to Dismiss, the proposed amended complaint is futile. Here, the Plaintiff previously conceded, under the exact same facts, his civil obstruction claim against Chief Kenny Collins.[15] As such, even Plaintiff recognized it was futile. Regardless, this Court does not have federal jurisdiction over either Defendant because Mr. Gipson did not plead a federal claim against either Defendant.[16] Next, this Court cannot exercise supplemental jurisdiction over the remaining state law claims as they do not derive from a "common nucleus of operative facts" as his §1981 racial discrimination claim against FedEx. Finally, his remaining state law claims fail as a matter of law. For all these reasons, this Court should deny leave to amend.

### A. No Plausible Federal Claim Against Either Brookhaven Defendant.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"[17] They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[18] Here, there is no federal claim asserted against either City of Brookhaven Defendant; therefore, this limited jurisdiction cannot arise from 28 USC §1331.

---

[15] **[Doc. 31]** pg. 5.

[16] Mr. Gipson chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). If he does note establish jurisdiction, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[17] *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))

[18] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

From his previous pleadings, it is clear that Mr. Gipson has not pled a federal claim against either Defendant.[19] Instead, he now alleges only the state law claims of Intentional Infliction of Emotional Distress as to both Defendants,[20] and as to Chief Collins, a claim for "civil obstruction".[21]

Even if the proposed amended complaint were construed liberally and Mr. Gipson intended the civil obstruction to be a federal law claim, it would be futile. "It is well established . . . that a victim has no standing under Article III of the Constitution to bring suit to demand the prosecution of his perpetrator."[22] The same result is true whether the Plaintiff's case is framed as a failure to investigate or a failure to prosecute.[23] "There is no legal basis for such a claim in the Fifth Circuit."[24] This is because "a private citizen does "not have a constitutional right to compel a criminal prosecution."[25]  As this Court stated in *Madden v. Harrison County*, 2010 U.S. Dist. LEXIS 29747, 2010 WL 1238972, at *4 (S.D. Miss. Feb. 25, 2010), "Criminal statutes can neither be enforced by civil action nor by private parties."[26] Because this Court would have no basis for

---

[19] **[Doc. 31]** pg. 5.
[20] **[Doc. 34, Ex. 1]** at ¶¶47-51.
[21] *Id.* at ¶¶55-57.
[22] *Lefebure v. D'Aquilla,* 987 F.3d 446, 448-49 (5th Cir. 2021) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619(1973)) ("Whether framed as a lack of standing or a lack of any right to sue as a matter of substantive law, courts consistently reach the same judgment as in *Linda R.S.*—that plaintiffs may not file suit to secure the prosecution of another person.").
[23] *Cano v. Garcia*, 2021 U.S. Dist. LEXIS 116904, 2021 WL 2582581, *14-15 (W.D. Tex. June 22, 2021).
[24] *Id.* (citing *Shields v. Twiss,* 389 F.3d 142, 150-51 (5th Cir. 2004)("Regarding Shields's 'unreasonable investigation' claim, Shields has pointed to no legal basis for a *§ 1983* action of this sort, and the court knows of none.").
[25] *Warner v. Ledbetter*, 2018 U.S. Dist. LEXIS 218892, *8 (S.D. Miss. 2018)(citing *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citations omitted); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990)).
[26] *Id.* (citation omitted). *See also*, *Payne v. Jefferson Parish Sheriff's Dep't*, No. 14-225, 2014 U.S. Dist. LEXIS 34339, 2014 WL 1154482, *2 (E.D. La. 2014) (citations omitted) ("victim of a crime has no constitutionally protected interest in the prosecution or pursuit of a perpetrator," nor any constitutional right "to have criminal charges investigated or brought against another individual"); *Oliver*, 904 F.2d at 28 ("decision to file or not file criminal charges ... will not give rise to section 1983 liability").

asserting federal jurisdiction over either Brookhaven Defendant, it should deny the Plaintiff leave to amend his Complaint.

### B. No Supplemental Jurisdiction based on the §1981 Claim.

Here, the only federal claim that Mr. Gipson explicitly referenced is his Section 1981 racial discrimination claim against FedEx. This is not enough for the Court to exercise supplemental jurisdiction over his state law claims against the Brookhaven Defendants. Supplemental jurisdiction is codified at 28 U.S.C. § 1367. Section 1367 gives courts discretion to exercise jurisdiction over pendant state law claims when: "(1) federal question jurisdiction is proper, and (2) the state law claims derive from a common nucleus of operative facts."[27] While it is questionable whether Mr. Gipson has even properly pled a Section 1981 racial discrimination claim such that federal jurisdiction over it is proper,[28] assuming for the moment that he has, his alleged state law claims against the Brookhaven Defendants do not arise from a common nucleus of operative facts with that claim.

Here, the state law claims against the Brookhaven Defendants are (1) Intentional Infliction of Emotional Distress against both Defendants; and (2) "Civil" Obstruction against Chief Kenny Collins. Federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'"[29] Because this is not the case here, Mr. Gipson's proposed amendment is futile and should be denied.

---

[27] *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012).
[28] *See* **[Docs. 19, 20, 37, & 40]**.
[29] *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 164-165 (1997).

6

Mr. Gipson's race discrimination case against his employer requires him to prove: (1) he belongs to a racial minority; (2) Defendants intentionally discriminated against him on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute.[30] While these issues may, tangentially, relate to the issues surrounding January 24, 2022, they do not involve questions of whether the Brookhaven Defendants allegedly intentionally emotionally distressed him by not prosecuting/investigating/arresting the Cases quickly enough, or whether Chief Collins allegedly "civilly obstructed" the criminal prosecution/investigation of the Cases. Neither of these state law claims have *anything* to do with Mr. Gipson and FedEx's employee/employer relationship, racial discrimination (or the lack thereof) at FedEx, or whether Mr. Gipson experienced an adverse employment action.  As such, there is no basis for this Court to exercise supplemental jurisdiction over those state law claims, and Mr. Gipson's proposed amended complaint should fail.

### C.  State Law Claims Are Futile and Thus, Amendment Should Be Denied.

Plaintiff's remaining state law claims in his proposed amended complaint are also futile. The Plaintiff's state law claim of "civil obstruction" fairs no better than a federal one. The Mississippi obstruction of justice criminal statute does not afford a private right of action, to anyone.[31]  This claim is especially futile in this scenario, where Chief Collins would be acting within his role as a governmental employee and would be afforded the protections of the Mississippi Tort Claims Act.[32] Plaintiff's bars to suit under the MTCA are innumerable:  including failure to give notice of  this claim,[33] deficiencies in the notice he did give,[34] failure to wait the

---

[30] *See Body by Cook, Inc. v. State Farm Mutual Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).
[31] *Crosby v. Hariel*, 673 Fed. Appx. 397, 400 (5th Cir. 2016).
[32] *Miss. Code Ann*. §11-46-7.
[33] *See* **[Doc. 36]**- Notice of Claim- no mention of "civil obstruction."
[34] *Miss. Code Ann*. §11-46-11.

statutorily required time period between giving notice and filing suit,[35] and failure to allege that Chief Collins was acting in *any* way which would waive MTCA protection.[36] All of these are bars to the Plaintiff's claim.[37] Plaintiff conceded as much in his response to the Defendants' prior Motion to Dismiss.[38]

Finally, Plaintiff's claim for intentional infliction of emotional distress would also fail. While not governed by the MTCA, a claim for intentional infliction of emotional distress requires that: (1) The defendant acted willfully or wantonly toward the plaintiff by committing certain described actions; (2) [t]he defendant's acts are ones 'which evoke outrage or revulsion in civilized society'; (3)[t]he acts were directed at, or intended to cause harm to, the plaintiff; (4) [t]he plaintiff 'suffered severe emotional distress as a direct result of the acts of the defendant'; and (5) '[s]uch resulting emotional distress was foreseeable from the intentional acts of the defendant.'"[39]

Here, in proposed amended complaint, the plaintiff failed to allege any such facts. Plaintiff pled that he was assaulted by the Cases.[40] He made a complaint to a City of Brookhaven police officer who within one day passed it up to the Chief of Police.[41] The very next day, Plaintiff and officers were on scene investigating the alleged assault.[42] A mere one week and one day later, the Defendants turned themselves in, were charged with serious felonies, and their bond was set.[43] Plaintiff further complains "the process of securing justice" and "the presentation of critical

---

[35] *See* **[Doc. 36]**, dated 1/17/23 and suit filed on 1/20/23.
[36] *Miss. Code Ann.* §11-46-9(1).
[37] Plaintiff's claims against the hospital were dismissed for failure to comply with the MTCA's strictly-construed pre-suit notice requirement. *Glaskox v. George Cnty. Hosp.*, 2016 U.S. Dist. LEXIS 100223 (S.D. Miss. Aug. 1, 2016).
[38] **[Doc. 31]** pg. 5.
[39] *Orr*, 230 So. 3d at 375-76 (quoting *Rainer v. Wal-Mart Assocs. Inc.*, 119 So. 3d 398, 403-04 (Miss. Ct. App. 2013)).
[40] **[Doc. 34, Ex. 1]** at ¶¶13-17.
[41] *Id.* at ¶20.
[42] *Id.* at ¶26.
[43] *Id.* at ¶30.

evidence" was delayed by ten months.[44] As demonstrated above, neither of those complaints are actionable. None of these acts are ones which would evoke outrage in civilized society. Nor were they directed at or intended to cause harm to the Plaintiff. This proposed claim fails as a matter of law and amendment is futile.

## V. CONCLUSION

This Court should deny the Plaintiff's request for leave to amend his Complaint as amendment is futile. He has failed to allege *any* new facts which would give rise to a cause of action against the Brookhaven Defendants. Instead, he simply realleges two previous causes of action. As demonstrated in the Brookhaven Defendants' prior Motion to Dismiss, these claims are frivolous and have no chance of success. Plaintiff should be denied leave to amend, and the Defendants should be awarded their attorneys' fees, costs, and expenses for having to respond to this motion.

**RESPECTFULLY SUBMITTED,** this the 3rd day of May, 2023.

                            **JACKS | GRIFFITH | LUCIANO, P.A.**

By:   /s/ ***Bethany A. Tarpley***
       Bethany A. Tarpley, MS Bar No. 104134
       Jamie F. Lee, MS Bar No. 101881
       *Attorneys for the Brookhaven Defendants*

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: btarpley@jlpalaw.com
       dgriffith@jlpalaw.com

---

[44] *Id.* at ¶31.

## **CERTIFICATE OF SERVICE**

I, Bethany A. Tarpley, attorney of record for Defendants City and Collins, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Response in Opposition to Motion for Leave to Amend* to be delivered by the ECF Filing System which gave notice to the following:

>Carlos E. Moore, Esq.
>The Cochran Firm
>Email: cmoore@cochranfirm.com
>**Attorney for Plaintiff**
>
>John Scarborough, Esq.
>Kannan Stubbs, Esq.
>Stubbs Law Firm
>Email: kannan@stubbsms.com
>**Attorneys for Gregory Case**
>
>Dan Kitchens, Esq.
>Kitchens Law Firm, P.A.
>Email: dkitchens@kitchenslaw.net
>**Attorney for Brandon Case**
>
>Michael C. Williams (MS# 104537)
>Whitney J. Jackson (MSB#106120)
>BRADLEY ARANT BOULT CUMMINGS, LLP
>Email: wjackson@bradley.com
>mcwilliams@bradley.com
>
>Brandon D. Pettes (admitted PHV)
>Daniel T. French (admitted PHV)
>Terrence O. Reed (admitted PHV)
>Federal Express Corporation
>brandon.pettes@fedex.com
>danielfrench@fedex.com
>terrence.reed@fedex.com
>**Attorneys for Defendant Federal Express Corporation**

**DATED** this 3rd day of May, 2023.

>/s/ ***Bethany A. Tarpley*_____
>Bethany A. Tarpley