IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

| | |
|---|---|
| **D'MONTERRIO GIBSON** | **PLAINTIFF** |
| | Civil Action No.: 3:23-cv-54 DPJ-FKB |
| V. | |
| **FEDERAL EXPRESS CORPORATION, CITY OF BROOKHAVEN, MISSISSIPPI, CHIEF KENNY COLLINS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, BRANDON CASE, and GREGORY CASE** | **DEFENDANTS** |

**DEFENDANTS CITY OF BROOKHAVEN, MISSISSIPPI AND CHIEF KENNY COLLINS'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

**COME NOW** Defendants, the City of Brookhaven, Mississippi and Chief Kenny Collins, in his Official and Individual Capacity ("the Brookhaven Defendants"), by and through their attorneys at law, and pursuant the Federal Rules of Civil Procedure and file this, their Reply in Support of their Motion to Dismiss, and would state unto the Court, as follows:

### I.   INTRODUCTION

At the outset, the Plaintiff conceded all his claims against Chief Kenny Collins.[1] The Chief should be dismissed. He also conceded that the only claims that he filed were state law claims.[2] Because this Court is a court of limited jurisdiction and because it does not have

---

[1] **[Doc. 31]** pg. 5.
[2] *Id.*

jurisdiction over Plaintiff's remaining state law claims against the City of Brookhaven, it should dismiss it as well. Additionally and alternatively, the remaining state law claims fail.

## II.  ARGUMENT

**A.  Chief Kenny Collins Must Be Dismissed.**

In his Response, Plaintiff admitted that his claims against Chief Kenny Collins fail. "Plaintiff concedes to the dismissal of Chief Kenny Collins' only."[3] He should be immediately dismissed.

**B.  The City of Brookhaven Must Be Dismissed.**

Plaintiff also conceded that he was only asserting state law claims.[4] The only remaining claims would be negligent/intentional infliction of emotional distress.[5]

The Brookhaven Defendants extensively briefed numerous arguments regarding both in their principal briefing to this Court.[6] The Plaintiff failed to respond to *any* of the Defendants' arguments regarding standing, supplemental jurisdiction, Plaintiff's failure to wait the required period of time under the MTCA before filing his Complaint for the negligence claim, and the Plaintiff's failure to plead the necessary elements of either claim.[7] A party's failure to respond to arguments raised in a Rule 12 motion constitutes waiver or abandonment of those issues.[8]

The only argument addressed by the Plaintiff involved the negligence claim and the Mississippi Tort Claims Act. According to Plaintiff, the "present matter at hand is a special

---

[3] **[Doc. 31]** pg. 5.
[4] *Id.*
[5] *Id.*
[6] *See* **[Doc. 13]** pgs. 9-14.
[7] *Id.*
[8] *Mims v. GM*, 2011 U.S. Dist. LEXIS 109501, *36 (S.D. Miss. Sept. 23, 2011)(citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that "failure to pursue this claim beyond her complaint constituted abandonment"); *see also Stratta v. Roe*, 2021 U.S. Dist. LEXIS 60221, *17 (W.D. Tex. 2021).

2

circumstance that should circumvent the MTCA as it relates to the Plaintiff."[9] This argument is frivolous, meritless, and should entitle Defendants to attorney's fees. Plaintiff provides no legal authority for this statement because there is none. This argument is waived.[10]

Next, the Plaintiff argues that his "claims should not be dismissed based on failure to comply with the notice requirements under Miss. Code Ann. §15-1-36."[11] Again, this argument is frivolous, meritless, and should entitle Defendants to attorney's fees. *Miss. Code Ann*. §15-1-36 applies to the notice requirements for malpractice suits dealing with medical, surgical, or other professional services.[12] It has absolutely no relevance to the case at hand.

The Plaintiff cites to *Carpenter v. Reinhard*, 345 F.Supp.2d 629 (N. D. Miss. 2004) in support of this misplaced argument.[13] It too is completely irrelevant.[14] First, this case does not involve the appropriate notice to give doctors who work for hospitals covered by the MTCA, as *Carpenter* did.[15] Second, *Carpenter* is no longer good law.

> In *Carpenter*, as an issue of first impression, United States District Judge Michael P. Mills made an *Erie* guess about whether § 15-1-36(15) required substantial compliance or strict compliance. 345 F. Supp. 2d at 631-33. Noting that Mississippi's appellate courts had deemed substantial compliance sufficient for the statutory notice requirements under the Mississippi Tort Claims Act, Judge Mills held that the plaintiff's substantial compliance with § 15-1-36(15) was

---

[9] **[Doc. 31]** pg. 5.

[10] *See United States ex rel. Wuestenhoefer v. Jefferson*, 105 F. Supp. 3d 641, 672 (N.D. Miss. 2015) ("This failure to develop the relevant argument effectively represents a waiver of the point." (citing *United States v. Dominguez-Chavez*, 300 F. App'x 312, 313 (5th Cir. 2008); *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009))); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (explaining that the defendant's failure to offer any "arguments or explanation . . . is a failure to brief and constitutes waiver"); *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016) (stating that, "[t]o avoid waiver, a party must identify relevant legal standards and 'any relevant Fifth Circuit cases'" and holding that, because appellant "fail[ed] to do either with regard to its underlying claims, . . . those claims [were] inadequately briefed and therefore waived").

[11] **[Doc. 31]** pg. 6.

[12] *See* Miss. Code Ann. §15-1-36 (15).

[13] **[Doc. 31]** pg. 7.

[14] *Id.*

[15] *Carpenter v*, 345 F.Supp.2d at 630-633.

sufficient. *Id.* However, as the defendants indicate, the Mississippi Supreme Court has since addressed the compliance issue and has consistently held that strict compliance with § 15-1-36(15) is required. *See Spann v. Wood*, 269 So. 3d 10, 12-13 (Miss. 2018) (language of § 15-1-36(15) requires pre-suit notice to "each of several defendants," "even if there is an employer-employee relationship among the defendants," and "strict compliance").[16]

Plaintiff's *Miss. Code Ann.* §15-1-36 arguments, such as they are, must fail.

Because Plaintiff has failed to establish that this Court would have jurisdiction over the claims remaining against the City of Brookhaven, this Court should dismiss it. Alternatively, and additionally, the Plaintiff has failed to plausibly plead either a negligent or intentional infliction of emotional distress claim against the City. For this additional reason, it should be dismissed.

### III. CONCLUSION

The Brookhaven Defendants' Motion to Dismiss should be granted and they should be awarded their attorneys' fees, costs, and expenses for their Motion.

**RESPECTFULLY SUBMITTED,** this the 3rd day of May, 2023.

                                     **JACKS | GRIFFITH | LUCIANO, P.A.**

By:   /s/ ***Bethany A. Tarpley***
       Bethany A. Tarpley, MS Bar No. 104134
       Jamie F. Lee, MS Bar No. 101881
       *Attorneys for the Brookhaven Defendants*

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: btarpley@jlpalaw.com
       dgriffith@jlpalaw.com

---

[16] *Estate of Jones v. Gren. Cty.*, 2021 U.S. Dist. LEXIS 178561, *10 (N.D. Miss. 2021).

**CERTIFICATE OF SERVICE**

  I, Bethany A. Tarpley, attorney of record for Defendants City and Collins, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Reply in Support of Motion to Dismiss* to be delivered by the ECF Filing System which gave notice to the following:

> Carlos E. Moore, Esq.
> The Cochran Firm
> Email: cmoore@cochranfirm.com
> **Attorney for Plaintiff**
>
> John Scarborough, Esq.
> Kannan Stubbs, Esq.
> Stubbs Law Firm
> Email: kannan@stubbsms.com
> **Attorneys for Gregory Case**
>
> Dan Kitchens, Esq.
> Kitchens Law Firm, P.A.
> Email: dkitchens@kitchenslaw.net
> **Attorney for Brandon Case**
>
> Michael C. Williams (MS# 104537)
> Whitney J. Jackson (MSB#106120)
> BRADLEY ARANT BOULT CUMMINGS, LLP
> Email: wjackson@bradley.com
> mcwilliams@bradley.com
>
> Brandon D. Pettes (admitted PHV)
> Daniel T. French (admitted PHV)
> Terrence O. Reed (admitted PHV)
> Federal Express Corporation
> brandon.pettes@fedex.com
> danielfrench@fedex.com
> terrence.reed@fedex.com
> **Attorneys for Defendant Federal Express Corporation**

  **DATED** this 3rd day of May, 2023.

                /s/ ***Bethany A. Tarpley*** _____
                Bethany A. Tarpley