IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**D'MONTERRIO GIBSON**                                                              **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO.: 3:23-cv-54-DPJ-FKB**

**FEDERAL EXPRESS CORPORATION, CITY OF
BROOKHAVEN, MISSISSIPPI, CHIEF KENNY
COLLINS, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, BRANDON CASE, AND GREGORY CASE**       **DEFENDANTS**

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY
IN OPPOSITION TO DEFENDANT FEDERAL EXPRESS CORPORATION'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

---

**COMES NOW** D'Monterrio Gibson ("Plaintiff") by and through his counsel of record, and files this *Memorandum in Support of Plaintiff's Reply in Opposition to Defendant Federal Express Corporation's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint.* Plaintiff moves this Honorable Court to grant Plaintiff's *Motion for Leave to Amend Complaint* and as grounds, therefore, would state as follows:

**INTRODUCTION**

This case arises due to Defendant Federal Express Corporation's ("Defendant FedEx") and others' violation of Plaintiff's state and federal rights. On January 24, 2022, Plaintiff, an African American male, was acting within the scope of his employment with Defendant FedEx when he was civilly assaulted and battered by Brandon Case ("Defendant Brandon") and Gregory Case ("Defendant Gregory")[1], two Caucasian males. Defendants Case terrorized, shot towards, and chased Plaintiff out of the Junior Trail neighborhood located in Brookhaven, Mississippi.

---

[1] Defendant Brandon and Defendant Gregory are collectively referred to as "Defendants Case".

Defendant FedEx sent Plaintiff back to work on the same dangerous route the following day intentionally discriminating against Plaintiff because of his race, creating a hostile work environment, and intentionally inflicting emotional distress.

On January 20, 2023, Plaintiff filed suit against Defendant FedEx and others asserting (1) 42 U.S.C. Section 1981 - Intentional Racial Discrimination; (2) civil assault and battery; (3) negligent/intentional infliction of emotional distress; (4) general/gross negligence; and (5) civil obstruction of justice.

After further investigations regarding this matter, Plaintiff determined that Plaintiff's complaint required amendments to add pertinent facts, amend facts that are asserted in the complaint, and add and/or remove causes of action. Therefore, on April 19, 2023, Plaintiff filed his *Motion for Leave to Amend Complaint*.[2] On April 28, 2023, Defendant FedEx filed a response arbitrarily opposing Plaintiff's motion. Fundamentally, Defendant FedEx **simply reasserts** the arguments made in its *Motion to Dismiss*. As Defendant FedEx would suffer no prejudice if the motion was granted; **and** Plaintiff reasonably seeks to ensure he receives justice and compensation for all actions by Defendant FedEx that caused Plaintiff's injuries, Plaintiff's *Motion for Leave to Amend Complaint* should be granted.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id*. In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the

---

[2] Doc. 34.

outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Again, "Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…and futility of the amendment." *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d. at 994).

## ARGUMENT AND AUTHORITIES

**I. Plaintiff's claim of intentional infliction of emotional distress is <u>not</u> precluded by the Mississippi Workers' Compensation Act.**

"[The Mississippi Supreme Court] has repeatedly…held that, 'in order for a willful tort to be outside the exclusivity of the [MWCA], the employe[r]'s action must be done "with an actual intent to injure the employee."'" *Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013) (quoting *Griffin v. Futorian Corp.*, 533 So. 2d 461, 464 (Miss. 1988)). Moreover, to support a claim for intentional infliction of emotional distress, [Plaintiff] must prove the following:

> (1) The defendant acted willfully or wantonly towards the plaintiff by committing certain described actions; (2) the defendant's acts are ones "which evoke outrage or revulsion in civilized society"; (3) the acts were directed at, or intended to cause harm to, the plaintiff; (4) the plaintiff "suffered severe emotional distress as a direct result of the acts of the defendant"; and (5) "such resulting emotional distress was foreseeable from the intentional acts of the defendant."

*Pointer v. Rite Aid Headquarters Corp.,* 327 So. 3d 159 (Miss. Ct. App. 2021); *Rainer v. Wal-Mart Assocs. Inc.*, 119 So. 3d 398, 403-04 (¶19) (Miss. Ct. App. 2013) (quoting *J.R. ex rel. R.R. v. Malley*, 62 So. 3d 902, 906-07 (¶15) (Miss. 2011)). Moreover, in order to prevail on a claim for intentional infliction of emotional distress, the conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts § 46 cmt. d. (1965)).

In this matter, Defendant FedEx acted with actual intent to injure Plaintiff with full knowledge that Plaintiff would be injured and with the purpose of the action being to cause injury to Plaintiff. Moreover, Defendant FedEx's actions were extreme and outrageous. As aforementioned, Plaintiff was acting within the scope of his employment with Defendant FedEx when he was civilly assaulted and battered by Defendants Case. During his delivery route for Defendant FedEx, Defendants Case terrorized, shot towards, and chased Plaintiff out of the Junior Trail neighborhood.

It is pertinent to note that (1) Plaintiff informed Defendant FedEx of all of the details of the subject incident; (2) Defendant FedEx saw many bullet holes inside the back of Plaintiff's work van and the packages; (3) a bullet fragment was also found in the back of the van; (4) Defendant FedEx told Plaintiff not to speak with any news outlets regarding the subject incident; and (5) Plaintiff informed Defendant FedEx that he was experiencing negative mental and emotional effects due to the subject incident and was uncomfortable being designated the route that included the Junior Trail neighborhood.[3] Despite these factors, the next day Defendant FedEx assigned Plaintiff to the same route as the day before, which included the Junior Trail neighborhood.

---

[3] Doc. 1.

Plaintiff attempted to complete his work route, but due to experiencing a severe panic and anxiety from the subject incident, he had to inform Defendant FedEx that he was uncomfortable working. Defendant FedEx still urged and coerced Plaintiff to perform his delivery route.

Essentially, Defendant FedEx knew that Plaintiff was assaulted by Defendants Case in the Junior Trail neighborhood. Plaintiff explicitly advised Defendant FedEx that he experienced negative and debilitating emotional distress as a result of the same. Defendant FedEx intentionally caused and contributed to such by impelling Plaintiff to experience the same horrifying events and Defendant FedEx's actions were extreme and outrageous. As a result of Defendant FedEx's actions, Plaintiff's claim of intentional infliction of emotional distress is not precluded by the Mississippi Workers' Compensation Act. As the facts outlined in the complaint and the proposed amended complaint support the same, Plaintiff's *Motion for Leave to Amend Complaint* should be granted.

**II.     Plaintiff's 42 U.S.C. Section 1981 claims meet the Twombly/Iqbal pleading standard.**

"[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Twombly/Iqbal pleading standards not only specify that a complaint must be plausible on its face, but it must bring forth sufficient factual allegations that nudge a claim across the line from conceivable to plausible. In other words, a complaint must not simply allege facts that are merely possible, but the alleged facts must be reasonable and likely to occur. *Ashcroft*, 556 U.S. at 662; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

42 U.S.C. Section 1981 prohibits employment discrimination on the basis of race. *Johnson v. Railway Express Agency*, 421 U.S. 454, 459–60 (1975). Moreover, Section 1981 claims are available to members of "identifiable classes of persons who are subject to intentional

discrimination solely because of their ancestry or ethnic characteristics." *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987); 42 U.S.C. Section 1981. Claims of race-based discrimination brought under Section 1981 are governed by the same framework applied to claims of employment discrimination brought under Title VII. *Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 (5th Cir. 1996)).

…"[T]here are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff because of [his] protected status." *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotations omitted) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

In Plaintiff's complaint and proposed amended complaint, Plaintiff clearly plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plaintiff asserted:

> Defendant FedEx has discriminated against Plaintiff in violation of 42 U.S.C. Section 1981 by subjecting him to **disparate treatment because of his race, by attempting to coerce him into delaying filing any charges with the BPD, by attempting to force Plaintiff to work the same route where the traumatic incident of January 24, 2022 took place, and by demanding, multiple times, that Plaintiff return to work following the January 24, 2022, incident…**[Notably], the following day, on January 26, 2022, Plaintiff began the medical leave process due to severe anxiety. He was told that he should see a therapist…with two-weeks off **without pay**…**As a direct and proximate result of the Defendant FedEx's unlawful discriminatory conduct in violation of 42 U.S.C. Section 1981, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, stress and anxiety, loss of sleep, and emotional pain and suffering.** Defendant FedEx's unlawful discriminatory conduct constitutes a willful and wanton violation of 42 U.S.C. Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling him to him to an award of damages…At all times material hereto, Defendant FedEx was the employer of Plaintiff, an African American male.[4]

---

[4] Doc. 1 and 34-1.

As outlined above, Plaintiff is a member of a protected class (race – African American) who has been subjected to disparate treatment by Defendant FedEx because of his race. An adverse employment action occurred as Defendant FedEx attempted to coerce Plaintiff into delaying filing any charges with the BPD by attempting to force Plaintiff to work the same route where the subject traumatic incident occurred. Furthermore, Defendant FedEx demanded, more than once, that Plaintiff work in those dangerous conditions. Additionally, Plaintiff was off work for two weeks without pay. Defendant FedEx's unlawful discriminatory conduct constitutes a willful and wanton violation of 42 U.S.C. Section 1981. Most importantly, Plaintiff's claims asserted in the complaint and the proposed amended complaint plead factual content that allows this court to draw the reasonable inference that Defendant FedEx is liable for the misconduct alleged. Consequently, Plaintiff's *Motion for Leave to Amend Complaint* should be granted.

### III. Plaintiff's claim of a hostile work environment is supported by facts.

A hostile work environment exists when the "workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (cleaned up). To establish a claim of hostile work environment, a plaintiff must prove he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on his membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

Harassment is sufficiently "severe or pervasive enough" to create a hostile work environment when it is "objectively hostile or abusive"- meaning "an environment that a reasonable person

would find hostile or abusive" - and is subjectively perceived by the victim as abusive. *Harris*, 510 at 21. The Supreme Court has "emphasized…that the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). The objective inquiry, moreover, requires that the court consider "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonable interferes with an employee's work performance." *Harris*, 510 U.S. at 23. "[N]o single factor is required." *Id*.

As aforementioned, during Plaintiff's delivery route for Defendant FedEx, Defendants Case terrorized, shot towards, and chased Plaintiff out of the Junior Trail neighborhood. It is important to note that (1) Plaintiff informed Defendant FedEx of all of the details of the subject incident; (2) Defendant FedEx saw many bullet holes inside the back of Plaintiff's work van and the packages; (3) a bullet fragment was also found in the back of the van; (4) Defendant FedEx told Plaintiff not to speak with any news outlets regarding the subject incident; and (5) Plaintiff informed Defendant FedEx that he was experiencing negative mental and emotional effects due to the subject incident and was uncomfortable being designated the route that included the Junior Trail neighborhood.

Although Defendant FedEx knew all of the above details of the subject incident; **and** Plaintiff explicitly advised Defendant FedEx, **multiple times**, that he experienced negative and debilitating emotional distress as a result of the incident, Defendant FedEx **still forced** Plaintiff to experience distress and subjected Plaintiff to dangerous conditions by impelling Plaintiff, **multiple times**, to work the same route where the traumatic incident occurred. Moreover, Defendant FedEx attempted to coerce Plaintiff into delaying filing any charges with the BPD, by attempting to force

8

Plaintiff to work the same route where the subject incident occurred, and by demanding more than once that Plaintiff return to work following the subject incident. Additionally, due to the subject incident Plaintiff was unable to work and Defendant FedEx ensured that Plaintiff was off work **without pay**. Defendant FedEx's actions were so egregious that the terms and conditions of Plaintiff's employment were thereby altered; **and** Defendant FedEx's actions were motivated by Plaintiff's race.

Thus, Defendant FedEx is liable for creating a hostile work environment. Defendant FedEx's unlawful discriminatory conduct constitutes a willful and wanton violation of 42 U.S.C. Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights. Plaintiff seeks justice for the injuries sustained as result of the actions of Defendant FedEx. As such, Plaintiff's *Motion for Leave to Amend Complaint* should be granted.

## **CONCLUSION**

Defendant FedEx **simply reasserts** the arguments made in its *Motion to Dismiss*. As Defendant FedEx would suffer no prejudice if the motion was granted; **and** Plaintiff reasonably seeks to ensure he receives justice and compensation for all actions by Defendant FedEx that caused Plaintiff's injuries, Plaintiff's *Motion for Leave to Amend Complaint* should be granted.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this Honorable Court will grant Plaintiff's *Motion for Leave to Amend Complaint*. Plaintiff also prays for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 10th day of May 2023.

**D'MONTERRIO GIBSON**

/s/ Carlos Moore
CARLOS MOORE, MSB #100685

**OF COUNSEL:**
**THE COCHRAN FIRM**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**cmoore@cochranfirm.com**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing pleading was transmitted via ECF to all counsel of record.

**This the 10th day of May 2023.**

/s/ Carlos Moore
Carlos Moore, MSB #100685