UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

D'MONTERRIO GIBSON                                                                              PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:23-CV-54-DPJ-FKB

FEDERAL EXPRESS CORPORATION, ET AL.                                              DEFENDANTS

ORDER

Plaintiff D'Monterrio Gibson was working as a delivery carrier for Defendant Federal Express Corporation (FedEx) when father-son Defendants Gregory and Brandon Case shot at and chased him out of their Brookhaven, Mississippi, neighborhood. The Cases were arrested eight days later; Gibson then sued the Cases, FedEx, the City of Brookhaven, and its Chief of Police Kenny Collins. Those parties seek dismissal, and Gibson asks for leave to amend his Complaint.

The Cases' alleged conduct is deplorable. But Gibson fails to state a viable claim against FedEx for which the Court would have original jurisdiction; his Proposed Amended Complaint is no better. As for the state-law claims, the Court declines to exercise supplemental jurisdiction and grants the joint Motion to Dismiss [12] filed by the City and Chief Collins without prejudice. FedEx's Motion to Dismiss [19] is granted, but the state-law claims are dismissed without prejudice. Gibson's motion seeking leave to amend [34] is denied.

I.  Facts and Procedural Background

On January 24, 2022, Gibson was delivering packages for FedEx in Brookhaven's Junior Trail neighborhood. Compl. [1] ¶ 12. After delivering a package to a residence and returning to his van, Gibson spotted a truck speeding toward him from behind. *Id.* ¶ 13. The driver of the

truck, Gregory Case, was honking the horn while speeding around Gibson's van to cut him off. *Id.* ¶¶ 13–14. Gibson, however, maneuvered around the truck and continued driving. *Id.* ¶ 14.

At this point, Gibson saw Brandon Case in the middle of the street—waving a firearm in his direction and motioning for him to stop his van. *Id.* ¶ 15. When Gibson refused and continued driving, Brandon shot at Gibson. *Id.* ¶¶ 15–16. Brandon then joined Gregory in the truck, and together they chased Gibson through the neighborhood. *Id.* ¶ 17. Fortunately, Gibson lost them, found a safe area to stop, contacted his supervisor to explain what happened, and asked him to call the police. *Id.* ¶ 18.

Gibson's supervisor recommended calling the police the next day, but Gibson decided not to wait. *Id.* ¶ 19. Gibson then went to the Brookhaven Police Department (BPD) where an officer took his report. *Id.* ¶ 20. The officer told Gibson that he would give the report to Chief Collins the following morning and that Gibson should return to the station then with his supervisor. *Id.* When Gibson returned to the FedEx office, his coworker Cressa inspected his van, took photos, and observed bullet holes in the back of his van and in packages. *Id.* ¶ 22. She also found a bullet fragment in the van. *Id.*

The next day, on January 25, 2022, Gibson returned to work at FedEx. *Id.* ¶ 23. FedEx asked him not to speak with any news outlets and assigned him the same route he worked the day before. *Id.* While Gibson tried to complete the route, he experienced "severe panic and anxiety," and informed FedEx that he was uncomfortable working. *Id.* ¶ 24. Then, Gibson and his supervisor went to BPD to give a statement. *Id.* ¶ 25. BPD took Gibson back to the scene and questioned people in the area about what happened. *Id.*

After meeting with BPD, Gibson and his supervisor returned to FedEx; Gibson was again asked to complete his route, and he again told his supervisor he was uncomfortable doing so. *Id.*

¶ 26. On January 26, 2022, Gibson began medical leave due to "severe anxiety." *Id.* ¶ 27. FedEx gave him two weeks off work without pay and eight paid therapy sessions. *Id.*

Meanwhile, BPD and Chief Collins allowed Gregory and Brandon to turn themselves in eight days later. *Id.* ¶ 28. Brandon was charged with aggravated assault, and Gregory was charged with conspiracy. After being held in police custody for one hour, both were released on bond the same day. *Id.* Gibson alleges that BPD and Chief Collins have "delayed the process of securing justice." *Id.* ¶ 29.

Gibson sued Defendants on January 20, 2023, asserting that FedEx discriminated against him based on his race in violation of 42 U.S.C. § 1981. His remaining claims against FedEx and the other defendants all arise under state law. As discussed above, the case is now before the Court on the City and Chief Collins's Motion to Dismiss [12], FedEx's Motion to Dismiss [19], and Gibson's Motion for Leave to File his Amended Complaint [34]. Briefing is closed.

The Court will first consider whether Gibson states a claim against FedEx under § 1981. That is the only federal claim he pleads and the only claim for which the Court has original jurisdiction. After that, the Court will examine supplemental jurisdiction over the state-law claims.

II.     FedEx's Motion to Dismiss § 1981 Claim

   A.    Standard

FedEx seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). To avoid dismissal, a plaintiff must have pleaded "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

For this inquiry, "court[s] accept 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Thus, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Ultimately, the standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

B.   Analysis

Gibson says FedEx discriminated against him based on his race, a claim he pursues under § 1981. Compl. [1] ¶¶ 31–34. That section states that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. To establish a race-discrimination claim under § 1981, Gibson must show that he

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*Morris v. Town of Indep.*, 827 F.3d 396, 400 (5th Cir. 2016) (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 319–20 (5th Cir. 2014)). FedEx argues that Gibson fails to plausibly plead the third

4

and fourth elements—an adverse employment action and causation.  As to the latter, "§ 1981 requires . . . but-for causation."  *Williams v. Waste Mgmt., Inc.*, 818 F. App'x 315, 325 (5th Cir. 2020) (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020)).

**Adverse employment action.**  FedEx first says that Gibson has not plausibly pleaded an adverse employment action.  Def.'s Mem. [20] at 10.  "For Title VII and § 1981 discrimination claims, [the Fifth Circuit has] held that adverse employment actions consist of 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating."  *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 560 (5th Cir. 2007)).  FedEx asserts that it merely asked Gibson to "perform his normal work route," Def.'s Mem. [20] at 11, and did nothing to "alter the terms, conditions, or privileges of his work environment," *id.* at 11–12.

Gibson gives a slight response, arguing first that "FedEx attempted to coerce [him] into delaying filing any charges with the BPD."  Pl.'s Mem. [33] at 9.  But that would not change the terms and conditions of his employment.  He also argues that FedEx "demanded . . . that [he] work in . . . [the] dangerous conditions" "where the subject traumatic incident occurred."  *Id.* at 9.  In other words, he says FedEx made him continue in his current position.  Gibson offers neither legal authority nor analysis explaining why that constitutes an ultimate employment decision, and he never addresses FedEx's supporting authority or legal arguments.  Absent a more substantive response, the Court agrees with FedEx.

**Causation.**  Even if Gibson could show an adverse employment action, FedEx argues that he fails to plausibly show causation or that "he was treated differently than non-African American employees."  Def.'s Mem. [20] at 12.  As discussed above, Gibson must show he "was

5

replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Morris*, 827 F.3d at 400 (quoting *Willis*, 749 F.3d at 319–20). So Gibson "must identify . . . comparators and '[allege that they] were similarly situated employees.'" *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 827 (5th Cir. 2022) (quoting *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 515 (5th Cir. 2001)).

At most, Gibson pleaded that he "was racially discriminated against in violation of [§ 1981]" and that FedEx "subject[ed] him to disparate treatment because of his race." Compl. [1] ¶¶ 30, 32. Gibson neither identifies someone who was treated better nor mentions any other facts indicative of racial discrimination. And though FedEx harps on this point in its opening memorandum, Def.'s Mem. [20] at 12–13, Gibson ignores it in response, stating simply that FedEx "subjected [him] to disparate treatment . . . because of his race," Pl.'s Mem. [33].

Simply put, no *facts* suggest that Gibson's race had anything to do with how FedEx treated him. "[B]ald allegations" are never entitled to the presumption of truth, *Iqbal*, 556 U.S. at 663, and "'naked allegation[s]' of discriminatory intent are too conclusory to survive a motion to dismiss," *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (quoting *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (affirming dismissal of defendants for whom plaintiff offered no examples of better treatment for similarly situated non-minorities)); *see also Buchanan v. CCA/Tallahatchie Cnty. Corr. Facility*, 704 F. App'x 307, 308 (5th Cir. 2017) (affirming dismissal of race-discrimination claim because plaintiff merely "asserted that the [defendant] discriminated against her based on race" without offering factual support). Indeed, "a subjective belief of discrimination, however genuine, [may not] be the basis

of judicial relief." *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999) (quoting *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983)).

So even assuming Gibson has pleaded an ultimate employment decision, his race-based discrimination claim under § 1981 would still fail under Rule 12(b)(6) because he has not plausibly pleaded causation.

III.    Gibson's Motion for Leave to Amend

After Defendants moved to dismiss, Gibson moved to amend his Complaint. Pl.'s Mot. [34] ¶¶ 5, 8. As this Court often notes, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing. Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable." *Wilborn v. Holmes Cnty.*, No. 3:22-CV-187-DPJ-FKB, 2023 WL 2335381, at *4 (S.D. Miss. Mar. 2, 2023) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (allowing plaintiff to seek leave to amend after granting Rule 12(b)(6) motion)).

   A.    Standard

Federal Rule of Civil Procedure 15(a) governs motions to amend and states that "[t]he court should freely give leave [to amend] when justice so requires." That said, a district court may deny a motion to amend where amendment would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Amendment would be futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873. So, the Court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)" to the motion to amend. *Id.* (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). Because the § 1981 claim against FedEx is the only claim creating original jurisdiction, the Court starts there.

7

B.      Analysis

Gibson's Proposed Amended Complaint includes stylistic changes and other amendments that do not impact this analysis.[1]  Relevant here, he now pleads a new § 1981 hostile-work-environment claim against FedEx, Proposed Am. Compl. [34-1] ¶¶ 37–43, claims that FedEx "forced [him] to work" after he said "he was uncomfortable working due to the subject incident," *id.* ¶ 24, and clarifies that his medical leave was "without pay," *id.* ¶ 29.

**Disparate Treatment.**  These changes do not alter the Court's conclusion that Gibson fails to plausibly plead an adverse employment action—an essential elements of his § 1981 race-discrimination claim.  But the more obvious problem is Gibson's inability to show he "was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group."  *Morris*, 827 F.3d at 400.  As discussed earlier, he "must identify . . . comparators and '[allege that they] were similarly situated employees.'"  *Owens*, 33 F.4th at 827 (quoting *Okoye*, 245 F.3d at 515).  The Proposed Amended Complaint offers no new facts suggesting that Gibson could meet that requirement.  Nor does it add any other facts indicating that his race was the reason for FedEx's actions.  *See Buchanan*, 704 F. App'x at 308 (affirming dismissal of race-discrimination claim because plaintiff merely "asserted that the [defendant] discriminated against her based on race" without offering factual support).  The motion for leave to amend the disparate-treatment claim is therefore denied.

**Hostile Work Environment.**  The new hostile-work-environment claim fares no better.  Like the disparate-treatment claim, Gibson must show that "the harassment complained of was

---

[1] Nor does it affect the Court's decision to decline supplemental jurisdiction over the other defendants, see below, because there are no federal-question claims brought against them in the Proposed Amended Complaint.

based on his membership in the protected group." *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399–400 (5th Cir. 2021). Here again, Gibson offers no new facts suggesting that race played a role. The only thing he says about race in this hostile-work-environment claim is that "Defendant FedEx forced Plaintiff to return to work on the same dangerous route the following day, *intentionally discriminating against Plaintiff because of his race*, creating a hostile work environment." Proposed Am. Compl. [34-1] ¶ 9 (emphasis added). But courts "do not accept as true" such "conclusory allegations." *Gentilello*, 627 F.3d at 544 (quoting *Plotkin*, 407 F.3d at 696).[2]

Finally, the Court will not invite another opportunity to amend. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Gibson knew what was missing when he read FedEx's initial memorandum. And he knew that he might have just one chance to amend. *See* Pl.'s Mem. [31] at 5 (noting that courts often grant one opportunity to amend). None of his related briefs suggest that he could say more if given another opportunity, nor do they "state any material facts he would . . . include[] in [a third] amended complaint." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Shope v. Tex. Dep't of Crim. Justice*, 283 F. App'x 225, 226 (5th Cir. 2008)). The Court therefore concludes that Gibson has pleaded his "best case" for racial discrimination. *Id.* (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). His motion for leave to amend is denied, and the § 1981 claims against FedEx are dismissed with prejudice.

---

[2] Because the Proposed Amended Complaint offers no facts making a race-based hostile-work-environment claim plausible, there is no need to address FedEx's alternative argument that the conduct was insufficiently severe or pervasive. Def.'s Resp. [40] at 12–14.

IV.     Supplemental Jurisdiction

Gibson's § 1981 claim against FedEx creates federal-question jurisdiction under 28 U.S.C. § 1331.  All other claims depend on state law, *see* Pl.'s Mem. [31] at 5, and Gibson has not asserted diversity jurisdiction under 28 U.S.C. § 1332.  Thus, the now-dismissed § 1981 claim against FedEx is the only claim for which original jurisdiction exists.

Though the state-law claims fall beyond the Court's original jurisdiction, supplemental jurisdiction exists if those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "The question under section 1367(a) is whether the supplemental claims are so related to the original claims . . . that they 'derive from a common nucleus of operative fact.'"  *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting 28 U.S.C. § 1367(a)).

The state-law claims against FedEx for negligent infliction of emotional distress and intentional infliction of emotional distress arise under a "common nucleus of operative facts" as the § 1981 claim, thus creating supplemental jurisdiction.  *Mendoza*, 532 F.3d at 346.  But the City and Collins say the same is not true for the claims against them.  Defs.' Mem. [13] at 9–10 (quoting *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 221 (5th Cir. 2012)).  Gibson essentially ignores their argument, and it seems compelling.

But even assuming supplemental jurisdiction exists as all state-law claims, the Court may still decline to exercise it if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original

>  jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  In determining whether to decline supplemental jurisdiction, the Court must consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."  *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999); *see also Mendoza*, 532 F.3d at 346 (noting that "no single factor is dispositive").

"A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).  Still, the Fifth Circuit's "'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial."  *Batiste*, 179 F.3d at 227 (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)).

As noted, the Court has dismissed the § 1981 claim against FedEx, and the general rule otherwise makes sense here.  This case is in the pleading stage, so little has happened in this Court.  Also, Gibson's state-law claims against the City and Chief Collins appear to be novel.  There's also a close question whether his intentional-infliction-of-emotional-distress claim against FedEx (at least as pleaded in the Proposed Amended Complaint) would survive the Mississippi Workers Compensation Act's exclusivity provision.  Miss. Code Ann. § 71-3-9.  "As the Supreme Court has emphasized, '[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'"  *IntegraNet Physician Res., Inc. v. Tex. Indep. Providers, L.L.C.*, 945 F.3d 232, 243 (5th Cir. 2019) (quoting *Parker & Parsley Petroleum Co. v. Dresser*

11

*Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)), *overturned on other grounds by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) (en banc).  For these reasons, the Court declines to exercise supplemental jurisdiction over the state-law claims against all Defendants and dismisses those claims without prejudice.[3]

IV.     Conclusion

The Court has considered all arguments; those not discussed would not change this result.  The City and Collins's Motion to Dismiss [12] is granted, though dismissal is without prejudice; FedEx's Motion to Dismiss [19] is granted with prejudice as to the § 1981 claim and without as to the state-law claims; Gibson's Motion for Leave to File his Amended Complaint [34] is denied.  The Court likewise declines supplemental jurisdiction over the claims against the Cases, sua sponte, and dismisses them without prejudice to refiling in state court.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court acknowledges a procedural quirk regarding Chief Collins.  In Gibson's response to the motion to dismiss, he concedes his claims against Chief Collins, but in the next sentence, he alternatively seeks leave to amend.  *See* Pl.'s Mem. [31] at 5.  His Proposed Amended Complaint then includes claims against Collins.  Because the Court declines supplemental jurisdiction, it will not reach the merits of those claims.  If Gibson refiles his claims against Collins in state court, that judge can decide whether Gibson waived them.